ROBERT A. WEIKERT (State Bar No. 121146)
VERONICA COLBY DEVITT (State Bar No. 79955)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3601
Telephone: 415-371-1200
Facsimile: 415-371-1211
vdevitt@thelen.com
raweikert@thelen.com

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XTENDED BEAUTY, INC., a California Corporation,

Plaintiff,

v.

XTREME LASHES, LLC, a Texas Limited Liability Corporation; and JOUMANA MOUSSELLI, an individual,

Defendants.

CASE NO: C 07 3391

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff XTENDED BEAUTY, INC. ("XTENDED BEAUTY") hereby alleges as follows:

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

1. This Court has subject matter jurisdiction over this action pursuant to 38 U.S.C. § 1338(a) (action arising under an Act of Congress relating to trademarks and copyrights).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events or omissions giving rise to the claim brought herein occurred in this judicial district, and both defendants are subject to personal jurisdiction here.

3. Pursuant to Local Rule 3-2(d), this action is properly filed in the San Francisco-Oakland Division because a substantial part of the events or omissions giving rise to the claim brought herein occurred in the City of Hayward, Alameda County.

## THE PARTIES

4. At all pertinent times herein, Plaintiff XTENDED BEAUTY was and is a corporation, organized and existing under the laws of the State of California, with its principal place of business at 2707 McCone Avenue, Hayward, California.

5. XTENDED BEAUTY is informed and believes, and on that basis alleges, that at all pertinent times herein Defendant XTREME LASHES was and is a limited liability corporation, organized and existing under the laws of the State of Texas, with its principal place of business at 24127 West Hardy Road, Suite B, C, & D, Spring, Texas. XTENDED BEAUTY is informed and believes, and on that basis alleges, that XTREME LASHES and MOUSSELLI are doing business in California, including in this judicial district.

6. At all times mentioned herein, each defendant was the agent, servant and employee of the remaining defendants, and at all times each defendant was acting within the course and scope of said agency and employment.

## FACTUAL BACKGROUND

7. Plaintiff XTENDED BEAUTY is engaged in the business of selling semi-permanent eyelash extensions and related products and services. XTENDED BEAUTY'S products and services are sold primarily to distributors and wholesalers for the beauty and spa industry, and also to beauty salons, spa operators, and lash extension professionals.

8. Defendants XTREME LASHES and MOUSSELLI are also engaged in the business of selling semi-permanent eyelash extensions and related products and services. XTREME LASHES' products and services are primarily sold through a network of "certified trainers" developed and trained by XTREME LASHES.

9. Plaintiff XTENDED BEAUTY is informed and believes, and on that basis alleges, that Defendant MOUSSELLI is the owner of an Intent To Use application for the alleged mark "XTREME LASHES" (Ser. No. 78707172); an Intent To Use application for the alleged mark

1  "EXTEND YOUR BEAUTY" (Ser. No. 78698231); and an Intent To Use application for the
2  alleged mark "XTREME BEAUTY" (Ser. No. 78914879).

3      10. On or about June 20, 2007, XTENDED BEAUTY received a letter from Karen B.
4  Tripp, counsel for DEFENDANTS. A true and correct copy of this letter is attached hereto as
5  Exhibit A and incorporated by reference as though fully set forth herein.

6      11. By way of Ms. Tripp's letter, DEFENDANTS assert, *inter alia*, that XTENDED
7  BEAUTY's use of the "XTENDED BEAUTY" mark "constitutes the use of a misleading
8  representation, or false advertising," and has already caused actual [consumer] confusion," all in
9  "violation of 15 U.S.C. § 1125(a)(1)" and Texas state law (Section 16.29 of the Texas Business &
10  Commerce Code).

11      12. Ms. Tripp's letter further states that if XTENDED BEAUTY does not immediately
12  stop using the "XTENDED BEAUTY" tradename and mark, and provide written confirmation of
13  same by noon (Central Daylight Time) on June 30, 2007, "I will take legal action to protect my
14  client's (sic) valuable trademarks and service marks, which will include filing suit against your
15  business, asking for a TRO and a preliminary injunction." In addition, Ms. Tripp states that "[i]f I
16  am forced to file suit against your business, I will not abandon my clients' cause of action until I
17  have obtained attorneys' fees, a settlement agreement, and a final judgment in my client's (sic)
18  favor."

### FIRST CLAIM FOR RELIEF

**(For Declaratory Relief)**

21      13. XTENDED BEAUTY repeats and realleges paragraphs 1 to 12, inclusive, of this
22  complaint as though fully set forth herein.

23      14. This claim for relief is for a declaratory judgment pursuant to the Declaratory
24  Judgment Act, 28 U.S.C. § 2201 *et seq.*, for the purpose of determining a question of actual
25  controversy between the parties, as hereinafter more fully described. Further, Ms. Tripp's letter of
26  June 19, 2007, and the explicit threats of litigation contained therein, have created a reasonable
27  apprehension on the part of XTENDED BEAUTY that it will be subjected to suit for trademark
28  infringement, unfair competition, and other claims.

15. An immediate, substantial, and actual controversy exists between XTENDED BEAUTY and DEFENDANTS regarding, *inter alia*, whether XTENDED BEAUTY is in violation of 15 U.S.C. § 1125 (a). XTENDED BEAUTY contends that its use of the "XTENDED BEAUTY" tradename and mark does not violate 15 U.S.C. § 1125 (a), or any other statute or law, and that XTENDED BEAUTY has not infringed or violated any of DEFENDANTS' alleged rights. As set forth in Ms. Tripp's letter of June 19, 2007, DEFENDANTS contend otherwise.

16. For the reasons described above, XTENDED BEAUTY has a reasonable apprehension of suit for trademark infringement based on DEFENDANTS' explicit threats of suit and XTENDED BEAUTY's intention to continue using the "XTENDED BEAUTY" mark and tradename.

17. A judicial declaration is therefore necessary and appropriate at this time under the circumstances in order that XTENDED BEAUTY may ascertain its own rights and duties, and those of DEFENDANTS, with respect to XTENDED BEAUTY's use of its "XTENDED BEAUTY" mark and tradename.

18. A declaration of the rights and liabilities of the parties with respect to XTENDED BEAUTY's use of the "XTENDED BEAUTY" mark and tradename will terminate the controversy giving rise to this action, and no sufficient alternative remedies, at law or otherwise, exist for the resolution of this controversy. Therefore, the Court should exercise its broad discretion and grant declaratory relief in this action.

WHEREFORE, XTENDED BEAUTY prays for judgment as set forth below.

**PRAYER FOR RELIEF**

1. For a declaration and order that XTENDED BEAUTY's use of its "XTENDED BEAUTY" mark and tradename does not violate 15 U.S.C. § 1125(a), or any other statute and law, and that such use does not infringe any of DEFENDANTS' alleged rights;

2. Attorneys' fees and costs incurred in this action as provided by law; and

//
//
//

1  3. For such other and further relief as the Court deems just and proper.

2  Dated: June 27, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By _____
ROBERT A. WEIKERT
VERONICA COLBY DEVITT

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

# EXHIBIT A

**Karen B. Tripp**
*Attorney at Law*
P.O. Box 1301
Houston, Texas 77251-1301
(713) 658-9323 phone
(713) 658-9410 fax
ktripp@tripplaw.com


June 19, 2007

*By U. S. Express Mail*
*by U.S. Certified Mail, RRR*
*and by Regular First Class Mail*

Mr. Rex Lao
Xtended Beauty, Inc.
2707 McCone Ave.
Hayward, CA 94545

Re:   Trademark Confusion Caused by "Xtended Beauty"

Dear Mr. Lao:

I represent Joumana Mousselli and Xtreme Lashes, Inc., with respect to their trademarks XTREME LASHES, EXTEND YOUR BEAUTY, AND XTREME BEAUTY. It has recently come to our attention that your business has been using the "Xtended Beauty" mark in a manner that implies that your services and products are associated with my clients.

Not only is the mark Xtended Beauty confusingly similar in appearance to my clients' marks, for similar cosmetic products and services, particularly related to eyelash extensions, but we understand that you have been using a color scheme and related trade dress similar to that of my clients at one or more trade shows.

As a result of years of use and promotion, my clients' marks have acquired substantial recognition and goodwill as designating <u>my clients'</u> business, products, and services.

Your business's misleading use of the "Xtended Beauty" mark, as mentioned above, has already caused actual confusion, and is likely to cause more confusion as to your business's affiliation with my client. Your business's misleading use of the "Xtended Beauty" mark constitutes the use of a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a)(1), which provides:

Mr. Rex Lao
June 19, 2007
Page 2

> Any person who, on or in connection with any goods or service, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false misleading representation of fact, which - (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, character, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In addition, your business's inaccurate use of the "XTENDED BEAUTY" mark also constitutes injury to and dilution of my client's trade name, trademarks, and service marks under § 16.29 of the Texas Business & Commerce Code, which provides in pertinent part:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

This is commonly known as the Texas anti-dilution statute, which became effective June 14, 1989. Regarding this state law, a federal court in Houston has stated that "§ 16.29 offers broader protection for Plaintiff's service marks than federal law because it authorizes relief 'regardless of whether there is competition between two parties or confusion as to the source of goods or services'." *Service Merchandise v. Service Jewelry Stores*, 737 F. Supp. 983, 999 (S.D. Tex. 1990).

**In order to protect my client's name, I request that you <u>immediately</u> stop referring to your business using the "Xtended Beauty" name and/or mark as a part of any presentation.**

This request applies to any and <u>all</u> advertising of your business, now and in the future, such as in the newspaper, or by way of stationery, business cards, signs and packaging; your corporate name; any "doing business as" (d.b.a.) or assumed name, **and especially all uses of "Xtended Beauty" on the internet.**

On or before noon, Central Daylight Time, on June 30, 2007, I need a letter from you assuring me of your immediate compliance. Included with such letter, I need proof that you have taken all reasonable efforts to stop using "Xtended Beauty" in connection with your extended eyelash business.

Mr. Rex Lao
June 19, 2007
Page 3

If I do not receive such a letter, I will take legal action to protect my client's valuable trademarks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction. If I am forced to file suit against your business, I will not abandon my clients' cause of action until I have obtained attorneys' fees, a settlement agreement, and a final judgment in my client's favor.

This letter serves as your notice that your continued use of the "Xtended Beauty" name is <u>clear</u> evidence that you <u>willfully</u> intend to either trade on my client's reputation, or dilute my clients' famous marks.

Please feel free to call me if you have any questions.

Sincerely yours,

*Karen Tripp*

Karen B. Tripp

cc:   Joumana Mousselli
      Xtreme Lashes, Inc.