1  E. JEFFREY BANCHERO (SBN 93077)
   SCOTT R. RABER (SBN 194924)
2  KASTNER | BANCHERO LLP
3  20 California Street, 7th Floor
   San Francisco, California 94111
4  Telephone: (415) 398-7000
   Facsimile: (415) 616-7000
5  Mr. Banchero's email: ejb@kastnerbanchero.com
   Mr. Raber's email:  srr@kastnerbanchero.com
6
7  Howard L. Steele (Texas SBN 24002999)
   Charles A. Sturm (Texas SBN 24003020)
8  (admissions *pro hac vice* pending)
   STEELE STURM, P.L.L.C.
9  1000 Louisiana, Suite 3780
   Houston, Texas 77002
10 Telephone: (713) 659-2600
   Facsimile: (713) 659-2601
11 Mr. Steele's email:  hsteele@steelesturm.com
12 Mr. Sturm's email:  csturm@steelesturm.com

13 Attorneys for Defendants
   XTREME LASHES, LLC and JOUMANA MOUSSELLI
14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17
   XTENDED BEAUTY, INC., a California      )   CASE NO. C 07-03391 MJJ
18 Corporation,                            )
                                           )
19            Plaintiff(s),                )   **REQUEST FOR JUDICIAL NOTICE**
                                           )
20    v.                                   )
                                           )   Date:  September 11, 2007
21 XTREME LASHES, LLC, a Texas Limited     )   Time:  9:30 a.m.
22 Corporation; and JOUMANA MOUSELLI, an   )   Dept.:  11
   Individual,                             )   Judge:  Hon. Martin J. Jenkins
23                                         )
              Defendant(s).                )
24 _____)

25

26

27 / / /

28 / / /

**REQUEST FOR JUDICIAL NOTICE**                          **Case No.: C 07-03391 MJJ**
XTREME Lashes\Request for Judicial Notice.doc

1       Defendants XTREME LASHES, LLC and JOUMANA MOUSSELLI, by and through their

2  attorneys, hereby request the Court to take judicial notice, pursuant to Federal Rule of Evidence

3  201, of the following documents, the contents of which are capable of accurate and ready

4  determination by resort to sources whose accuracy cannot reasonably be questioned.

5      1.     The Complaint entitled *XTREME LASHES LLC and Joumana Mouselli v.*

6           *XTENDED BEAUTY, INC.*, Civ. Action No. H 07-2460 (United States District

7           Court, S.D. Tex., Houston Div.), attached hereto as Exhibit A.

8      2.     Notice of Suspension, Serial No. 77/015855. issued by the United States Patent and

9           Trademark Office, attached hereto as Exhibit B.

10  DATED: July 31, 2007           STEELE STURM, P.L.L.C.

11                        KASTNER | BANCHERO LLP

13                        By:

14                           Scott R. Raber

15                      Attorneys for Defendants

16                      XTREME LASHES, LLC and

                           JOUMANA MOUSSELLI

**REQUEST FOR JUDICIAL NOTICE**
XTREME Lashes\Request for Judicial Notice.doc           Case No.: C 07-03391 MJJ

EXHIBIT A



United States Courts
Southern District of Texas
FILED

JUL 2 7 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XTREME LASHES LLC AND JOUMANA MOUSSELLI, | § § § | CIVIL ACTION NO: _____ |
| Plaintiffs | § § | H 06-2460 |
| V. | § § | H 07-2460 |
| XTENDED BEAUTY INC. | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs XTREME LASHES LLC ("XTREME LASHES") and Joumana Mousselli ("Mousselli") (collectively referred to herein as "Plaintiffs"), bring this action and would respectfully show the Court as follows:

### I.
### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Venue is proper in the Southern District of Texas as that is where a substantial part of the events or omissions giving rise to the claims brought herein occurred.

### II.
### THE PARTIES

2.      XTREME LASHES is a limited liability corporation, organized and existing under the laws of the State of Texas, with its principal place of business in Spring, Texas.

3.      Mousselli is an individual residing in Harris County, Texas.

-1-

4.    XTENDED BEAUTY is a corporation organized and existing under the laws of the State of California, with its principal place of business in Hayward, and may be served by serving its registered agent, Rex Lao, 2707 McCone Avenue, Hayward, California 94545.

### III.
### FACTUAL BACKGROUND

5.    Plaintiffs and Defendant are both in the business of eyelash extension products. In that regard, Plaintiffs have filed intents to register the trademarks of XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY, and have been using those marks in commerce.

6.    Because Defendant is improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant is causing consumer confusion, mark dilution and is unfairly competing with Plaintiffs. As a result, Plaintiffs' attorney forwarded Defendant a "cease and desist" letter on June 19, 2007, attached hereto as Exhibit 1. The letter demanded that Defendant stop using the confusing and similar mark, and set a deadline of June 30, 2007, for Defendant's written assurances that the confusing and similar mark would no longer be used by Defendant. The letter indicated that if no written assurances were received by June 30, 2007, Plaintiffs would file a suit to protect Plaintiffs' trade and service marks.

7.    On June 28, 2007, Defendant's counsel responded to the "cease and desist" letter, attached hereto as Exhibit 2. The response indicated that Defendant had filed suit against Plaintiffs seeking declaratory relief that they had not infringed on or violated Plaintiffs' rights.[1] Furthermore, Plaintiffs learned that on June 21, 2007, after receipt of the "cease and desist"

---

[1] That suit was brought in bad faith as an anticipatory suit, and is the subject of a Motion to Dismiss, or in the Alternative, Motion to Transfer Venue.

-2-

letter, Defendant filed a trademark application for XTENDED BEAUTY. Defendant's counsel's letter conceded that Plaintiffs' application had been filed first.

## IV.
## CAUSE OF ACTION: DECLARATORY RELIEF

8.    Plaintiffs repeat and reallege paragraphs 1 to 7, inclusive, of this claim, as though fully set forth herein.

9.    Plaintiffs make a claim for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for the purpose of determining a question of actual controversy between the parties. Following the receipt of the "cease and desist" letter, Defendant responded by filing suit in California in bad faith seeking declaratory relief, and filing an application for the XTENDED BEAUTY mark. Therefore, an actual controversy exists.

10.    Plaintiffs seek a judicial declaration that Defendant's use, designation and advertising of the offending mark has infringed on and violated Plaintiffs' rights.

## V.
## CAUSE OF ACTION: TRADEMARK INFRINGEMENT 15 U.S.C. 1114(1)

11.    Plaintiffs repeat and reallege paragraphs 1 to 10, inclusive, of this claim, as though fully set forth herein.

12.    Defendant has committed trademark infringement pursuant to 15 U.S.C. § 1114(1). Defendant's use, designation and advertisement of the XTENDED BEAUTY mark has and will continue to cause consumer confusion as to the origin of the parties' respective goods. Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

13.    Defendant has acted willfully in committing the trademark infringement on Plaintiffs.

14.    As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

**VI.**
**CAUSE OF ACTION: UNFAIR COMPETITION 15 U.S.C. 1125**

15.    Plaintiffs repeat and reallege paragraphs 1 to 14, inclusive, of this claim, as though fully set forth herein.

16.    Defendant has unfairly competed with Plaintiffs pursuant to 15 U.S.C. § 1125. Defendant's use, designation and advertisement of the XTENDED BEAUTY mark amounts to unfair competition that has and will continue to cause consumer confusion as to the origin of the parties' respective goods.  Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

17.    Defendant has acted willfully in unfairly competing with Plaintiffs.

18.    As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

**VII.**
**CAUSE OF ACTION: COMMON LAW UNFAIR COMPETITION**

19.    Plaintiffs repeat and reallege paragraphs 1 to 19, inclusive, of this claim, as though fully set forth herein.

20.    Defendant's use, designation and advertisement of the XTENDED BEAUTY mark amounts to unfair competition that has and will continue to cause consumer confusion as to the origin of the parties' respective goods.  Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

-4-

21.    Defendant has acted willfully in unfairly competing with Plaintiffs.

22.    As a result, Plaintiffs have incurred injuries and is entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

**VIII.**
**CAUSE OF ACTION: TRADEMARK DILUTION 15 U.S.C. § 1125**

23.    Plaintiffs repeat and reallege paragraphs 1 to 22, inclusive, of this claim, as though fully set forth herein.

24.    By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has lessened Plaintiffs' ability to identify and distinguish its goods and services, and has caused consumer confusion as to the origin of the respective parties' goods. Defendant has also injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks.

25.    Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

26.    Defendant has acted willfully in unfairly competing with Plaintiffs.

27.    As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## IX.
## CAUSE OF ACTION: TRADEMARK DILUTION TEX. BUS. & COM. CODE § 16.29

28.    Plaintiffs repeat and reallege paragraphs 1 to 27, inclusive, of this claim, as though fully set forth herein.

29.    Defendant has violated the Texas Anti-Dilution Statute.  By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks, and caused consumer confusion as to the origin of the respective parties' goods.  This dilution has occurred through a blurring or tarnishing of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks which has caused a lessening of the marks' ability to distinguish between brands and/or a diminishing of Plaintiffs' good reputation of the marks.

30.    Defendant has acted willfully in unfairly competing with Plaintiffs.

31.    As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## X.
## CAUSE OF ACTION: COMMON LAW TRADEMARK DILUTION

32.    Plaintiffs repeat and reallege paragraphs 1 to 31, inclusive, of this claim, as though fully set forth herein.

33.    Defendant has violated the common law prohibition on dilution.  By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES,

EXTEND YOUR BEAUTY and XTREME BEAUTY marks, and caused consumer confusion as to the origin of the respective parties' goods. This dilution has occurred through a blurring or tarnishing of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks which has caused a lessening of the marks' ability to distinguish between brands and/or a diminishing of Plaintiffs' good reputation of the marks.

34.    Defendant has acted willfully in unfairly competing with Plaintiffs.

35.    As a result Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

### XI.
### CAUSE OF ACTION: REQUEST FOR EQUITABLE RELIEF

36.    Plaintiffs repeat and reallege paragraphs 1 to 35, inclusive, of this claim, as though fully set forth herein.

37.    For the irreparable harm and damage resulting from Defendant's actions that are occurring and may occur to Plaintiffs, but for the intervention of this Court, Plaintiffs have no adequate remedy at law. Such damages would be continuing, and to a large degree are intangible. Such damages are imminent and would be irreparable. Plaintiffs therefore request that the Court issue a temporary restraining order and temporary injunction to Defendants restraining Defendant, its agents, servants and employees, from using, designating and advertising the XTENDED BEAUTY mark. Plaintiffs additionally request that the Court issue a permanent injunction against Defendant restraining Defendant, its agents, servants and employees, from using, designating and advertising the XTENDED BEAUTY mark.

-7-

## XII.
### JURY REQUEST

38.    Plaintiffs request a jury trial.

### PRAYER

WHEREFORE, XTREME LASHES and Joumana Mousselli request that XTENDED

BEAUTY be cited to appear and answer herein, and then on final hearing, Plaintiffs have

judgment as follows:

(i)    A declaration that Defendant's use of the XTENDED BEAUTY mark infringes
on and violated Plaintiffs' rights;

(ii)    A temporary restraining order, temporary and permanent injunction enjoining
Defendant from using, designating or advertising the XTENDED BEAUTY mark;

(iii)    Economic damages;

(iv)    Lost profits;

(v)    Treble damages;

(vi)    Punitive damages;

(vii)    Reasonable and necessary attorney's fees;

(viii)    Costs of suit;

(ix)    Pre- and post-judgment interest; and

(x)    Such other and further relief to which Plaintiffs may show themselves justly
entitled.

Respectfully submitted,

STEELE STURM PLLC


_/s/ Howard L. Steele, Jr._
Howard L. Steele, Jr.
Fed. Bar ID # 21615
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

**ATTORNEY FOR PLAINTIFFS
XTREME LASHES LLC AND JOUMANA
MOUSSELLI**

OF COUNSEL:

Charles Sturm
Fed. Bar ID # 21777
Kim Goodling
Fed. Bar ID # 33873
STEELE STURM PLLC
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

EXHIBIT 1

**Karen B. Tripp**
*Attorney at Law*
P.O. Box 1301
Houston, Texas  77251-1301
(713) 658-9323 phone
(713) 658-9410 fax
ktripp@tripplaw.com

June 19, 2007

*By U. S. Express Mail*
*by U.S. Certified Mail, RRR*
*and by Regular First Class Mail*

Mr. Rex Lao
Xtended Beauty, Inc.
2707 McCone Ave.
Hayward, CA  94545

Re:     Trademark Confusion Caused by "Xtended Beauty"

Dear Mr. Lao:

I represent Joumana Mousselli and Xtreme Lashes, Inc., with respect to their trademarks
XTREME LASHES, EXTEND YOUR BEAUTY, AND XTREME BEAUTY.  It has
recently come to our attention that your business has been using the "Xtended Beauty"
mark in a manner that implies that your services and products are associated with my
clients.

Not only is the mark Xtended Beauty confusingly similar in appearance to my clients'
marks, for similar cosmetic products and services, particularly related to eyelash
extensions, but we understand that you have been using a color scheme and related trade
dress similar to that of my clients at one or more trade shows.

As a result of years of use and promotion, my clients' marks have acquired substantial
recognition and goodwill as designating my clients' business, products, and services.

Your business's misleading use of the "Xtended Beauty" mark, as mentioned above, has
already caused actual confusion, and is likely to cause more confusion as to your
business's affiliation with my client.  Your business's misleading use of the "Xtended
Beauty" mark constitutes the use of a misleading representation, or false advertising, in
violation of 15 U.S.C. § 1125(a)(1), which provides:

Mr. Rex Lao
June 19, 2007
Page 2

Any person who, on or in connection with any goods or service, or any
container for goods, uses in commerce any word, term, name, symbol, or
device, or any combination thereof, or any false designation of origin, false
or misleading description of fact, or false misleading representation of fact,
which - (A) is likely to cause confusion, or to cause mistake, or to deceive
as to the affiliation, connection, or association of such person with another
person, or as to the origin, sponsorship, or approval of his or her goods,
services, or commercial activities by another person, or (B) in commercial
advertising or promotion, misrepresents the nature, character, qualities, or
geographic origin of his or her or another person's goods, services, or
commercial activities, shall be liable in a civil action by any person who
believes that he or she is or is likely to be damaged by such act.

In addition, your business's inaccurate use of the "XTENDED BEAUTY" mark also
constitutes injury to and dilution of my client's trade name, trademarks, and service marks
under § 16.29 of the Texas Business & Commerce Code, which provides in pertinent part:

A person may bring an action to enjoin an act likely to injure a business
reputation or to dilute the distinctive quality of a mark registered under this
chapter or Title 15, U.S.C., or a mark or trade name valid at common law,
regardless of whether there is competition between the parties or confusion
as to the source of goods or services.

This is commonly known as the Texas anti-dilution statute, which became effective June
14, 1989.  Regarding this state law, a federal court in Houston has stated that "§ 16.29
offers broader protection for Plaintiff's service marks than federal law because it authorizes
relief 'regardless of whether there is competition between two parties or confusion as to the
source of goods or services'." *Service Merchandise v. Service Jewelry Stores*, 737 F.
Supp. 983, 999 (S.D. Tex. 1990).

**In order to protect my client's name, I request that you <u>immediately</u> stop
referring to your business using the "Xtended Beauty" name and/or
mark as a part of any presentation.**

This request applies to any and <u>all</u> advertising of your business, now and in the future, such
as in the newspaper, or by way of stationery, business cards, signs and packaging; your
corporate name; any "doing business as" (d.b.a.) or assumed name, **and especially all
uses of "Xtended Beauty" on the internet.**

On or before noon, Central Daylight Time, on June 30, 2007, I need a letter from you
assuring me of your immediate compliance.  Included with such letter, I need proof that
you have taken all reasonable efforts to stop using "Xtended Beauty" in connection with
your extended eyelash business.

Mr. Rex Lao
June 19, 2007
Page 3

If I do not receive such a letter, I will take legal action to protect my client's valuable trademarks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction. If I am forced to file suit against your business, I will not abandon my clients' cause of action until I have obtained attorneys' fees, a settlement agreement, and a final judgment in my client's favor.

This letter serves as your notice that your continued use of the "Xtended Beauty" name is clear evidence that you willfully intend to either trade on my client's reputation, or dilute my clients' famous marks.

Please feel free to call me if you have any questions.

Sincerely yours,

Karen B. Tripp

cc:    Joumana Mousselli
       Xtreme Lashes, Inc.

EXHIBIT 2

THELEN REID BROWN
RAYSMAN & STEINER LLP

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

Veronica Colby Devitt
415.369.7648 Direct Dial
415.369.8788 Direct Fax
vdevitt@thelen.com

*Received*
*July 2, 2007*

June 28, 2007

**VIA E-MAIL (ktripp@tripplaw.com)**
*Confirmation Copy Via Express Mail*

Karen B. Tripp, Esq.
P.O. Box 1301
Houston, TX 77251-1301

    Re:    **Xtended Beauty, Inc. v. Xtreme Lashes, Inc. and Joumana Mousselli**
              **Civil Action No. C 07-03391 JCS**

Dear Ms. Tripp:

      As counsel for Xtended Beauty, Inc. we have been asked to respond to your letter of June 19, 2007.

      At the outset please be assured that our clients respect the trademarks of others just as they wish to have their own marks respected. With this as our starting premise we have carefully considered your allegations, reviewing the content of your letter, Ms. Mousselli's pending intent to use trademark applications, and the use of the XTREME LASHES mark and the Extend Your Beauty tag line on the xtremelashes.com website. We have compared the uses of the XTREME LASHES brand and the Extend Your Beauty tag line to our client's uses of the XTENDED BEAUTY trademark on its products and the xtendedbeauty.com website.

      We are at a loss to understand the basis for the allegations.

      Both of our clients are in the business of selling eyelash extensions or extenders and related products. Both are in the "beauty business" as it is broadly defined. As such, the words "beauty" and "extend" are descriptive of the function of the products they sell.

      In spite of the allegation of "years of use and promotion" of the marks, it is noteworthy that the applications were filed as intent to use applications less than two years ago. It is possible that upon review of the specimen of use for Extend Your Beauty, the tag line will be refused registration on grounds that it is merely descriptive. If the Trademark Office examining attorney performs even a minimal internet search, she will find that your client does not even have exclusive use of the phrase in the beauty and fashion industry. If your client is entitled to claim any trademark rights in the tag line Extend Your Beauty, those rights will be very narrowly construed.

JUL-16-2007  10:47      CPCHEM                                    P.12
JUL-04-07 10:16a   Karen B. Tripp, Attorney   713-658-9410   P.11

Karen B. Tripp, Esq.
June 28, 2007
Page 2

The allegation that the XTENDED BEAUTY mark infringes the XTREME BEAUTY and XTREME LASHES marks is equally misplaced and appears to be based solely on use of an initial "X" to replace the "ex" prefix. As the records of the USPTO and a survey of contemporary marketing practices will show, this misspelling is extremely trendy and not unique to your client. As the USPTO required the word "beauty" to be disclaimed from the application for XTREME BEAUTY, your client cannot claim any exclusive right to use the term.

Since XTREME BEAUTY is still an intent to use application and we could find no use of the mark, I question whether there is even a basis for claiming any rights in the term. As I am sure you know, an intent to use application is an unperfected right which does not create a basis for filing suit.

In reference to the claim of similar trade dress, please provide some specifics, as we could find none. We understand that your client primarily markets its products in a black and gold color combination which sets a very different tone from the packaging and trade dress of the XTENDED BEAUTY products.

Calling your clients' marks "famous" does not make it so. The marks are at best descriptive and weak marks, entitled to a narrow scope of protection. We do not know when use began for XTREME LASHES or XTREME BEAUTY, if at all, or for the tag line Extend Your Beauty, but we do know that they have not achieved nationwide fame.

Based upon our analysis of the allegations, we can only conclude that they are not about trademark infringement or misleading representations or false advertising, but rather about trying to prevent competition in the lash extender market. As your client is well aware, our client has a great deal invested in its XTENDED BEAUTY line. Therefore, it is unwilling to discontinue use of the mark.

Neither of our clients want confusion in the market place. Therefore, we are willing to discuss any specific trade dress concerns your client may have or suggestions for a peaceful coexistence.

Given the strident tone of your letter, we have been left with no choice but to seek declaratory relief. Enclosed please find a courtesy copy of the complaint which we will defer serving if your client is amenable to discussing settlement.

Sincerely,

Veronica Colby Devitt

Veronica Colby Devitt

VCD/mjl
cc:   Xtended Beauty, Inc.
      Robert A. Weikert, Esq.

                                                        TOTAL P.12

EXHIBIT B

| | |
|---|---|
| To: | Bath Accessories Company, Inc. (hnchung@cclg.net) |
| Subject: | TRADEMARK APPLICATION NO. 77015855 - XTENDED BEAUTY - Bath Accesso |
| Sent: | 2/26/2007 6:02:34 PM |
| Sent As: | ECOM105@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO: 77/015855

APPLICANT: Bath Accessories Company, Inc.

# *77015855*

CORRESPONDENT ADDRESS:
  HOWARD N. CHUNG
  CORPORATE COUNSEL LAW GROUP, LLP
  505 SANSOME ST STE 475
  SAN FRANCISCO, CA 94111-3152

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

If no fees are enclosed, the address should include the words
"Box Responses - No Fee."

MARK:    XTENDED BEAUTY

CORRESPONDENT'S REFERENCE/DOCKET NO: Bath Accesso

CORRESPONDENT EMAIL ADDRESS:
  hnchung@cclg.net

Please provide in all correspondence:

1.  Filing date, serial number, mark and
    applicant's name.
2.  Date of this Office Action.
3.  Examining Attorney's name and
    Law Office number.
4.  Your telephone number and e-mail address.

Serial Number   77/015855

## NOTICE OF SUSPENSION

**SUSPENSION PROCEDURE:** This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37 C.F.R. §2.67. However, the examining attorney will conduct periodic status checks and may issue inquiries at 6 month intervals from the mailing date of this notice. TMEP §716.05. If a status inquiry Office action issues, applicant will have 6 months from the mailing or e-mailing date of the status inquiry to respond. 15

U.S.C. §1062(b); 37 C.F.R. §2.62.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Action on this application is suspended pending the disposition of:

    - Application Serial No(s). **78698231**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d).  See 37 C.F.R. §2.83; TMEP §§1208 et seq.  A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension.  TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue.  If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response.  15 U.S.C. §1062(b); 37 C.F.R. §2.62.

If Applicant has questions, please contact the assigned examining attorney.

                              /ameetajordan/

                              Ameeta Jordan

                              Trademark Examining Attorney

                              Law Office 105

                              Phone:  (571) 272-8866

**Print: Feb 24, 2007**                    **78698231**

**DESIGN MARK**

**Serial Number**
78698231

**Status**
NOTICE OF ALLOWANCE - ISSUED

**Word Mark**
EXTEND YOUR BEAUTY

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Mousselli, Joumana INDIVIDUAL UNITED STATES 19314 Diamond Park Circle
Spring TEXAS 77373

**Goods/Services**
Class Status -- ACTIVE.  IC 003.  US  001 004 006 050 051 052.  G & S:
Cosmetic products intended to enhance a person's appearance, namely--
eyelash extensions; artificial eyelashes; kits consisting primarily of
artificial eyelashes, bonding agent, tweezers, scissors, alcohol pads,
instructional and promotional manual(s), brochure(s), and DVD(s) or
video(s), mascara, mascara brushes, tape, sponge, cotton tip
applicators, lash coating agent for providing a water resistant seal
around the eyelashes to enhance the life of the eyelash extensions and
applicators for the coating agent, after care instructions, and
holding case, for use in the application of eyelash extensions; refill
kits consisting primarily of artificial eyelashes, bonding agent,
alcohol pads, and mascara, for use in the application of eyelash
extensions; mascara; adhesives for false eyelashes and eyelash
extensions.

**Filing Date**
2005/08/23

**Examining Attorney**
RIRIE, VERNA BETH

# Extend Your Beauty

*** User:ajordan ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 28344 | N/A | 0 | 0 | 0:05 | *t{v:2}n{"dsz"}*[bi,ti] not dead[ld] |
| 02 | 25864 | N/A | 0 | 0 | 0:03 | *b{v:2}t*[bi,ti] not dead[ld] |
| 03 | 522 | 0 | 196 | 132 | 0:01 | 1 and 2 |
| 04 | 737 | N/A | 0 | 0 | 0:28 | *{"ckqx"}ten{"sd"}*[bi,ti] not dead[ld] |
| 05 | 4864 | N/A | 0 | 0 | 0:02 | *be{v:2}t*[bi,ti] not dead[ld] |
| 06 | 555 | 0 | 1 | 1 | 0:01 | (1 or 4) and (2 or 5) |
| 07 | 33 | 0 | 33 | 24 | 0:01 | 6 not 3 |
| 08 | 29662 | N/A | 0 | 0 | 0:03 | *b{v:3}t*[bi,ti] not dead[ld] |
| 09 | 555 | N/A | 0 | 0 | 0:01 | 8 and (1 or 4) |
| 10 | 0 | 0 | 0 | 0 | 0:01 | 9 not (3 or 7) |
| 11 | 4912 | N/A | 0 | 0 | 0:03 | "x"[bi,ti] not dead[ld] |
| 12 | 94 | 0 | 94 | 58 | 0:01 | 11 and 1 |
| 13 | 5 | 0 | 5 | 4 | 0:02 | "bath accessories"[ow] not dead[ld] |

Session started 2/24/2007 4:15:18 PM
Session finished 2/24/2007 4:26:13 PM
Total search duration 0 minutes 52 seconds
Session duration 10 minutes 55 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 77015855

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Friday, October 13, 2006 00:08 AM |
| **To:** | hnchung@cclg.net |
| **Subject:** | Notice of Pseudo Mark for Serial Number: 77015855 |
| **ATTORNEY REFERENCE NUMBER:** | Bath Accesso |

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

You are not required to respond to this notice. However, if you would like to suggest additions or changes to the pseudo mark assigned to your mark, please send an email to TMDesignCodeComments@USPTO.GOV or call 1-800-786-9199 to speak to a Customer Service representative. No fee is necessary. (Please include the serial number of your application on ALL correspondence with the USPTO.) The USPTO will review your request and update the record if appropriate.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

EXTENDED BEAUTY

# XTENDED BEAUTY




PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 08/30/2008)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number:** 77015855
**Filing Date:** 10/06/2006

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | XTENDED BEAUTY |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | XTENDED BEAUTY |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Bath Accessories Company, Inc. |
| *STREET | 2707 McCone Avenue |
| *CITY | Hayward |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 94545 |
| PHONE | 510-785-7985 |
| FAX | 510-785-7988 |
| EMAIL ADDRESS | rex@bathaccessories.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | No |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | California |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |

| | |
|---|---|
| *INTERNATIONAL CLASS | 003 |
| *FIRST USE ANYWHERE DATE | At least as early as 07/29/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 07/29/2006 |
| *DESCRIPTION | Cosmetics |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 07/29/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 07/29/2006 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT3\IMAGEOUT3\770\158\77015855\xml1\FT K0003.JPG |
| SPECIMEN DESCRIPTION | Scanned/digitally photographed label and product |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | ███████████████████ |
| *TRANSLITERATION (if applicable) | ███████████████████ |
| *CLAIMED PRIOR REGISTRATION (if applicable) | ███████████████████ |
| *CONSENT (NAME/LIKENESS) (if applicable) | ███████████████████ |
| *CONCURRENT USE CLAIM (if applicable) | ███████████████████ |
| | ███████████████████ |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Howard N. Chung |
| ATTORNEY DOCKET NUMBER | Bath Accessories |
| FIRM NAME | Corporate Counsel Law Group, LLP |
| STREET | 505 Sansome Street, Suite 475 |
| CITY | San Francisco |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 94111 |
| PHONE | 415-788-1280 |
| FAX | 415-788-4315 |
| EMAIL ADDRESS | hnchung@cclg.net |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| *NAME | Howard N. Chung |
| FIRM NAME | Corporate Counsel Law Group, LLP |

| | |
|---|---|
| *STREET | 505 Sansome Street, Suite 475 |
| * CITY | San Francisco |
| * STATE (Required for U.S. applicants) | California |
| * COUNTRY | United States |
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 94111 |
| PHONE | 415-788-1280 |
| FAX | 415-788-4315 |
| * EMAIL ADDRESS | hnchung@cclg.net |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

**FEE INFORMATION**

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

**SIGNATURE INFORMATION**

| | |
|---|---|
| * SIGNATURE | /Howard N Chung/ |
| * SIGNATORY'S NAME | Howard N Chung |
| SIGNATORY'S POSITION | Attorney |
| * DATE SIGNED | 10/06/2006 |

**FILING INFORMATION SECTION**

| | |
|---|---|
| SUBMIT DATE | Fri Oct 06 15:12:18 EDT 2006 |
| TEAS STAMP | USPTO/FTK-69.109.82.154-2 0061006151218657864-77015 855-350641eb95e89da152b20 f90604cd6208b-CC-75-20061 006144036545885 |

PTO Form 1478 (Rev 9/2006)

OMB No. 0651-0009 (Exp 09/30/2026)

**Trademark/Service Mark Application, Principal Register**

**TEAS Plus Application**

Serial Number: 77015855

Filing Date: 10/06/2006

To the Commissioner for Trademarks:

**MARK:** XTENDED BEAUTY (Standard Characters, see mark)

The literal element of the mark consists of XTENDED BEAUTY. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Bath Accessories Company, Inc., a corporation of California, having an address of 2707 McCone Avenue, Hayward, California, United States, 94545, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**

    International Class 003: Cosmetics

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S. C. Section 1126(e), as amended.

The applicant hereby appoints Howard N. Chung of Corporate Counsel Law Group, LLP, 505 Sansome Street, Suite 475, San Francisco, California, United States, 94111 to submit this application on behalf of the applicant. The attorney docket/reference number is Bath Accessories.

Correspondence Information:             Howard N. Chung
                                    505 Sansome Street, Suite 475
                                    San Francisco, California 94111
                                    415-788-1280(phone)
                                    415-788-4315(fax)
                                    hnchung@cclg.net (authorized)

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Howard N Chung/   Date: 10/06/2006
Signatory's Name: Howard N Chung
Signatory's Position: Attorney
RAM Sale Number: 75
RAM Accounting Date: 10/10/2006
Serial Number: 77015855
Internet Transmission Date: Fri Oct 06 15:12:18 EDT 2006
TEAS Stamp: USPTO/FTK-69.109.82.154-2006100615121865
7864-77015855-350641eb95e89da152b20f9060
4cd6208b-CC-75-20061006144036545885

# XTENDED BEAUTY


