E. JEFFREY BANCHERO (SBN 93077)
SCOTT R. RABER (SBN 194924)
KASTNER | BANCHERO LLP
20 California Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Mr. Banchero's email: ejb@kastnerbanchero.com
Mr. Raber's email: srr@kastnerbanchero.com

Howard L. Steele (Texas SBN 24002999)
Charles A. Sturm (Texas SBN 24003020)
(admissions *pro hac vice* pending)
STEELE STURM, P.L.L.C.
1000 Louisiana, Suite 3780
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601
Mr. Steele's email: hsteele@steelesturm.com
Mr. Sturm's email: csturm@steelesturm.com

Attorneys for Defendants
XTREME LASHES, LLC and JOUMANA MOUSSELLI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>     Plaintiff(s),<br><br>v.<br><br>XTREME LASHES, LLC, a Texas Limited Corporation; and JOUMANA MOUSSELLI, an Individual,<br><br>     Defendant(s). | CASE NO. C 07-03391 MJJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  September 11, 2007<br>Time:  9:30 a.m.<br>Dept.:  11<br>Judge: Hon. Martin J. Jenkins |

- 1 -

DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE
XTREME Lashes\Notice of Change of Venue.doc

Case No. C07-03391 MJJ

# NOTICE

PLEASE TAKE NOTICE that, on September 11, 2007, at 9:30 a.m., or as soon thereafter as the parties may be heard, defendants XTREME Lashes, LLC and Joumana Mousselli (collectively, "XTREME") will move the Court, pursuant to Fed. R. Civ. P. 12(b)(3), to dismiss this action on grounds of improper venue or alternatively forum non conveniens. In particular, this motion seeks dismissal of this action for improper venue on the grounds of improper forum shopping by plaintiff. Alternatively, the action should be dismissed on forum non conveniens grounds pursuant to 28 U.S.C. § 1404(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

1. Defendants have filed suit against Plaintiff in the United States District Court for the Southern District of Texas (Case No. 4:07-CV-02460; *Xtreme Lashes, L.L.C., et al v. Xtended Beauty, Inc.*) alleging, among other causes of action, trademark infringement, unfair competition, and various state claims. *See*, Request for Judicial Notice, Ex. A (filed herewith).

2. Though Plaintiff's suit was filed first, it was filed in bad faith in anticipation of Defendants' suit and for the sole purpose of forum shopping. For this reason, an exception to the "first-to-file rule" applies, and the Court should dismiss this action, or alternatively, transfer it to the Southern District of Texas.

### Facts

3. Both Defendants and Plaintiff are in the business of eyelash extension products. (Compl. ¶¶ 7-8.)

4. Defendants filed intents to register the trademarks of XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY, and began using those marks in commerce prior to Plaintiff's use of the XTENDED BEAUTY mark. Plaintiff's filing of intent to register the

- 2 -
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE                                                Case No. C07-03391 MJJ
XTREME Lashes\Notice of Change of Venue.doc

XTENDED BEAUTY trademark was also subsequent to Defendants' filings. *See,* Req. for Judicial Notice, Ex. B.

5.    Plaintiff has been improperly using, designating and advertising its XTENDED BEAUTY mark, thereby causing consumer confusion, mark dilution and unfair competition with Defendants.

6.    As a result of Plaintiff's actions, Defendants sent Plaintiff a cease and desist letter on June 19, 2007, which Plaintiff received the next day. This letter informed Plaintiff that Defendants intended to file suit on June 30, 2007, unless Plaintiff stopped using the XTENDED BEAUTY mark and provided written confirmation of the same. (Compl. ¶¶ 10-12 and Ex. A.)

7.    After receiving Defendants' cease and desist letter, Plaintiff filed suit against Defendants seeking declaratory relief on June 28, 2007, and notified Defendants of the lawsuit on the same day.

8.    The United States Patent and Trademark Office has suspended Plaintiff's "XTENDED BEAUTY" trademark application, noting the similarity to and possible confusion with XTREME LASHES and its EXTEND YOUR BEAUTY and XTREME BEAUTY marks. *See,* Req. for Judicial Notice, Ex. B.

### Argument and Authority

9.    The "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982).

10.    "[C]ircumstances under which an exception to the first-to-file rule will be made include bad faith and anticipatory suit filed for the purpose of forum shopping." *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 270 (C.D. Cal. 1998) (citing *Alltrade, Inc. v. Uniweld Prod., Inc.,* 946 F.2d 622, 628 (9th Cir. 1991). Anticipatory suits occur when the "plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent" and are disfavored as examples of forum shopping. *Gunthy-Renker*

*Fitness, LLC*, 179 F.R.D. at 271 (*citing Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)).

11. "[W]here as here a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003).

12. Further, "[a] district court's decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, [are] reviewed for abuse of discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).

13. Plaintiff admits that its suit was anticipatory in its own complaint. For example, in explaining why declaratory relief is proper, Plaintiff argues that "explicit threats of litigation" contained in Defendants' cease and desist letter compelled Plaintiff to file first. Plaintiff received the cease and desist letter from Defendants on June 20, 2007. This letter informed Plaintiff that Defendants would seek legal action if Plaintiff did not provide written confirmation of compliance with Defendants' demand by June 30, 2007. Without making any attempt to communicate or negotiate with Defendants, Plaintiff filed this action for declaratory relief eight days after receiving Defendants' cease and desist letter and two days before it expected to be sued by Defendants.

14. Thus, the facts of this case clearly warrant this Court's utilization of its discretion in dispensing with the first-to-file rule. "[T]he mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987). Plaintiff's suit does not deserve the deference normally reserved for first-filed actions and should be dismissed accordingly.

15. In the alternative, this case should be transferred since the first-to-file rule does not affect the transfer of venue analysis pursuant to 28 U.S.C. § 1404(a). The United States District Court for the Southern District of Texas (1) could exercise original jurisdiction over this case,

1  (2) would have personal jurisdiction over the Defendants, and (3) would be a court of proper
2  venue. *Id.; see also Fox v. Massey-Furguson*, 1995 WL 307485, *2 (E.D. Mich. 1994).

3      16.    A district court has broad discretion in ruling on motions to transfer venue and
4  should consider the factors of convenience and fairness in its ruling. *See, Stewart Org. Inc. v.
5  Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir.
6  1988).

7      17.    With respect to convenience and fairness, Defendants were planning on filing suit
8  in Texas and asserting not only federal causes of action, but also state claims under Texas law.
9  The Southern District of Texas is accustomed to interpreting Texas law and is a more appropriate
10 forum for litigating claims under Texas law. Further, the interests of justice favor venue in the
11 Southern District of Texas since Plaintiff filed this action to avoid having to defend a lawsuit in
12 Texas. Thus, Plaintiff clearly filed this action for declaratory relief to undermine Defendants'
13 choice of forum. Defendants should not be punished for first attempting to resolve their dispute
14 with Plaintiff without the necessity of court intervention.

15     18.    "Although plaintiff's choice of forum is ordinarily entitled to some deference, it
16 should carry less weight in a declaratory judgment action. 'A plaintiff brings such an action
17 because it has perceived a threat of suit. Therefore, its posture before the court is more akin to a
18 defendant than an ordinary plaintiff seeking relief.'" *Zimmer Enterprises, Inc. v. Atlandia Imports,
19 Inc.* 478 F.Supp.2d 983, 990 (S.D. Ohio 2007) (*quoting Societe Generale v. Fla. Health Scis. Ctr.,
20 Inc.*, 2003 WL 22852656, *7 (S.D.N.Y. 2003).

21

22                               **CONCLUSION**

23     19.    Plaintiff's suit was filed after receiving a cease and desist letter from Defendants
24 and in anticipation of a suit. This lawsuit was filed in bad faith and for the purpose of forum
25 shopping. Thus, this case should be treated as an exception to the first-to-file rule, and Plaintiff's
26 choice of forum should be shown no deference.

27

28

- 5 -
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE                                                Case No. C07-03391 MJJ
XTREME Lashes\Notice of Change of Venue.doc

## PRAYER

For these reasons, Defendants ask the court to grant Defendants' motion and dismiss Plaintiff's suit or, in the alternative, transfer the suit to the United States District Court for the Southern District of Texas.

DATED: July 31, 2007

STEELE STURM, P.L.L.C.

KASTNER | BANCHERO LLP

By: _____
Scott R. Raber

Attorneys for Defendants
XTREME LASHES, LLC and
JOUMANA MOUSSELLI

- 6 -

DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE
XTREME Lashes\Notice of Change of Venue.doc

Case No. C07 -03391 MJJ