EXHIBIT B



**THELEN REID BROWN RAYSMAN & STEINER** LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

Veronica Colby Devitt
415.369.7640 Direct Dial
415.369.8788 Direct Fax
vdevitt@thelen.com

June 28, 2007

**VIA E-MAIL (ktripp@tripplaw.com)**
*Confirmation Copy Via Express Mail*

EV408102355US

Karen B. Tripp, Esq.
P.O. Box 1301
Houston, TX  77251-1301

Re:  **Xtended Beauty, Inc. v. Xtreme Lashes, Inc. and Joumana Mousselli**
     **Civil Action No. C 07-03391 JCS**

Dear Ms. Tripp:

As counsel for Xtended Beauty, Inc. we have been asked to respond to your letter of June 19, 2007.

At the outset please be assured that our clients respect the trademarks of others just as they wish to have their own marks respected. With this as our starting premise we have carefully considered your allegations, reviewing the content of your letter, Ms. Mousselli's pending intent to use trademark applications, and the use of the XTREME LASHES mark and the Extend Your Beauty tag line on the xtremelashes.com website. We have compared the uses of the XTREME LASHES brand and the Extend Your Beauty tag line to our client's uses of the XTENDED BEAUTY trademark on its products and the xtendedbeauty.com website.

We are at a loss to understand the basis for the allegations.

Both of our clients are in the business of selling eyelash extensions or extenders and related products. Both are in the "beauty business" as it is broadly defined. As such, the words "beauty" and "extend" are descriptive of the function of the products they sell.

In spite of the allegation of "years of use and promotion" of the marks, it is noteworthy that the applications were filed as intent to use applications less than two years ago. It is possible that upon review of the specimen of use for Extend Your Beauty, the tag line will be refused registration on grounds that it is merely descriptive. If the Trademark Office examining attorney performs even a minimal internet search, she will find that your client does not even have exclusive use of the phrase in the beauty and fashion industry. If your client is entitled to claim any trademark rights in the tag line Extend Your Beauty, those rights will be very narrowly construed.

Karen B. Tripp, Esq.
June 28, 2007
Page 2

The allegation that the XTENDED BEAUTY mark infringes the XTREME BEAUTY and XTREME LASHES marks is equally misplaced and appears to be based solely on use of an initial "X" to replace the "ex" prefix. As the records of the USPTO and a survey of contemporary marketing practices will show, this misspelling is extremely trendy and not unique to your client. As the USPTO required the word "beauty" to be disclaimed from the application for XTREME BEAUTY, your client cannot claim any exclusive right to use the term.

Since XTREME BEAUTY is still an intent to use application and we could find no use of the mark, I question whether there is even a basis for claiming any rights in the term. As I am sure you know, an intent to use application is an unperfected right which does not create a basis for filing suit.

In reference to the claim of similar trade dress, please provide some specifics, as we could find none. We understand that your client primarily markets its products in a black and gold color combination which sets a very different tone from the packaging and trade dress of the XTENDED BEAUTY products.

Calling your clients' marks "famous" does not make it so. The marks are at best descriptive and weak marks, entitled to a narrow scope of protection. We do not know when use began for XTREME LASHES or XTREME BEAUTY, if at all, or for the tag line Extend Your Beauty, but we do know that they have not achieved nationwide fame.

Based upon our analysis of the allegations, we can only conclude that they are not about trademark infringement or misleading representations or false advertising, but rather about trying to prevent competition in the lash extender market. As your client is well aware, our client has a great deal invested in its XTENDED BEAUTY line. Therefore, it is unwilling to discontinue use of the mark.

Neither of our clients want confusion in the market place. Therefore, we are willing to discuss any specific trade dress concerns your client may have or suggestions for a peaceful coexistence.

Given the strident tone of your letter, we have been left with no choice but to seek declaratory relief. Enclosed please find a courtesy copy of the complaint which we will defer serving if your client is amenable to discussing settlement.

Sincerely,

Veronica Colby Devitt

VCD/mjl
cc:   Xtended Beauty, Inc.
      Robert A. Weikert, Esq.