E. JEFFREY BANCHERO (SBN 93077)
SCOTT R. RABER (SBN 194924)
KASTNER BANCHERO LLP
20 California Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Mr. Banchero's email: ejb@kastnerbanchero.com
Mr. Raber's email:  srr@kastnerbanchero.com

Howard L. Steele (Texas SBN 24002999)
Charles A. Sturm (Texas SBN 24003020)
(admitted *pro hac vice*)
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601
Mr. Steele's email:  hsteele@steelesturm.com
Mr. Sturm's email:  csturm@steelesturm.com

Attorneys for Defendants
XTREME LASHES, LLC and JOUMANA MOUSSELLI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation, <br><br>            Plaintiff(s), <br><br>  v. <br><br> XTREME LASHES, LLC, a Texas Limited Corporation; and JOUMANA MOUSELLI, an Individual, <br><br>            Defendant(s). | CASE NO. C 07-03391 MJJ <br><br> **DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF EXTENDED BEAUTY, INC.'S OPPOSITION TO THE MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** <br><br> Date:   September 11, 2007 <br> Time:   9:30 a.m. <br> Dept.:  11 <br> Judge: Hon. Martin J. Jenkins |

- 1 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**                                              **Case No. C07 -03391 MJ**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Extended Beauty, Inc. ("Extended Beauty" or "Plaintiff") makes two arguments in its responsive briefing: 1) venue is proper in the Northern District of California, and thus the Court should not dismiss this action for improper venue under 28 U.S.C. § 1406; and 2) the Court should not transfer the case under 28 U.S.C. §1404(a) because Defendants allegedly have not "proven" that it would be more convenient for the case to be heard in Texas. However, Defendants never asked the Court to dismiss the case under 28 U.S.C. § 1406, and their request for a transfer under 1404(a) was in the alternative. The primary argument raised by Defendants in their motion—which is not addressed at all in Plaintiff's opposition briefing—is that the Court should exercise its discretion and *decline jurisdiction under the Declaratory Judgment Act*.

Under established Ninth Circuit precedent, this Court has discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites. Given Plaintiff's own admission in its Complaint that it raced to the courthouse after receiving "explicit threats of litigation"—before the deadline imposed by Defendants even expired, thereby denying them the ability to file suit first—the Court should decline to exercise jurisdiction, and dismiss the case in favor of the concurrently pending action in the Southern District of Texas.

## II. A PLAINTIFF, EVEN ONE WHO FILES FIRST, DOES NOT HAVE A RIGHT TO BRING A DECLARATORY JUDGMENT ACTION IN THE FORUM OF ITS CHOOSING

### A. Jurisdiction Under the Declaratory Judgment Act Is Discretionary.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The purpose of the Act is to relieve potential defendants from the threat of impending litigation. *See* 10B CHARLES ALAN WRIGHT,

- 2 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**                                                                 **Case No. C07 -03391 MJ**

1    ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2751 (3d ed. 1998).

2    While the Act allows the Court to exercise jurisdiction over a declaratory judgment action, it does

3    not require the Court to do so. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Public

4    Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952) (stating that the Declaratory

5    Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute

6    right upon the litigant"). As the Ninth Circuit has recognized, "district courts possess discretion in

7    determining whether and when to entertain an action under the Declaratory Judgment Act, even

8    when the suit otherwise satisfies subject matter jurisdiction prerequisites."[1] *Government Employees

9    Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc); *see also American Cas. Co. v.

10   Krieger*, 181 F.3d 1113, 1117-18 (9th Cir. 1999).

11       The "philosophic touchstone" for the district court in considering whether to exercise its

12   discretion to retain jurisdiction over a declaratory judgment action lies in the factors enumerated by

13   the Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *Dizol*, 133 F.3d at 1223.

14   "The district court should avoid needless determination of state law issues; ***it should discourage

15   litigants from filing declaratory actions as a means of forum shopping***; and it should avoid

16   duplicative litigation." *Id*. (emphasis added); *Krieger*, 181 F.3d at 1118.

17       **B.    The Court Should Exercise Its Sound Discretion and Decline Jurisdiction in this
              Case.**
18
19       All three of the *Brillhart* factors militate in favor of the Court's declining jurisdiction in this

20   case. First, although there is no concurrent state law case, Xtreme Lashes' lawsuit against Extended

21   Beauty in the Southern District of Texas does include claims under Texas common law and Texas

22   statute. (*See* Defs. Req. Judicial Notice, Ex. A at 6.) Second, dismissing this case would also avoid

23   duplicative litigation given the existence of a parallel federal proceeding in Texas. But most

---

[1] Indeed, even when a district court has constitutional and statutory jurisdiction to hear a case brought under the Declaratory Judgment Act, it must make a sufficient record of its reasoning for exercising that jurisdiction. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). "If on appeal the record is devoid of reasoning after an appropriate objection is registered, the case must be remanded to the district court to record its reasoning. . ." *Id*.

- 3 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**                                          Case No. C07 -03391 MJ

importantly, Plaintiff's conduct in this case amounts to blatant forum shopping—or in the words of the Ninth Circuit, "procedural fencing." *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2004) (holding that in determining whether to decline jurisdiction, the district court should consider whether the declaratory action "is being sought merely for the purposes of procedural fencing"). This factor alone weighs in favor of the Court declining jurisdiction in this case.

The simple fact is that Plaintiff knew it was going to be sued in Texas. Plaintiff was told that unless it responded in writing by June 30, 2007, Defendants "***will take legal action to protect [their] valuable trade marks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction***." (Pl. Compl. Decl. Relief, Ex. A at 2-3.) Instead, on June 28, two days before the deadline for responding, Plaintiff raced to the courthouse in its own backyard and filed this declaratory judgment action. In fact, Plaintiff admits in its Complaint that it did so based on the "explicit threats of litigation"[2] contained in that correspondence. (Pl. Compl. Decl. Relief at 3.) The Court should not reward Plaintiff for its admitted forum shopping and should dismiss its request for declaratory relief.

### III.    THE CASES CITED BY PLAINTIFF DO NOT SUPPORT ITS POSITION THAT ITS CHOICE OF VENUE SHOULD BE AFFORDED DEFERENCE

The holdings in the two cases cited by Plaintiff to support its argument that Extended Beauty's choice of forum should be given deference can be distinguished by those authorities' factual and procedural differences from this case. When those differences are taken into account, both cases actually support the conclusion that the Court should exercise its discretion to dismiss this declaratory judgment action.

For example, Plaintiff asserts that this Court's opinion in *Royal Queentex Enter. Inc. v. Sara-Lee Corp.*, 2000 WL 246599 (N.D. Cal. 2000) supports its position. In that case, however, the cease-and-desist letter did not contain an explicit threat of litigation: it explicitly stated that it was

---

[2] Given this statement in Plaintiff's own pleading, it is preposterous for Plaintiff to argue in its opposition briefing that Defendants have "accused" it of forum shopping "without any evidentiary support." (Pl. Opp'n Mot. Dismiss at 8.)

- 4 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**                                                                                    **Case No. C07 -03391 MJ**

being sent "in the hope that this matter may be resolved amicably." *Id*. at *5. In this case, there is an explicit threat of litigation—a fact that is admitted by Plaintiff in its own Complaint:

> "[The Defendants'] letter of June 19, 2007, ***and the explicit threats of litigation contained therein, have created a reasonable apprehension on the part of Extended Beauty that it will be subjected to suit for trademark infringement, unfair competition and other claims***."

(Pl. Compl. Decl. Relief at ¶ 14, emphasis added.) Thus, to the extent that *Royal Queentex* holds that dismissal is appropriate in cases where a cease-and-desist letter contains an explicit threat of litigation, it actually supports the dismissal of this case.

Moreover, the *Royal Queentex* case is also distinguishable on procedural grounds. The defendant in that case never objected to the Court's exercise of discretion in retaining jurisdiction over the declaratory judgment request. In the Ninth Circuit, when constitutional and statutory jurisdictional prerequisites to hear a case brought pursuant to the Declaratory Judgment Act have been satisfied, the district court may proceed with consideration of the action without *sua sponte* addressing whether jurisdiction should be declined. *Dizol*, 133 F.3d at 1227. It must only do so when a proper objection is raised by a party. *Id*. Because the defendant in *Royal Queentex* did not make that objection, this Court did not analyze the issue under the Declaratory Judgment Act; the Court limited its analysis only to the objection raised by the defendant, which was to venue under 28 U.S.C 1404. *See Internet Transaction Solutions, Inc. v. Intel Corp*., 2006 WL 1281654 (S.D.Ohio 2006) at *6, n.2 (distinguishing *Royal Queentex* because the defendant only filed a motion to transfer rather a motion to dismiss under the Declaratory Judgment Act, and thus the court did not address the factors relevant to the declaratory judgment analysis). Defendants in this case have objected to the Court's exercise of discretion in retaining jurisdiction.

The other case cited by Plaintiff, *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 270 (C.D. Cal. 1998), also supports dismissal. In that case, the court similarly held that the cease-and-desist letter expressly stated that it was giving notice of the potential patent infringements in an attempt to avoid litigation. Thus, the court found that "[defendant's] letter neither provided nor intended to provide plaintiff with a specific, concrete indication of imminent

- 5 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**                                                    **Case No. C07 -03391 MJ**

suit." *Id*. at 272.  As already discussed, those are not the facts in this case.  The cease-and-desist letter in this case did contain an explicit threat of litigation, as Plaintiff has admitted.

## IV.    CONCLUSION

When Defendants' motion to dismiss is analyzed under the Declaratory Judgment Act, as it must be under Ninth Circuit precedent, rather than under the transfer analysis urged by Plaintiff, the relevant factors weigh heavily in favor of the court declining to hear this declaratory judgment case.  For the reasons addressed in the motion to dismiss and in this reply, Defendants ask the court to grant Defendants' motion and dismiss Plaintiff's suit in deference to the concurrently pending suit in the United States District Court for the Southern District of Texas.

DATED: August 28, 2007                          STEELE STURM, PLLC

                                                              KASTNER | BANCHERO LLP


By: _____/s/_____
    SCOTT R. RABER

Attorneys for Defendants
 XTREME LASHES, LLC and
JOUMANA MOUSSELLI

---

- 6 -
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**                                               **Case No. C07 -03391 MJ**