IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, | No. C07-03391 MJJ |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AND MOTION TO TRANSFER VENUE** |
| v. | |
| XTREME LASHES, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Xtreme Lashes' Motion to Dismiss, or in the alternative, Motion to Transfer Venue.[1] Plaintiff Xtended Beauty opposes the motion. For the following reasons, the Court **DENIES** the motion.

## FACTUAL BACKGROUND

On June 19, 2007 Defendant Xtreme Lashes ("Xtreme") sent a letter to Plaintiff Xtended Beauty ("Xtended") alleging trademark confusion caused by Plaintiff's use of the mark "Xtended Beauty." Defendant requested that Plaintiff comply by ceasing to use the mark, and demanded that Plaintiff confirm compliance by June 30, 2007. On June 28, 2007, Plaintiff filed a Complaint for Declaratory Relief in this Court. By this motion, Defendant now seeks to dismiss this action or, in

---

[1] Docket No. 12

the alternative, transfer Plaintiff's action to the Southern District of Texas.[2]

## LEGAL STANDARD

Defendant's motion to transfer venue to the Southern District of Texas is governed by 28 U.S.C. section 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under section 1404(a), the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the particular case. *See id*. In reviewing a motion to transfer, the Court may consider the following factors to determine whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public

---

[2] Defendant's motion was submitted as a Motion to Dismiss or, in the alternative, to Transfer Venue. Defendant originally requested that the Court "pursuant to Fed. R. Civ. P. 12(b)(3), []dismiss this action on grounds of improper venue or alternatively forum non conveniens. In particular, this motion seeks dismissal of this action for improper venue on the grounds of improper forum shopping by plaintiff." (Defendant's Notice of Motion at 2.) Defendant's motion to dismiss for improper venue is governed by 28 U.S.C. section 1406. In its reply, however, Defendant disavows any reliance on an improper venue theory under section 1406. (Defendant's Reply at 2.) The Court therefore does not reach this issue. In any event, Defendant provides no evidence or analysis suggesting this case is in the wrong venue.

policy of the forum state, if any. *See id*. at 498-99.

## ANALYSIS

### A. Defendant Lacks Evidence to Support a Motion to Transfer Venue.

Evaluating the facts of the instant case under the relevant factors, the Court finds Defendant's request to transfer the action to Texas to be unavailing.

Defendant contends that venue is appropriate in Texas primarily because Plaintiff filed suit in California in anticipation of Defendant's suit and in an effort to forum shop. In support, Defendant's only proffered evidence is the June 19, 2007 letter from Defendant to Plaintiff. This letter at best supports an inference that Plaintiff filed suit in California with some knowledge that Defendant might later file suit. This letter alone, however, is not sufficient to persuade the Court that transfer of venue is appropriate.

In response, Plaintiff submitted, inter alia, a declaration stating that Plaintiff's only office is located in Hayward, California and Plaintiff does not have any offices in Texas. In addition, Plaintiff's bank accounts, business, corporate records, customers, trade shows and training sessions are all primarily in California. (Declaration of Elisa Lee ¶¶ 2-7.) This evidence all weighs against transfer.

Defendant, therefore, has not offered sufficient evidence to overcome the strong presumption in favor of Plaintiff's choice of forum.

### B. Defendant Does Not Offer Sufficient Evidence to Overcome the "First-to-File" Rule.

In its reply, Defendant argues for the first time that the Court should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act because Plaintiff's action in California was filed in anticipation of Defendant's suit and amounted to forum shopping. The Court does not reach this issue because it is not sufficiently raised, briefed or supported in the papers.

//
//
//
//
//

3

**CONCLUSION**

For the foregoing reasons, the Court **VACATES** the September 11, 2007 hearing in this matter and **DENIES** Defendants' Motion to Dismiss or Transfer Venue.

**IT IS SO ORDERED.**

Dated: September 7, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California