```
 1  E. JEFFREY BANCHERO (SBN 93077)
    SCOTT R. RABER (SBN 194924)
 2  KASTNER | BANCHERO LLP
    20 California Street, 7th Floor
 3  San Francisco, California 94111
    Telephone: (415) 398-7000
 4  Facsimile: (415) 616-7000
    Mr. Banchero's email: ejb@kastnerbanchero.com
 5  Mr. Raber's email: srr@kastnerbanchero.com
 6
 7  Howard L. Steele (Texas SBN 24002999)
    Charles A. Sturm (Texas SBN 24003020)
 8  (admitted pro hac vice)
    STEELE STURM, PLLC
 9  1000 Louisiana, Suite 3780
    Houston, Texas 77002
10  Telephone: (713) 659-2600
    Facsimile: (713) 659-2601
11  Mr. Steele's email: hsteele@steelesturm.com
    Mr. Sturm's email: csturm@steelesturm.com
12
13  Attorneys for Defendants
    XTREME LASHES, LLC and JOUMANA MOUSSELLI
14
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>Plaintiff(s),<br><br>v.<br><br>XTREME LASHES, LLC, a Texas Limited Corporation; and JOUMANA MOUSSELLI, an Individual,<br><br>Defendant(s). | CASE NO. C 07-03391 MJJ<br><br>**DEFENDANTS' NOTICE OF OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SCOTT R. RABER IN SUPPORT THEREOF**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 11<br>Judge: Hon. Martin J. Jenkins |

- 1 -

1  PLEASE TAKE NOTICE that on _____, at
2  _____, or as soon thereafter as the parties may be heard, defendants Xtreme Lashes, LLC
3  and Joumana Mousselli (collectively, "Defendants") will move the Court for order dismissing this
4  matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Objection"). The
5  Objection is made on the grounds that the Declaratory Judgment Act permits this Court to refrain
6  from exercising jurisdiction where, as here, plaintiffs have improperly availed themselves of this
7  jurisdiction by forum-shopping in anticipation of litigation. The Objection is based on this Notice;
8  the accompanying Memorandum of Points and Authorities; the Declaration of Scott R. Raber and
9  exhibits thereto; the complete files and records in this action; and such other evidence and argument
10 as may be presented at the hearing.
11 DEFENDANTS WILL ISSUE A REVISED NOTICE OF THE HEARING DATE on
12 Defendants' Objection following the Court's determination on Defendants' concurrently-filed
13 Motion Pursuant to Civ. L.R. 6-3 to Shorten Time to Hear Defendants' Objection to Exercise of
14 Jurisdiction Pursuant to the Declaratory Judgment Act.

DATED: September 14, 2007        STEELE STURM, PLLC

                                 KASTNER | BANCHERO LLP


                                 By:      /s/
                                       SCOTT R. RABER

                                 Attorneys for Defendants
                                 XTREME LASHES, LLC and
                                 JOUMANA MOUSSELLI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Xtreme Lashes, LLC and Joumana Mouselli (collectively "Defendants") object to this Court exercising jurisdiction in this Declaratory Judgment Act matter. Defendants ask this Court to use its discretion and decline jurisdiction under the Declaratory Judgment Act.

Under established Ninth Circuit precedent, this Court has discretion to determine whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites. Because Plaintiff admits that it raced to the courthouse after receiving "explicit threats of litigation" – and because the Court in a parallel federal proceeding has already expended resources in a concurrent action – this Court should decline to exercise jurisdiction and dismiss the case in favor of the action pending concurrently in the Southern District of Texas.

## II. DEFENDANTS' OBJECTION IS TIMELY

Defendants bring this objection to the Court's attention in a timely manner.[1] Unlike a motion under Rule 12(b), an objection to the Court's exercise of jurisdiction in a Declaratory Judgment Act case can be made at any time during the pendency of the case at the District Court level. *See United National Insurance Co. v. R & D Latex Corp.*, 141 F.3d 916, 919 (9th Cir. 1998); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (stating "[I]f a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning . . . ."); *compare with*, FED. R. CIV. P. 12(b) (stating "[A] motion making any of these [12b] defenses shall be made before pleading if a further pleading is permitted."). Thus, Defendants' objection is timely filed.

---

[1] Defendants attempted to raise this objection in a previous filing with this Court. (Reply Pl. Opp'n. Mot. Dismiss at 2-4). However, the Court stated explicitly that it did not reach this issue in its Order issued on September 7, 2007. (Order, Doc. #21 at 3).

- 3 -

## III. A PLAINTIFF, EVEN ONE WHO FILES FIRST, DOES NOT NECESSARILY HAVE A RIGHT TO BRING A DECLARATORY JUDGMENT ACTION IN THE FORUM OF ITS CHOOSING

### A. Jurisdiction under the Declaratory Judgment Act Is Discretionary.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The Act allows the Court to exercise jurisdiction over a declaratory judgment action; it does not require the Court to do so. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952) (stating that the Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant"). As the Ninth Circuit has recognized, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites."[2] *Government Employees Ins. Co.*, 133 F.3d at 1223; *see also American Cas. Co. v. Krieger*, 181 F.3d 1113, 1117-18 (9th Cir. 1999).

The "philosophic touchstone" for the district court in considering whether to exercise its discretion to retain jurisdiction over a declaratory judgment action lies in the factors enumerated by the Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *Dizol*, 133 F.3d at 1223. "The district court should avoid needless determination of state law issues; ***it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.***" *Id.* (emphasis added); *Krieger*, 181 F.3d at 1118.

---

[2] Indeed, even when a district court has constitutional and statutory jurisdiction to hear a case brought under the Declaratory Judgment Act, it must make a sufficient record of its reasoning for exercising that jurisdiction. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). "If on appeal the record is devoid of reasoning after an appropriate objection is registered, the case must be remanded to the district court to record its reasoning. . ." *Id.*

- 4 -
DEFENDANTS' NOTICE OF OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT; MEMORANDUM OF POINTS & AUTHORITIES; DECL. OF SCOTT R. RABER
Case No. C07-03391 MJJ

### B. The Court Should Exercise Its Sound Discretion and Decline Jurisdiction in this Case.

All three of the *Brillhart* factors militate in favor of the Court's declining jurisdiction in this case. First, although there is no concurrent state law case, Xtreme Lashes' lawsuit against Extended Beauty in the Southern District of Texas does include claims under the Texas common law and under a Texas statute. More importantly, Plaintiff's conduct in this case amounts to blatant forum shopping, or in the words of the Ninth Circuit, "procedural fencing." *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2004) (holding that in determining whether to decline jurisdiction, the district court should consider whether the declaratory action "is being sought merely for the purposes of procedural fencing"). That factor alone strongly militates in favor of the Court declining jurisdiction in this case.

Considering the last *Brillhart* factor, dismissal of this case also avoids duplicative litigation given the existence of a parallel federal proceeding in Texas. In the Texas proceeding, a pre-trial conference has taken place, Judge Hughes has ordered Plaintiff (in the instant case) to produce discovery, and Plaintiff has produced documents in compliance with Judge Hughes's order. (*See* Judge Hughes's August 27, 2007 Order attached as Exhibit A to Declaration of Scott R. Raber, dated September 14, 2007 ("Raber Decl."), filed herewith.) Additionally, discovery produced in the Texas proceeding ***shows that Plaintiff has had sales in Texas with their infringing mark***. All of this activity occurred prior to the Court's September 7, 2007 Order in this case. (*See* Raber Decl., Exhibit B, Docket Sheet from the Southern District of Texas).

The simple fact is that Plaintiff knew it was going to be sued in Texas. Plaintiff was told that unless it responded in writing by June 30, 2007, Defendants ***"will take legal action to protect [their] valuable trade marks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction."*** (Pl. Compl. Decl. Relief, Ex. A at 2-3.) Instead, on June 28, two days before the deadline for responding, Plaintiff raced to the courthouse in its own backyard and filed this declaratory judgment action. In fact, Plaintiff admits in its Complaint that it did so based on the "explicit threats of litigation" contained in that correspondence. (Pl. Compl. Decl. Relief at 3.) The Court should not reward Plaintiff for its

admitted forum shopping. Further, because the Southern District of Texas has expended judicial resources in a concurrent proceeding and because Plaintiff has admitted to using its infringing mark in Texas, the Court should decline to exercise jurisdiction and dismiss Plaintiff's request for declaratory relief.[3]

## IV.  CONCLUSION

When Defendants' objection is analyzed under Ninth Circuit precedent, the relevant factors weigh heavily in favor of the court declining to retain jurisdiction in this case. For the reasons addressed in this Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment Act, Defendants ask the court to sustain their objection and dismiss Plaintiff's suit in

---

[3] In a previous response, Plaintiff cited *Royal Queentex Enter. Inc. v. Sara-Lee Corp.* and *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.* to support its argument that its choice of forum should be given deference. 2000 WL 246599 (N.D. Cal. 2000); 179 F.R.D. 264, 270 (C.D. Cal. 1998). These cases are distinguishable based on factual and procedural differences from this case. Taking into account those differences, *Royal Queentex* and *Gunthy-Renker* actually support the conclusion that the Court should decline jurisdiction in this case and dismiss this declaratory judgment action.

In *Royal Queentex*, the cease-and-desist letter did not contain an explicit threat of litigation: it stated that the letter was being sent "in the hope that this matter may be resolved amicably." 2000 WL 246599 at *5. In this case, there is an explicit threat of litigation. A fact that is admitted by Plaintiff in its own Complaint. (Pl. Compl. Decl. Relief at ¶ 14). Thus, to the extent that *Royal Queentex* holds that dismissal is appropriate in cases where a cease-and-desist letter contains an explicit threat of litigation, it actually supports the dismissal of this case.

*Royal Queentex* is also distinguishable on procedural grounds. The defendant in that case never objected to the Court's exercise of discretion in retaining jurisdiction. Because the defendant in *Royal Queentex* did not make that objection, this Court did not analyze the issue under the Declaratory Judgment Act; the Court limited its analysis only to the objection raised by the defendant. *See Internet Transaction Solutions, Inc. v. Intel Corp.*, 2006 WL 1281654 (S.D. Ohio 2006) at *6, n.2 (distinguishing *Royal Queentex* because the defendant only filed a motion to transfer rather than attempting to dismiss the action under the Declaratory Judgment Act).

*Gunthy-Renker* also supports dismissal. In that case, the court similarly held that the cease-and-desist letter expressly stated that it was giving notice of the potential patent infringements in an attempt to avoid litigation. Thus, the court found that "[defendant's] letter neither provided nor intended to provide plaintiff with a specific, concrete indication of imminent suit." *Gunthy-Renker*, 179 F.R.D. 272. Those are not the facts in this case. The cease-and-desist letter in this case did contain an explicit threat of litigation, as Plaintiff has admitted.

deference to the concurrently pending suit in the United States District Court for the Southern District of Texas.

DATED: September 14, 2007              STEELE STURM, PLLC

                                       KASTNER | BANCHERO LLP


                                       By: _____/s/_____
                                           SCOTT R. RABER

                                       Attorneys for Defendants
                                       XTREME LASHES, LLC and
                                       JOUMANA MOUSSELLI

# DECLARATION OF SCOTT R. RABER

I, SCOTT R. RABER, hereby declare:

1.   I am an attorney admitted to practice before all courts of the States of California and New York, and am a partner at Kastner | Banchero LLP, counsel representing defendants Xtreme Lashes, LLC and Joumana Mousselli in this action. I submit this declaration in support of defendants' motion to shorten the time to hear defendants' objection to the Court's exercise of jurisdiction pursuant to the declaratory judgment act. I have personal knowledge of each of the matters set forth herein, and if called upon I could testify competently to them.

2.   Attached hereto as Exhibit A is a true and correct copy of Judge Lynn N. Hughes's Order dated August 27, 2007.

3.   Attached hereto as Exhibit B is a true and correct copy of the Docket Sheet from the Southern District of Texas for the matter pending there between Xtreme Lashes, LLC and Xtended Beauty, Inc., as of September 13, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 14th day of September 2007 at San Francisco, California.

                                       _____/s/_____
                                       Scott R. Raber

- 7 -
DEFENDANTS' NOTICE OF OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT; MEMORANDUM OF POINTS & AUTHORITIES; DECL. OF SCOTT R. RABER
Case No. C07-03391 MJJ

**EXHIBIT A**

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

XTREME LASHES L.L.C., *et al.*, §
§
        Plaintiffs, §
§
*versus* §    CIVIL ACTION H-07-2460
§
§
XTENDED BEAUTY, INC., §
§
        Defendant. §

## Order

By 3:00 p.m. August 28, 2007, Xtended Beauty will give Xtreme Lashes:

- A list of the categories of products it sells and what percentage of its gross revenue the category represents, and

- A report of how much business it does in Texas.

Signed on August 27, 2007, at Houston, Texas.

                                                    Lynn N. Hughes
                                        United States District Judge

**EXHIBIT B**

## U.S. District Court
### SOUTHERN DISTRICT OF TEXAS (Houston)
### CIVIL DOCKET FOR CASE #: 4:07-cv-02460

| | |
|---|---|
| Xtreme Lashes LLC et al v. Xtended Beauty Inc. | Date Filed: 07/27/2007 |
| Assigned to: Judge Lynn N. Hughes | Jury Demand: Plaintiff |
| Cause: 15:1125 Trademark Infringement (Lanham Act) | Nature of Suit: 840 Trademark |
| | Jurisdiction: Federal Question |

**Plaintiff**

Xtreme Lashes LLC     represented by    **Howard L Steele, Jr**
Steele Sturm PLLC
1000 Louisiana
Ste 3780
Houston, TX 77002
713-659-2600
Fax: 713-659-2601
Email: hsteele@steelesturm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Joumana Mousselli     represented by    **Howard L Steele, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Xtended Beauty Inc.     represented by    **John A Chatowski**
Thelen Reid et al
101 Second Street
18th Fl
San Francisco, CA 94105
415-371-1200
Email: jachatowski@thelen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul C Van Slyke**
Locke Liddell & Sapp
600 Travis
Ste 3400 JP Morgan Chase Tower
Houston, TX 77002-3095
713-226-1406
Fax: 713-223-3717 fax
Email: pvanslyke@lockeliddell.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Weikert**
Thelen Reid et al
101 Second Streeet
18th Fl
San Francisco, CA 94105
415-371-1200
Fax: 415-371-1211
Email: raweikert@thelen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2007 | 1 | COMPLAINT against Xtended Beauty Inc. (Filing fee $ 350) filed by Xtreme Lashes LLC, Joumana Mousselli.(bthomas, ) (Entered: 07/27/2007) |
| 07/29/2007 | | CIVIL Filing fee re: 1 Complaint : $350.00, receipt number 4-583716, filed. (ejones, ) Paid by Steele Sturm, PLLC (Entered: 07/30/2007) |
| 07/30/2007 | 2 | ORDER FOR CONFERENCE. Initial Conference set for 10/9/2007 at 10:00 AM in Room 11122 before Judge Lynn N. Hughes.( Signed by Judge Lynn N. Hughes ) Parties notified.(sbyrum, ) (Entered: 07/30/2007) |
| 08/20/2007 | 3 | Order Resetting Conference. Initial Pretrial Conference reset for 8/27/2007 at 03:30 PM in Room 11122 before Judge Lynn N. Hughes. (Signed by Judge Lynn N. Hughes) Parties notified. (dkelly, ) (Entered: 08/20/2007) |
| 08/23/2007 | 4 | MOTION for John A. Chatowski, Esq to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/23/2007 | 5 | MOTION for Robert A. Weikert, Esq. to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/27/2007 | 6 | CONFERENCE MEMORANDUM: Appearances: Howard L Steele, Jr., and Charles Sturm f/Pltf; Robert A Weikert (by phone) f/Deft. Order to be entered. Review deadline 9/17/2007.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/27/2007 | 9 | ORDER by 3:00 pm 8/28/07 Xtended Beauty will give Xtrement Lashes a list of categories of products it sells and what percentage of its gross revenue the category represents, and a report of how much business it does in Texas.( Signed by Judge Lynn N. Hughes ) Parties notified. (kmurphy, ) (Entered: 08/28/2007) |

| | | |
|---|---|---|
| 08/28/2007 | 7 | ORDER granting John A Chatowski's 4 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/28/2007 | 8 | ORDER granting Robert Weikert's 5 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified. (kmurphy, ) (Entered: 08/28/2007) |
| 08/29/2007 | 10 | NOTICE of Appearance by Paul C. VanSlyke on behalf of Xtended Beauty Inc., filed. (Van Slyke, Paul) (Entered: 08/29/2007) |
| 09/11/2007 | 11 | Letter from Paul C. Van Slyke re: ruling by Judge Jenkins in the California declaratory judgment action, filed. (dkelly, ) (Entered: 09/12/2007) |
| 09/13/2007 | 12 | ORDER: By 5:00 p.m. on 9/17/2007, the parties will explain why this case should not be dismissed in favor of the California action.( Signed by Judge Lynn N. Hughes ) Parties notified.(dkelly, ) (Entered: 09/13/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/13/2007 14:27:01 | | | |
| PACER Login: | ss5347 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:07-cv-02460 |
| Billable Pages: | 2 | Cost: | 0.16 |