1   ROBERT A. WEIKERT  (State Bar No. 121146)
    VERONICA COLBY DEVITT (State Bar No. 79955)
2   JOHN A. CHATOWSKI (State Bar No. 174471)
    THELEN REID BROWN RAYSMAN & STEINER LLP
3   101 Second Street, Suite 1800
    San Francisco, CA   94105-3601
4   Telephone:  415-371-1200
    Facsimile:  415-371-1211
5   raweikert@thelen.com
    vdevitt@thelen.com
6   jachatowski@thelen.com

7   Attorneys for Plaintiff
    XTENDED BEAUTY, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  XTENDED BEAUTY, INC., a California          CASE NO.  C 07-03391 MJJ
    Corporation,
12                                              OPPOSITION OF PLAINTIFF XTENDED
            Plaintiff,                          BEAUTY, INC. TO DEFENDANTS'
13                                              MOTION PURSUANT TO CIV. L.R. 6-3 TO
                                                SHORTEN TIME TO HEAR DEFENDANTS'
14  v.                                          OBJECTION TO THE COURT'S
                                                JURISDICTION PURSUANT TO THE
15  XTREME LASHES, LLC, a Texas Limited         DECLARATORY JUDGMENT ACT_____
    Liability Corporation; and JOUMANA
16  MOUSSELLI, an individual,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

SF #1337379 v1

1   This is in response to Defendants Xtreme Lashes, LLC and Joumana Mousselli's Motion

2   Pursuant to Civ. L. R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise

3   of Jurisdiction Pursuant to the Declaratory Judgment Act.  For the reasons discussed below and in

4   the concurrently filed Declaration of Robert A. Weikert, Defendants' Motion should be denied

5   and their "Objection" should be scheduled for hearing on the Court's regular law and motion

6   calendar.

7   ## I.  **DISCUSSION**

8   In both the Motion to Shorten Time and their attempted second bite at the "dismissal

9   apple" (now styled as an "Objection"), Defendants continue to be less than forthcoming in their

10  characterization of the underlying facts and the status of the second-filed Texas action.[1]

11  First, as the Court knows, Defendants' counsel's June 19, 2007 "cease-and-desist" letter

12  does *not* state that Defendants "intended to file suit on June 30, 2007."  *See* Exhibit A to Weikert

13  Decl.  While Defendants' counsel threatened "legal action" if Xtended Beauty did not agree to

14  cease using its mark, her letter does *not* state that suit would be filed against Xtended Beauty on

15  June 30, 2007 (or offer any other specifics) if Xtended Beauty did not comply with Defendants'

16  demands.

17  Second, the Texas action has been far from "active."  The only activity has been an

18  unusual *sua sponte* conference ordered by the Texas court prior to the completion of service of the

19  Complaint or the filing of any responsive pleading by Plaintiff.  During that conference, among

20  other things, the court (1) asked Xtended Beauty to agree to voluntarily dismiss the California

21  action *prior* to any ruling by this Court on Defendants' then-pending motion to dismiss; and

22  (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants

23  (without requiring Defendants to provide any like information to Plaintiff), even though Xtended

24  Beauty had not responded to the Complaint, had not appeared in the action, and had objected,

25

26  _____

27  [1]  Defendants also filed their motion without first meeting and conferring in good faith with
    Plaintiff's counsel pursuant to Civil Local Rule 37-1.  Weikert Decl., ¶¶ 14-19.

28

1  through its counsel, to providing such information on the grounds that it was likely move to

2  dismiss the Texas action on various grounds.  Weikert Decl., ¶¶ 5-10.

3  Although Plaintiff had no choice but to comply with this Order, contrary to Defendants'

4  representation *no* documents of any kind have been produced.  There also has been no early

5  meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been

6  propounded.  Weikert Decl., ¶¶ 11-12.  Thus, given that Defendants have already answered the

7  Complaint here, and the parties have briefed, and this Court has ruled on, an initial motion to

8  dismiss, the resources so far expended on this action dwarf those expended on the Texas action.

9  Third, Plaintiff has *never* admitted that "it raced to the courthouse after receiving 'explicit

10 threats of litigation.'"  Indeed, this Court has already concluded that Defendants failed to present

11 any persuasive evidence establishing that Plaintiff acted in bad faith or engaged in impermissible

12 "forum shopping":  "Defendants' only proffered evidence is the June 19, 2007 letter from

13 Defendant to Plaintiff.  This letter at best supports an inference that Plaintiff filed suit in

14 California with some knowledge that Defendant might later file suit.  This letter alone, however, is

15 not sufficient to persuade the Court that transfer of venue is appropriate."  *See* September 7, 2007

16 Order Denying Motion to Dismiss and Motion to Transfer Venue, at 3.

17 Fourth, Defendants' contention that all the alleged "activity" in the Texas case occurred

18 *after* the conclusion of all of the briefing on their first motion to dismiss this action is likewise

19 false.  Defendants filed their Supplemental Memorandum in support of their motion on August 28,

20 2007 at 9:48 p.m., which was *after* the August 27 conference in the Texas action, *after* the Texas

21 District Court Judge issued his August 27 Order, and *after* Xtended Beauty sent its first letter in

22 response to the Order on the afternoon of August 28.  *See* Weikert Decl., ¶ 13.

23 Finally, the information that the Texas Court ordered Plaintiff to provide to Defendants,

24 *sua sponte* and in the absence of any discovery requests, does *not* demonstrate that the Texas

25 Court has personal jurisdiction over Plaintiff.  That issue has not yet been addressed by the Texas

26 Court because the case is not even at issue at this point, and Plaintiff's responsive pleading is not

27 due until September 28, 2007.  Weikert Decl., ¶ 12.

28 ///

1    These misstatements alone should give the Court pause with respect to the propriety of this

2   Motion to Shorten Time.  However, what is clearly fatal to the motion is the absence of any good

3   cause whatsoever for hearing the "Objection"—which is no more than an improper motion for

4   reconsideration—on shortened time.  The only rationale Defendants can muster is that until the

5   Objection is decided, "the procedural posture of [the two cases] will remain unresolved."  But

6   what does that mean, and why does that warrant depriving Plaintiff and this Court of the

7   opportunity to address the Objection on a regular briefing and hearing schedule?  Defendants do

8   not elaborate.  Further, in the face of the Texas court's September 18, 2007 Order granting

9   Defendants' Motion to Delay Dismissal of the Texas action pending at least a decision by this

10   Court on the "objection," the procedural posture of the Texas case is no longer relevant.  *See*

11   Exhibit "E" to Weikert Decl.

12    In any event, Defendants have failed to identify any substantial harm or prejudice that will

13   occur if their Objection is heard on the Court's regular law and motion calendar.  With standard

14   notice, the Objection will be heard on October 19, 2007,  a mere three days after the scheduled

15   initial Case Management Conference.  In fact, if the Court is so inclined Plaintiff has no objection

16   to having Defendants' Objection heard on October 16, 2007, the same day as the initial Case

17   Management Conference.

18    On the other hand, Plaintiff will be severely prejudiced if the Court approves a shortened

19   briefing and hearing schedule.  The shortened response time is insufficient due to the importance

20   of this motion to Plaintiff.  Defendant wishes to force Plaintiff to litigate this case in Texas.  This

21   would substantially increase the cost to Plaintiff of proceeding with this action and deprive it of its

22   chosen forum.[2]  Plaintiff should not be required to respond to this important motion on a

23   compressed schedule, especially since Defendants have not provided any compelling reason for

24   forcing Plaintiff to do so.

25   _____

26   [2] Defendants have already admitted in their Answer that this Court has personal jurisdiction over
    them, and in denying the previous motion to dismiss the Court has determined that venue is proper
27   here.

28

1

## II.  <u>CONCLUSION</u>

2

      Defendants' Motion should be denied and their "Objection" should be scheduled for

3

hearing on the Court's regular law and motion calendar, or on October 16, 2007, the same day as

4

the initial Case Management Conference.

5

                       Respectfully submitted,

6

Dated:  September 18, 2007       THELEN REID BROWN RAYSMAN & STEINER LLP

7

                      By _____/s/ Robert A. Weikert_____

8

                             ROBERT A. WEIKERT

9

                         Attorneys for Plaintiff
                        XTENDED BEAUTY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28