ROBERT A. WEIKERT  (State Bar No. 121146)
VERONICA COLBY DEVITT (State Bar No. 79955)
JOHN A. CHATOWSKI (State Bar No. 174471)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA   94105-3601
Telephone:  415-371-1200
Facsimile:  415-371-1211
raweikert@thelen.com
vdevitt@thelen.com
jachatowski@thelen.com

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>XTREME LASHES, LLC, a Texas Limited Liability Corporation; and JOUMANA MOUSSELLI, an individual,<br><br>         Defendants. | CASE NO.  C 07-03391 MJJ<br><br>**DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF XTENDED BEAUTY, INC.'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT** |

SF #1339372 v1

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR  OBJECTION TO  THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

1. I am member of the bar of this Court and am a partner in the firm of Thelen Reid Brown Raysman & Steiner LLP, counsel of record for Plaintiff Xtended Beauty, Inc. ("Xtended Beauty") in this action. Except as otherwise indicated, the following is based on my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2. Attached hereto as Exhibit "A" is a true and correct copy of Defendants' counsel Karen Tripp's June 19, 2007 letter.

3. On June 28, 2007, Plaintiff filed its Complaint in this action. On July 31, 2007, Defendants filed their Answer along with a Motion to Dismiss or, in the Alternative, to Transfer Venue. Defendants' motion was denied on September 7, 2007. Counsel have subsequently scheduled the Rule 26 early meeting of counsel for September 19, 2007. A Case Management Conference has also been scheduled for October 16, 2007.

4. On June 27, 2007, Defendants filed their Complaint in the United States District Court for the Southern District of Texas. The case was assigned to the Honorable Lynn N. Hughes.

5. On July 30, 2007, Defendants sent a copy of the Texas Complaint and a "Request for Waiver of Service of Summons" to Xtended Beauty's offices in Hayward, California. Xtended Beauty signed and returned the Request on August 24, 2007, making Xtended Beauty's first responsive pleading in the Texas action due on September 28, 2007.

6. On August 14, 2007, I received an email from Xtreme Lashes' counsel that Judge Hughes wanted to set up a conference in the Texas action regarding the case. We contacted Judge Hughes' clerk to determine the purpose and scope of the conference, and were advised that the clerk prepares a report each month of the cases that were filed in the previous month, and in this case, the Court told her to send an email to the parties telling them that "he wanted to see them."

7. We subsequently advised Judge Hughes' clerk and opposing counsel that we could specially appear by telephone at this "conference" (our office had not yet retained local counsel), subject of course to the right to challenge the Texas court's jurisdiction, and subject to all other appropriate defenses. The conference was scheduled for Monday, August 27, 2007.

8.  I participated in the August 27, 2007 conference call with Judge Hughes on behalf of Xtended Beauty along with my associate, John Chatowski. Xtreme Lashes' local counsel in Texas, Howard Steele and Charles Sturm, were physically present at the conference, which I understand occurred in Judge Hughes' chambers and without a court reporter present (counsel were not asked to state their appearances for the record).

9.  At the outset of the conference, and after making several comments suggesting that the Court believed that Xtended Beauty had commenced this action in anticipation of being sued in Texas, Judge Hughes asked me if we were willing to voluntarily dismiss the California action in favor of Xtreme Lashes' later-filed Texas action. I advised Judge Hughes that we would not do so, and believed that jurisdiction was proper in this Court. Judge Hughes then asked about the parties' respective businesses and Xtended Beauty's business contacts in Texas. The conference lasted approximately ten or fifteen minutes.

10. At the conclusion of the conference, Judge Hughes *sua sponte* ordered Xtended Beauty to provide certain information to Xtreme Lashes' counsel regarding its business by the following day, August 28, 2007, which he later memorialized in an Order. Although the Order is dated August 27, 2007, we did not receive it until the morning of August 30, the day after we provided the information that we understood from the conference needed to be sent to Xtreme Lashes' counsel. A true and correct copy of Judge Hughes' Order is attached hereto as Exhibit "B". The Order requires Xtended Beauty to provide a "list of the categories of products it sells and what percentage of its gross revenue the category represents," and a "report of how much business it does in Texas." Judge Hughes did not order Xtreme Lashes to provide any information to Xtended Beauty.

11. We provided Xtreme Lashes' counsel with the information requested in two letters dated August 28 and August 31, 2007. In each letter, we wrote that by providing this information, which it was doing under protest, Xtended Beauty was not making an appearance of any kind, and thus was not waiving either the right to move to dismiss the Texas action, including on the grounds of lack of personal jurisdiction and/or improper venue, or the right to move to transfer the action to this Court.

12. The Texas case is not at issue. Xtended Beauty's first responsive pleading is not due until September 28, 2007. There also has been no early meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been propounded. No documents have been produced; counsel merely responded, in two letters dated August 28 and August 31, 2007, to Judge Hughes' Order.

13. Defendants filed their Supplemental Memorandum in support of their motion to dismiss on August 28, 2007 at 9:48 p.m., which was *after* Judge Hughes' conference on August 27, *after* he issued his August 27 order, and *after* Xtended Beauty sent its first letter to Xtreme Counsel in the afternoon of August 28.

14. On the morning of Thursday, September 13, 2007, we received a telephone call from Xtended Beauty's Texas counsel asking if we would stipulate to an order shortening time for a hearing on an "Objection" that Defendants' intended to file that day challenging this Court's jurisdiction. This was *before* Judge Hughes issued his September 13, 2007 Order asking the parties to explain why the Texas action should not be dismissed in favor of the California action. Attached hereto as Exhibit "C" is an series of subsequent emails between Plaintiff's counsel and Defendants' counsel regarding Defendants' motion and "Objection."

15. On September 13, 2007 at 2:40 p.m. my associate John Chatowski received an email from Defendants' Texas counsel, Charles Sturm, renewing their request that we stipulate to an expedited hearing on their objection, which he said they intended to file later than day. (*See* Exhibit "C" hereto.)

16. Responding to his 2:40 p.m. email, Mr. Chatowski wrote to Mr. Sturm that we were not in a position to stipulate to the relief they were seeking because he had not provided us with a copy of Defendants' motion for an expedited hearing or their Objection, nor had he told us when he wanted their objection heard or why it needed to be heard on shortened time. (*See* Exhibit "C" hereto.)

17. Responding to his 3:22 p.m. email, Defendants' local counsel Scott Raber wrote to my associate John Chatowski, proposing that Plaintiffs' opposition to their objection be due on

Friday, September 21, with Defendants' reply brief due September 24, and "with the Court to schedule a hearing as it sees fit after that." (*See* Exhibit "C" hereto.)

18. Responding to his 5:35 p.m. email, Mr. Chatowski wrote to Mr. Raber that without seeing Defendants' "Objection" and motion, and understanding the reason(s) why Defendants believe the objection needs to be heard on shortened time, we could not agree to a shortened schedule. (*See* Exhibit "C" hereto.) Mr. Chatowski, therefore, asked Mr. Raber to send him Defendants' pleadings and stated that we would get back to him the following day in response to his proposal.

19. We received no response to Mr. Chatowski's email message. Instead, on Friday, September 14, 2007 at 4:40 p.m., we were served electronically with Defendants' motion for an order shortening time and the proposed "Objection."

20. Attached hereto as Exhibit "D" is a true and correct copy of Xtreme Lashes' "Motion to Delay Dismissal" filed on September 17, 2007 in the Texas action. By way of that "Motion," Defendants are asking the Texas court to "delay any further action in [the Texas] matter until the California court rules on [Defendants' Objection]."

21. Attached hereto as Exhibit "E" is a true and correct copy of a September 18, 2007 Order from the Texas Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of September, 2007, in San Francisco, California.

/s/ Robert A. Weikert  
Robert A. Weikert