EXHIBIT A

**Karen B. Tripp**
*Attorney at Law*
P.O. Box 1301
Houston, Texas 77251-1301
(713) 658-9323 phone
(713) 658-9410 fax
ktripp@tripplaw.com


June 19, 2007

*By U. S. Express Mail*
*by U.S. Certified Mail, RRR*
*and by Regular First Class Mail*

Mr. Rex Lao
Xtended Beauty, Inc.
2707 McCone Ave.
Hayward, CA 94545

Re:   Trademark Confusion Caused by "Xtended Beauty"

Dear Mr. Lao:

I represent Joumana Mousselli and Xtreme Lashes, Inc., with respect to their trademarks XTREME LASHES, EXTEND YOUR BEAUTY, AND XTREME BEAUTY. It has recently come to our attention that your business has been using the "Xtended Beauty" mark in a manner that implies that your services and products are associated with my clients.

Not only is the mark Xtended Beauty confusingly similar in appearance to my clients' marks, for similar cosmetic products and services, particularly related to eyelash extensions, but we understand that you have been using a color scheme and related trade dress similar to that of my clients at one or more trade shows.

As a result of years of use and promotion, my clients' marks have acquired substantial recognition and goodwill as designating my clients' business, products, and services.

Your business's misleading use of the "Xtended Beauty" mark, as mentioned above, has already caused actual confusion, and is likely to cause more confusion as to your business's affiliation with my client. Your business's misleading use of the "Xtended Beauty" mark constitutes the use of a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a)(1), which provides:

Mr. Rex Lao
June 19, 2007
Page 2

> Any person who, on or in connection with any goods or service, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false misleading representation of fact, which - (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, character, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In addition, your business's inaccurate use of the "XTENDED BEAUTY" mark also constitutes injury to and dilution of my client's trade name, trademarks, and service marks under § 16.29 of the Texas Business & Commerce Code, which provides in pertinent part:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

This is commonly known as the Texas anti-dilution statute, which became effective June 14, 1989. Regarding this state law, a federal court in Houston has stated that "§ 16.29 offers broader protection for Plaintiff's service marks than federal law because it authorizes relief 'regardless of whether there is competition between two parties or confusion as to the source of goods or services'." *Service Merchandise v. Service Jewelry Stores*, 737 F. Supp. 983, 999 (S.D. Tex. 1990).

**In order to protect my client's name, I request that you <u>immediately</u> stop referring to your business using the "Xtended Beauty" name and/or mark as a part of any presentation.**

This request applies to any and <u>all</u> advertising of your business, now and in the future, such as in the newspaper, or by way of stationery, business cards, signs and packaging; your corporate name; any "doing business as" (d.b.a.) or assumed name, **and especially all uses of "Xtended Beauty" on the internet.**

On or before noon, Central Daylight Time, on June 30, 2007, I need a letter from you assuring me of your immediate compliance. Included with such letter, I need proof that you have taken all reasonable efforts to stop using "Xtended Beauty" in connection with your extended eyelash business.

Mr. Rex Lao
June 19, 2007
Page 3

If I do not receive such a letter, I will take legal action to protect my client's valuable trademarks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction. If I am forced to file suit against your business, I will not abandon my clients' cause of action until I have obtained attorneys' fees, a settlement agreement, and a final judgment in my client's favor.

This letter serves as your notice that your continued use of the "Xtended Beauty" name is <u>clear</u> evidence that you <u>willfully</u> intend to either trade on my client's reputation, or dilute my clients' famous marks.

Please feel free to call me if you have any questions.

Sincerely yours,

*[signature]*

Karen B. Tripp

cc:   Joumana Mousselli
      Xtreme Lashes, Inc.