E. JEFFREY BANCHERO (SBN 93077)
SCOTT R. RABER (SBN 194924)
KASTNER | BANCHERO LLP
20 California Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Mr. Banchero's email: ejb@kastnerbanchero.com
Mr. Raber's email: srr@kastnerbanchero.com

Howard L. Steele (Texas SBN 24002999)
Charles A. Sturm (Texas SBN 24003020)
(admitted *pro hac vice*)
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601
Mr. Steele's email: hsteele@steelesturm.com
Mr. Sturm's email: csturm@steelesturm.com

Attorneys for Defendants
XTREME LASHES, LLC and JOUMANA MOUSSELLI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>          Plaintiff(s),<br><br>v.<br><br>XTREME LASHES, LLC, a Texas Limited Corporation; and JOUMANA MOUSELLI, an Individual,<br><br>          Defendant(s). | CASE NO. C 07-03391 MJJ<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT**<br><br>Date: October 30, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 11<br>Judge: Hon. Martin J. Jenkins |

- 1 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3
TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S EXERCISE OF
JURISDICTIONPURSUANT TO THE DECLARATORY JUDGMENT ACT       Case No. C07 -03391 MJJ

## **MEMORANDUM OF POINTS**

In its Opposition to Defendants' Motion Pursuant to Local Rule 6-3 and in Robert Weikert's Declaration in Support of Xtended Beauty's Opposition, Xtended Beauty makes a number of specious allegations concerning the conduct of Judge Lynn N. Hughes of the Southern District of Texas. Defendants file this short reply to set the record straight.

**A.     Xtended Beauty's Allegations of "Unusual" Conduct in the Texas Action Are Absurd**

Plaintiff states the following regarding the Texas action:

> The only activity has been an unusual *sua sponte* conference ordered by the Texas court prior to the completion of service of the Complaint or the filing of any responsive pleading by Plaintiff. During that conference, among other things, the [Texas] court (1) asked Xtended Beauty to agree to voluntarily dismiss the California action *prior* to any ruling by this Court on Defendants' then-pending motion to dismiss; and (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants (without requiring Defendants to provide any like information to Plaintiff), even though Xtended Beauty had not responded to the Complaint, had not appeared in the action, and had objected . . . .

Pl. Opp. to Def. Mtn. to Shorten Time, at pp. 1-2, attached as Exhibit A. (Emphasis in original).

The intended implication of this paragraph is, at worst, that Defendants' counsel have somehow colluded with a federal judge to "hometown" their client (and that this Court should protect them from further mistreatment by retaining jurisdiction). At best, the implication is that Judge Hughes is not treating Xtended Beauty fairly. The former interpretation is obvious from the following recitation from Xtended Beauty's counsel:

> I participated in the August 27, 2007 conference call with Judge Hughes . . . . Xtreme Lashes' local counsel in Texas . . . *were physically present at the conference, which I understand occurred in Judge Hughes'[sic] chambers and without a court reporter present* (counsel were not asked to state their appearances for the record).

Decl. of Robert Weikert in Supp. Pl. Opp. Def. Mtn. Shorten Time, ¶ 8, attached as Exhibit B. (Emphasis supplied).

### B. Judge Hughes Holds All Pretrial Conferences in His Chambers Without a Court Reporter, and Routinely Orders Parties to Produce Information *Sua Sponte*

Xtended Beauty's characterization of the pretrial conference before Judge Hughes as being "unusual" is utterly preposterous. Judge Hughes holds all pretrial conferences in his chambers without a court reporter. Declaration of Charles A. Sturm, attached as Exhibit C. Xtended Beauty's local counsel, Mr. Van Slyke, is well aware of this fact. Judge Hughes also utilizes his law clerks to memorialize proceedings in pretrial conferences rather than a court reporter. *Id*. The law clerks prepare a conference memorandum immediately after the hearing. *Id*.

The allegation that it was "unusual" for Judge Hughes to order Xtended Beauty to provide information concerning the merits of the lawsuit *sua sponte* at the pretrial conference is also false. Judge Hughes routinely orders parties to provide information at the pretrial conference. Again, Xtended Beauty's local counsel will confirm this fact. In fact, Judge Hughes *has done the exact same thing to Defendants' counsel in other cases*. *Id*. For example, in *Holmes v. Verizon Wireless Services, LLC, et al.*, Judge Hughes ordered Charles Sturm to produce, on three days' notice, voluminous medical records that were not even in his possession. *Id*. Judge Hughes also *dismissed three defendants* at the pretrial conference *without notice and without a request by the Defendants*. *Id*.

Judge Hughes is treating Xtended Beauty no differently than he does every other litigant that appears before him. Any *innuendo* to the contrary is false.

DATED: September 26, 2007           STEELE STURM, PLLC


                                    By: /s/ Charles A. Sturm
                                        Charles A. Sturm
                                        Appearance, *pro hac vice*

                                    Attorneys for Defendants
                                    XTREME LASHES, LLC and
                                    JOUMANA MOUSSELLI

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S EXERCISE OF JURISDICTIONPURSUANT TO THE DECLARATORY JUDGMENT ACT           Case No. C07 -03391 MJJ