# EXHIBIT A

1   ROBERT A. WEIKERT  (State Bar No. 121146)
    VERONICA COLBY DEVITT (State Bar No. 79955)
2   JOHN A. CHATOWSKI (State Bar No. 174471)
    THELEN REID BROWN RAYSMAN & STEINER LLP
3   101 Second Street, Suite 1800
    San Francisco, CA  94105-3601
4   Telephone:  415-371-1200
    Facsimile:  415-371-1211
5   raweikert@thelen.com
    vdevitt@thelen.com
6   jachatowski@thelen.com

7   Attorneys for Plaintiff
    XTENDED BEAUTY, INC.

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11  XTENDED BEAUTY, INC., a California          CASE NO.  C 07-03391 MJJ
    Corporation,
12                                              OPPOSITION OF PLAINTIFF XTENDED
13          Plaintiff,                          BEAUTY, INC. TO DEFENDANTS'
                                                MOTION PURSUANT TO CIV. L.R. 6-3 TO
14  v.                                          SHORTEN TIME TO HEAR DEFENDANTS'
                                                OBJECTION TO THE COURT'S
15  XTREME LASHES, LLC, a Texas Limited         JURISDICTION PURSUANT TO THE
    Liability Corporation; and JOUMANA          DECLARATORY JUDGMENT ACT
16  MOUSSELLI, an individual,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

SF #1337379 v1

1   This is in response to Defendants Xtreme Lashes, LLC and Joumana Mousselli's Motion

2   Pursuant to Civ. L. R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise

3   of Jurisdiction Pursuant to the Declaratory Judgment Act.  For the reasons discussed below and in

4   the concurrently filed Declaration of Robert A. Weikert, Defendants' Motion should be denied

5   and their "Objection" should be scheduled for hearing on the Court's regular law and motion

6   calendar.

7   ## I. DISCUSSION

8   In both the Motion to Shorten Time and their attempted second bite at the "dismissal

9   apple" (now styled as an "Objection"), Defendants continue to be less than forthcoming in their

10  characterization of the underlying facts and the status of the second-filed Texas action.[1]

11  First, as the Court knows, Defendants' counsel's June 19, 2007 "cease-and-desist" letter

12  does *not* state that Defendants "intended to file suit on June 30, 2007." *See* Exhibit A to Weikert

13  Decl.  While Defendants' counsel threatened "legal action" if Xtended Beauty did not agree to

14  cease using its mark, her letter does *not* state that suit would be filed against Xtended Beauty on

15  June 30, 2007 (or offer any other specifics) if Xtended Beauty did not comply with Defendants'

16  demands.

17  Second, the Texas action has been far from "active."  The only activity has been an

18  unusual *sua sponte* conference ordered by the Texas court prior to the completion of service of the

19  Complaint or the filing of any responsive pleading by Plaintiff.  During that conference, among

20  other things, the court (1) asked Xtended Beauty to agree to voluntarily dismiss the California

21  action *prior* to any ruling by this Court on Defendants' then-pending motion to dismiss; and

22  (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants

23  (without requiring Defendants to provide any like information to Plaintiff), even though Xtended

24  Beauty had not responded to the Complaint, had not appeared in the action, and had objected,

25

26  _____

27  [1]  Defendants also filed their motion without first meeting and conferring in good faith with
    Plaintiff's counsel pursuant to Civil Local Rule 37-1.  Weikert Decl., ¶¶ 14-19.

28

OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO
SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

1  through its counsel, to providing such information on the grounds that it was likely move to

2  dismiss the Texas action on various grounds.  Weikert Decl., ¶¶ 5-10.

3       Although Plaintiff had no choice but to comply with this Order, contrary to Defendants'

4  representation *no* documents of any kind have been produced.  There also has been no early

5  meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been

6  propounded.  Weikert Decl., ¶¶ 11-12.  Thus, given that Defendants have already answered the

7  Complaint here, and the parties have briefed, and this Court has ruled on, an initial motion to

8  dismiss, the resources so far expended on this action dwarf those expended on the Texas action.

9       Third, Plaintiff has *never* admitted that "it raced to the courthouse after receiving 'explicit

10  threats of litigation.'"  Indeed, this Court has already concluded that Defendants failed to present

11  any persuasive evidence establishing that Plaintiff acted in bad faith or engaged in impermissible

12  "forum shopping": "Defendants' only proffered evidence is the June 19, 2007 letter from

13  Defendant to Plaintiff.  This letter at best supports an inference that Plaintiff filed suit in

14  California with some knowledge that Defendant might later file suit.  This letter alone, however, is

15  not sufficient to persuade the Court that transfer of venue is appropriate." *See* September 7, 2007

16  Order Denying Motion to Dismiss and Motion to Transfer Venue, at 3.

17       Fourth, Defendants' contention that all the alleged "activity" in the Texas case occurred

18  *after* the conclusion of all of the briefing on their first motion to dismiss this action is likewise

19  false.  Defendants filed their Supplemental Memorandum in support of their motion on August 28,

20  2007 at 9:48 p.m., which was *after* the August 27 conference in the Texas action, *after* the Texas

21  District Court Judge issued his August 27 Order, and *after* Xtended Beauty sent its first letter in

22  response to the Order on the afternoon of August 28.  *See* Weikert Decl., ¶ 13.

23       Finally, the information that the Texas Court ordered Plaintiff to provide to Defendants,

24  *sua sponte* and in the absence of any discovery requests, does *not* demonstrate that the Texas

25  Court has personal jurisdiction over Plaintiff.  That issue has not yet been addressed by the Texas

26  Court because the case is not even at issue at this point, and Plaintiff's responsive pleading is not

27  due until September 28, 2007.  Weikert Decl., ¶ 12.

28  ///

1    These misstatements alone should give the Court pause with respect to the propriety of this

2  Motion to Shorten Time.  However, what is clearly fatal to the motion is the absence of any good

3  cause whatsoever for hearing the "Objection"—which is no more than an improper motion for

4  reconsideration—on shortened time.  The only rationale Defendants can muster is that until the

5  Objection is decided, "the procedural posture of [the two cases] will remain unresolved."  But

6  what does that mean, and why does that warrant depriving Plaintiff and this Court of the

7  opportunity to address the Objection on a regular briefing and hearing schedule?  Defendants do

8  not elaborate.  Further, in the face of the Texas court's September 18, 2007 Order granting

9  Defendants' Motion to Delay Dismissal of the Texas action pending at least a decision by this

10  Court on the "objection," the procedural posture of the Texas case is no longer relevant.  *See*

11  Exhibit "E" to Weikert Decl.

12    In any event, Defendants have failed to identify any substantial harm or prejudice that will

13  occur if their Objection is heard on the Court's regular law and motion calendar.  With standard

14  notice, the Objection will be heard on October 19, 2007,  a mere three days after the scheduled

15  initial Case Management Conference.  In fact, if the Court is so inclined Plaintiff has no objection

16  to having Defendants' Objection heard on October 16, 2007, the same day as the initial Case

17  Management Conference.

18    On the other hand, Plaintiff will be severely prejudiced if the Court approves a shortened

19  briefing and hearing schedule.  The shortened response time is insufficient due to the importance

20  of this motion to Plaintiff.  Defendant wishes to force Plaintiff to litigate this case in Texas.  This

21  would substantially increase the cost to Plaintiff of proceeding with this action and deprive it of its

22  chosen forum.[2]  Plaintiff should not be required to respond to this important motion on a

23  compressed schedule, especially since Defendants have not provided any compelling reason for

24  forcing Plaintiff to do so.

25  _____

26  [2] Defendants have already admitted in their Answer that this Court has personal jurisdiction over
them, and in denying the previous motion to dismiss the Court has determined that venue is proper
27  here.

28

1

## II.  CONCLUSION

2      Defendants' Motion should be denied and their "Objection" should be scheduled for

3  hearing on the Court's regular law and motion calendar, or on October 16, 2007, the same day as

4  the initial Case Management Conference.

5                           Respectfully submitted,

6  Dated:  September 18, 2007          THELEN REID BROWN RAYSMAN & STEINER LLP

7                           By _____/s/ Robert A. Weikert_____
                                   ROBERT A. WEIKERT
8
                                 Attorneys for Plaintiff
9                                XTENDED BEAUTY, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF #1337379 v1                        -4-

# EXHIBIT B

1  ROBERT A. WEIKERT  (State Bar No. 121146)
   VERONICA COLBY DEVITT (State Bar No. 79955)
2  JOHN A. CHATOWSKI (State Bar No. 174471)
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, CA  94105-3601
4  Telephone:  415-371-1200
   Facsimile:  415-371-1211
5  raweikert@thelen.com
   vdevitt@thelen.com
6  jachatowski@thelen.com

7  Attorneys for Plaintiff
   XTENDED BEAUTY, INC.

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  XTENDED BEAUTY, INC., a California          CASE NO.  C 07-03391 MJJ
    Corporation,
12                                              DECLARATION OF ROBERT A. WEIKERT
                                                IN SUPPORT OF PLAINTIFF XTENDED
13          Plaintiff,                          BEAUTY, INC.'S OPPOSITION TO
                                                DEFENDANTS' MOTION PURSUANT TO
14  v.                                          CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR
                                                DEFENDANTS' OBJECTION TO THE
15  XTREME LASHES, LLC, a Texas Limited         COURT'S JURISDICTION PURSUANT TO
    Liability Corporation; and JOUMANA          THE DECLARATORY JUDGMENT ACT
16  MOUSSELLI, an individual,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

SF #1339372 v1

1.     I am member of the bar of this Court and am a partner in the firm of Thelen Reid Brown Raysman & Steiner LLP, counsel of record for Plaintiff Xtended Beauty, Inc. ("Xtended Beauty") in this action.  Except as otherwise indicated, the following is based on my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2.     Attached hereto as Exhibit "A" is a true and correct copy of Defendants' counsel Karen Tripp's June 19, 2007 letter.

3.     On June 28, 2007, Plaintiff filed its Complaint in this action.  On July 31, 2007, Defendants filed their Answer along with a Motion to Dismiss or, in the Alternative, to Transfer Venue.  Defendants' motion was denied on September 7, 2007.  Counsel have subsequently scheduled the Rule 26 early meeting of counsel for September 19, 2007.  A Case Management Conference has also been scheduled for October 16, 2007.

4.     On June 27, 2007, Defendants filed their Complaint in the United States District Court for the Southern District of Texas.  The case was assigned to the Honorable Lynn N. Hughes.

5.     On July 30, 2007, Defendants sent a copy of the Texas Complaint and a "Request for Waiver of Service of Summons" to Xtended Beauty's offices in Hayward, California.  Xtended Beauty signed and returned the Request on August 24, 2007, making Xtended Beauty's first responsive pleading in the Texas action due on September 28, 2007.

6.     On August 14, 2007, I received an email from Xtreme Lashes' counsel that Judge Hughes wanted to set up a conference in the Texas action regarding the case.  We contacted Judge Hughes' clerk to determine the purpose and scope of the conference, and were advised that the clerk prepares a report each month of the cases that were filed in the previous month, and in this case, the Court told her to send an email to the parties telling them that "he wanted to see them."

7.     We subsequently advised Judge Hughes' clerk and opposing counsel that we could specially appear by telephone at this "conference" (our office had not yet retained local counsel), subject of course to the right to challenge the Texas court's jurisdiction, and subject to all other appropriate defenses.  The conference was scheduled for Monday, August 27, 2007.

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

8.    I participated in the August 27, 2007 conference call with Judge Hughes on behalf of Xtended Beauty along with my associate, John Chatowski. Xtreme Lashes' local counsel in Texas, Howard Steele and Charles Sturm, were physically present at the conference, which I understand occurred in Judge Hughes' chambers and without a court reporter present (counsel were not asked to state their appearances for the record).

9.    At the outset of the conference, and after making several comments suggesting that the Court believed that Xtended Beauty had commenced this action in anticipation of being sued in Texas, Judge Hughes asked me if we were willing to voluntarily dismiss the California action in favor of Xtreme Lashes' later-filed Texas action. I advised Judge Hughes that we would not do so, and believed that jurisdiction was proper in this Court. Judge Hughes then asked about the parties' respective businesses and Xtended Beauty's business contacts in Texas. The conference lasted approximately ten or fifteen minutes.

10.    At the conclusion of the conference, Judge Hughes *sua sponte* ordered Xtended Beauty to provide certain information to Xtreme Lashes' counsel regarding its business by the following day, August 28, 2007, which he later memorialized in an Order. Although the Order is dated August 27, 2007, we did not receive it until the morning of August 30, the day after we provided the information that we understood from the conference needed to be sent to Xtreme Lashes' counsel. A true and correct copy of Judge Hughes' Order is attached hereto as Exhibit "B". The Order requires Xtended Beauty to provide a "list of the categories of products it sells and what percentage of its gross revenue the category represents," and a "report of how much business it does in Texas." Judge Hughes did not order Xtreme Lashes to provide any information to Xtended Beauty.

11.    We provided Xtreme Lashes' counsel with the information requested in two letters dated August 28 and August 31, 2007. In each letter, we wrote that by providing this information, which it was doing under protest, Xtended Beauty was not making an appearance of any kind, and thus was not waiving either the right to move to dismiss the Texas action, including on the grounds of lack of personal jurisdiction and/or improper venue, or the right to move to transfer the action to this Court.

12.    The Texas case is not at issue. Xtended Beauty's first responsive pleading is not due until September 28, 2007. There also has been no early meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been propounded. No documents have been produced; counsel merely responded, in two letters dated August 28 and August 31, 2007, to Judge Hughes' Order.

13.    Defendants filed their Supplemental Memorandum in support of their motion to dismiss on August 28, 2007 at 9:48 p.m., which was *after* Judge Hughes' conference on August 27, *after* he issued his August 27 order, and *after* Xtended Beauty sent its first letter to Xtreme Counsel in the afternoon of August 28.

14.    On the morning of Thursday, September 13, 2007, we received a telephone call from Xtended Beauty's Texas counsel asking if we would stipulate to an order shortening time for a hearing on an "Objection" that Defendants' intended to file that day challenging this Court's jurisdiction. This was *before* Judge Hughes issued his September 13, 2007 Order asking the parties to explain why the Texas action should not be dismissed in favor of the California action. Attached hereto as Exhibit "C" is an series of subsequent emails between Plaintiff's counsel and Defendants' counsel regarding Defendants' motion and "Objection."

15.    On September 13, 2007 at 2:40 p.m. my associate John Chatowski received an email from Defendants' Texas counsel, Charles Sturm, renewing their request that we stipulate to an expedited hearing on their objection, which he said they intended to file later than day. (*See* Exhibit "C" hereto.)

16.    Responding to his 2:40 p.m. email, Mr. Chatowski wrote to Mr. Sturm that we were not in a position to stipulate to the relief they were seeking because he had not provided us with a copy of Defendants' motion for an expedited hearing or their Objection, nor had he told us when he wanted their objection heard or why it needed to be heard on shortened time. (*See* Exhibit "C" hereto.)

17.    Responding to his 3:22 p.m. email, Defendants' local counsel Scott Raber wrote to my associate John Chatowski, proposing that Plaintiffs' opposition to their objection be due on

1  Friday, September 21, with Defendants' reply brief due September 24, and "with the Court to

2  schedule a hearing as it sees fit after that." (*See* Exhibit "C" hereto.)

3      18.    Responding to his 5:35 p.m. email, Mr. Chatowski wrote to Mr. Raber that without

4  seeing Defendants' "Objection" and motion, and understanding the reason(s) why Defendants

5  believe the objection needs to be heard on shortened time, we could not agree to a shortened

6  schedule. (*See* Exhibit "C" hereto.)  Mr. Chatowski, therefore, asked Mr. Raber to send him

7  Defendants' pleadings and stated that we would get back to him the following day in response to

8  his proposal.

9      19.    We received no response to Mr. Chatowski's email message.  Instead, on Friday,

10  September 14, 2007 at 4:40 p.m., we were served electronically with Defendants' motion for an

11  order shortening time and the proposed "Objection."

12      20.    Attached hereto as Exhibit "D" is a true and correct copy of Xtreme Lashes'

13  "Motion to Delay Dismissal" filed on September 17, 2007 in the Texas action.  By way of that

14  "Motion," Defendants are asking the Texas court to "delay any further action in [the Texas] matter

15  until the California court rules on [Defendants' Objection]."

16      21.    Attached hereto as Exhibit "E" is a true and correct copy of a September 18, 2007

17  Order from the Texas Court.

18      I declare under penalty of perjury that the foregoing is true and correct.

19      Executed this 18th day of September, 2007, in San Francisco, California.

20

21                    _____/s/ Robert A. Weikert_____
                                   Robert A. Weikert

22

23

24

25

26

27

28

SF #1339372 v1                          -4-

# EXHIBIT C

1  E. JEFFREY BANCHERO (SBN 93077)
   SCOTT R. RABER (SBN 194924)
2  KASTNER | BANCHERO LLP
   20 California Street, 7th Floor
3  San Francisco, California 94111
   Telephone: (415) 398-7000
4  Facsimile: (415) 616-7000
5  Mr. Banchero's email: ejb@kastnerbanchero.com
   Mr. Raber's email:  srr@kastnerbanchero.com
6
7  Howard L. Steele (Texas SBN 24002999)
   Charles A. Sturm (Texas SBN 24003020)
8  (admitted *pro hac vice*)
   STEELE STURM, PLLC
9  1000 Louisiana, Suite 3780
   Houston, Texas 77002
10 Telephone: (713) 659-2600
   Facsimile: (713) 659-2601
11 Mr. Steele's email:  hsteele@steelesturm.com
12 Mr. Sturm's email:  csturm@steelesturm.com

13 Attorneys for Defendants
   XTREME LASHES, LLC and JOUMANA MOUSSELLI
14
15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17
   XTENDED BEAUTY, INC., a California      )   CASE NO. C 07-03391 MJJ
18 Corporation,                           )
                                          )   **DECLARATION OF CHARLES A.**
19              Plaintiff(s),             )   **STURM IN SUPPORT OF**
                                          )   **DEFENDANTS' REPLY TO**
20      v.                                )   **PLAINTIFF'S OPPOSITION TO**
                                          )   **DEFENDANTS' MOTION**
21 XTREME LASHES, LLC, a Texas Limited    )   **PURSUANT TO CIV. L.R. 6-3 TO**
22 Corporation; and JOUMANA MOUSELLI, an  )   **SHORTEN TIME TO HEAR**
   Individual,                            )   **DEFENDANTS' OBJECTION TO**
23                                         )   **THE COURT'S JURISDICTION**
                                          )   **PURSUANT TO THE**
24              Defendant(s).             )   **DECLARATORY JUDGEMENT**
                                          )   **ACT**
25                                         )
26  _____       )

27

28
                                    - 1 -

1      1.      I am a member of the State Bar of Texas and am admitted to this Court *pro hac*

2  *vice*. I am a partner at the firm Steele Sturm, P.L.L.C and counsel of record for Xtreme Lashes,

3  L.L.C. and Joumana Mouselli (collectively "Defendants"). Except as otherwise indicated, the

4  following is based on my own personal knowledge, and if called upon to testify thereto, I could

5  and would competently do so.

6      2.      I have personally attended more than two dozen pretrial conferences in Judge

7  Hughes's Court. It is not unusual for Judge Hughes to call a *sua sponte* pretrial conference for the

8  parties. Additionally, the pre-trial conferences that I have attended in Judge Hughes's Court have

9  all taken place in his chambers without the presence of a court reporter. It is customary for Judge

10  Hughes's law clerks to prepare the conference memorandum immediately after the hearing.

11

12      3.      Moreover, *sua sponte* discovery orders are not out of the ordinary in Judge

Hughes's Court. Less than a year ago, I received a *sua sponte* discovery order from Judge Hughes

13  requiring me to provide voluminous discovery, not in my possession, to opposing counsel within

14  three days. Attached hereto as Exhibit "C-1" is a true and correct copy of an order I received in

15  Judge Hughes's Court in an unrelated matter. The opposing party was not required to provide any

16  discovery in return. *Id.* Further, in the same pre-trial conference, Judge Hughes dismissed three

17  defendants without notice or a request from Defendants. *See* Exhibit C-1.

18      I declare under penalty of perjury that the foregoing is true and correct.

19      Executed this 26th day of September 2007, in Houston, Texas

20

21               By: /s/ Charles A. Sturm

22                    Charles A. Sturm

23

24

25

26

27

28
- 2 -

**DECLARATION OF CHARLES A. STURM IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT**

# EXHIBIT C-1

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Robert Holmes                          §
                                       §
versus                                 §          CIVIL ACTION H- 06-2291
                                       §
Verizon Wireless,                      §
                    et al.

Conference  Memorandum

Counsel:                                Representing:

Charles Strum                           P. Robert Holmes
Charlene Carolina                       _____

Ruthie White                    ⎤       Ds. Verizon, Sears &
Peter Stumodreher               ⎦       Johnson

Date: November 13, 2006                 Reporter: _____
Started: 10:15 a.m                      Ended: 10:45 am

At the conference, these rulings were made:

Verizon Wireless, JoAnn Sears and Vernon Johnson are dismissed.
Robert Holmes will obtain his medical records and share them
with Verizon Wireless Texas, LLC, by Thursday, November 16, 2006.

_____

☐     Order to be entered.
☐     Trial preparation to be completed by: _____, 200__.
☑     A pretrial conference is set for: Monday, 10:30 a.m. November 20, 2006.
☐     A hearing is set for: _____ on _____, 200__.
☐     A trial is set for : _____ on _____, 200__.
      ☐ Bench     ☐ Jury (Estimated time at 5.5 hours a day _____).
☐     Joint Pretrial Order due: _____, 200__.
☐     Review deadline _____, 200__.

                                        _____
                                        Lynn N. Hughes
                                        United States District Judge