1  ROBERT A. WEIKERT (State Bar No. 121146)
   VERONICA COLBY DEVITT (State Bar No. 79955)
2  JOHN A. CHATOWSKI (State Bar No. 174471)
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, CA  94105-3601
4  Telephone: 415-371-1200
   Facsimile: 415-371-1211
5  raweikert@thelen.com
   vdevitt@thelen.com
6  jachatowski@thelen.com

7  Attorneys for Plaintiff
   XTENDED BEAUTY, INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  XTENDED BEAUTY, INC., a California Corporation,<br>12<br>13            Plaintiff,<br>14  v.<br>15  XTREME LASHES, LLC, a Texas Limited Liability Corporation; and JOUMANA MOUSSELLI, an individual,<br>16<br>17            Defendants. | CASE NO. C 07-03391 MJJ<br><br>**OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT**<br><br>Date of Hearing: October 30, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Martin J. Jenkins |

SF #1338184 v1

OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION
PURSUANT TO THE DECLARATORY JUDGMENT ACT (CASE NO C 07-03391 MJJ)

## I. INTRODUCTION

In their second request for dismissal of this action, Defendants argue that the Court should exercise its discretion under the Declaratory Judgment Act and dismiss this case in favor of the second-filed Texas action.[1] As it did with the initial motion to dismiss, the Court should decline this request for the following reasons:

1. There is no basis for abstention under *Brillhart* because (a) there is no parallel state court action pending between the parties; (b) the cumulative state law claims Defendants have included in the Texas action (for this very reason, no doubt) are derivative of the federal claims, and essentially have the very same elements and burdens of proof, raise no novel questions of law, and, if permissible, can all be addressed as counterclaims in this suit; (c) as with the previous motion, Defendants have not offered *any* evidence whatsoever supporting their critical charge that Plaintiff engaged in "bad faith forum shopping;" and (d) the present action was filed a month before the Texas action was filed, and despite Defendants' misrepresentations to the contrary, the present action is (not surprisingly) much further along.

2. There is no compelling reason here for denying Plaintiff its choice of forum and disregarding the first-to-file rule. As this Court already determined in denying the previous motion to dismiss, the June 19, 2007 demand letter from Defendants' counsel did *not* state that Plaintiff would be sued *on* June 30, 2007 *in* Texas if Plaintiff did not cease using its trademark. Indeed, the Court noted that "the letter *at best* supports an inference that Plaintiff filed suit in California with some knowledge that Defendants might later file suit." (*See* Order Denying Motion to Dismiss and Motion to Transfer Venue, 3:9-10 (emphasis added).) The fact that Defendants did not file

---

[1] Defendants now acknowledge (*after* this Court so found) that they improperly raised this issue for the first time in their reply brief in support of the first motion to dismiss. *See* Objection, n.1. However, there are other aspects of this "Objection", including Defendants' core argument that Plaintiff engaged in improper forum shopping, that were already addressed in the prior motion and ruled upon by this Court. To that extent, and particularly given the fact that Defendants have once again failed to present even a scintilla of evidence to support their contentions, the "Objection" is arguably an impermissible motion for reconsideration.

suit until July 27, 2007 (almost a month later) proves this very point: Defendants had no intention of suing Plaintiff on June 30, 2007, nor were they in a position to do so. Based on a reasonable apprehension though, of being sued somewhere at some unknown time in the future, Plaintiff properly invoked its rights under the Declaratory Judgment Act and commenced this action. This is exactly the situation the Act is designed to address.

3. In their Answer (filed on July 31, 2007), Defendants acknowledge that this Court has subject matter jurisdiction over this case and that they each do business in California, including in this judicial district, and the Court has also determined that venue here is neither improper nor inconvenient for Defendants for purposes of 28 U.S.C. Section 1404(a).

In short, Defendants have failed to meet their burden of establishing that abstention is warranted here and that the Court should decline to exercise jurisdiction under the Declaratory Judgment Act. In fact, by any measure the opposite is true: the Court should retain jurisdiction and proceed forward with the adjudication of this matter.

## II.   DISCUSSION

### A.   There Is Still No Evidence To Support Defendants' Claim That Plaintiff Engaged In Bad Faith Forum Shopping

In a familiar refrain, Defendants contend that this Court should abstain from hearing this action so as not to "reward Plaintiff for its admitted forum shopping." (Objection, 5:28-6:1.) First, Plaintiff has never made any such admission because it is not true. Second, Defendants made this same argument without success in their original motion to dismiss (*see* Motion, ¶¶ 13-14 and Supplemental Memorandum, 3:23-4:2), and have offered no new evidence to support it.

Based on the evidence presented at the time Defendants filed their first motion to dismiss (or more aptly, the lack thereof), this Court concluded that there had been no improper forum shopping: "Defendant contends that venue is appropriate in Texas primarily because Plaintiff filed suit in California in anticipation of Defendant's suit and in an effort to forum shop. In support, Defendant's *only* proffered evidence is the June 19, 2007 letter from Defendant to Plaintiff. This letter at best supports an inference that Plaintiff filed suit in California with some knowledge that Defendant might later file suit." (Order, 3:6-10 (emphasis added).)

SF #1338184 v1                                -2-

OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION
PURSUANT TO THE DECLARATORY JUDGMENT ACT (CASE NO C 07-03391 MJJ)

Significantly, in connection with their new "Objection" Defendants rely on the same letter and fail to produce any new evidence to support their bogus forum-shopping claim. Thus, the argument upon which this entire "Objection" is based was previously made and rejected by this Court. And because Defendants have not, and cannot, point to any additional evidence to counter that finding, and have made no additional arguments in their papers on the subject, there is no reason for this Court to change course and now abstain from hearing this case in favor of the second-filed Texas action.[2]

**B.    There Is No Compelling Reason For The Court To Abstain From Hearing This Action.**

Defendants have not established, and cannot establish, that abstention is warranted here. As an initial matter, "there is no presumption in favor of abstention in declaratory judgment actions . . . ." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Further, as a general rule, federal courts have an obligation to exercise their jurisdiction absent "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976).

In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995), the Supreme Court held that a district court may, without a finding of "exceptional circumstances," stay a federal action for declaratory relief where parallel proceedings in state court "present the opportunity for ventilation

---

[2] Defendants also include a lengthy discussion in their "Objection" as to why *Royal Queentex Entertainment, Inc. v. Sara-Lee Corp.* and *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.* are distinguishable from this case, and they also make a passing reference to *Internet Transaction Solutions, Inc. v. Intel Corporation*, 2006 WL 1281654 (S.D. Ohio. 2006) (*See* Objection, n.3.) This discussion is nearly identical, word for word, to Section III of Defendants' Supplemental Memorandum regarding Defendants' contention that this case should be transferred for convenience, *which the Court has already considered and denied.* It is simply nothing more than a re-hash of the same argument, without any new evidence to support it. In any event, *Royal Queentex* and *Gunthy-Renker* support this Court's earlier finding that Plaintiff has not engaged in any forum shopping. Moreover, *Internet Transaction Solutions* is distinguishable because in that case the Court found that the plaintiff engaged in "procedural fencing" (of which there is no evidence here) and the defendant filed its trademark infringement action a mere four days later (instead of four weeks later as in this case).

of the same state law issues." In deciding whether to exercise this discretion, the Supreme Court affirmed its holding in *Brillhart*, where the Court explained that the central issue is whether "the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

While the Supreme Court in *Brillhart* did not provide an exhaustive list of factors to consider, it did provide some useful guideposts, including (1) whether abstention would avoid needless determination of state law issues, (2) whether abstention would discourage litigants from filing declaratory actions as a means of forum-shopping, and (3) whether abstention would avoid duplicative litigation. *Id.* at 495. However, the district court's discretion is not unfettered. "A district court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962). In addition, in *Wilton* the Supreme Court expressly excluded "cases in which there are no parallel state proceedings" from the scope of its holding. *Wilton*, 515 U.S. at 282-283.

Defendants have already acknowledged that this Court has subject matter jurisdiction over this case (*see* Complaint ¶ 1; Answer ¶ 1) and that they each do business in California, including in this judicial district. (*See* Complaint ¶ 5; Answer ¶ 5.) This Court has also rejected Defendants' contention that venue is improper here, and that this action should be transferred to the Southern District of Texas for convenience. A review of the *Brillhart* guideposts also shows that this case belongs in this Court and that abstention is unwarranted.

### 1. The Texas Action Is Not A "Parallel State Proceeding."

The Texas action is not a parallel state proceeding. Thus, there are no issues of judicial comity that would be served by having this Court dismiss a properly-filed action in favor of a second and later filed federal court action. Indeed, in their recent "Motion to Delay Dismissal" filed in the Texas action, Defendants expressly concede that if this Court does not decline jurisdiction then the Texas action should be dismissed. (*See* Ex. "C" to Weikert Decl.)

///

///

///

### 2.    Abstention Will Not Avoid The Determination Of State Law Issues.

Defendants do not contend in their "Objection" that this *Brillhart* guidepost weighs in favor of abstention. Indeed, Defendants do not even mention this guidepost at all in their motion. Therefore, the argument has been waived.

Nonetheless, while Defendants' Complaint in the Texas action does assert state law claims, this does not warrant dismissal of this action. "The concern in this factor is with *unsettled* issues of state law, not fact finding in the specific case." *Nat. Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp.2d 1109, 1118 (D. Alaska 1998) (emphasis added). If state law is not clear, "absent a strong countervailing federal interest, the federal court should not elbow its way ... to render what may be an 'uncertain' and 'ephemeral' interpretation of state law." *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992). Therefore, a federal court should only abstain, if at all, if the issues "implicate novel or unsettled matters of state law." *Allstate Ins. Co. v. Davis*, 430 F. Supp.2d 1112, 1120 (2006).

That is not the case here. To the extent they are even cognizable, the "common law" claims for unfair competition and dilution, and the claim for dilution under the Texas Business and Commercial Code, included in the Texas Complaint are entirely derivative of the counterpart federal trademark and unfair competition claims. Moreover, they do not "implicate novel or unsettled matters of state law," and there are certainly no issues that this Court would be incapable of resolving. Indeed, the tests are essentially the same as under the federal claims. *See, e.g., Sport Supply Group, Inc. v. Columbia Cas. Co.*, 225 F.3d 453, 461 (5th Cir. 2003) (citations omitted).

### 3.    Plaintiff Did Not Engage In Improper Forum Shopping.

As noted above, this Court has already found that Plaintiff did not engage in improper forum shopping, and Defendants have not offered anything new suggesting otherwise.

### 4.    There Has Been Little Substantive Activity In The Texas Action.

While it is true that this action and Defendants' second-filed Texas action both involve generally the same issues and parties, Defendants' assertion that the Texas case has been more active than this case is outright false.

///

SF #1338184 v1                                -5-

OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION
PURSUANT TO THE DECLARATORY JUDGMENT ACT (CASE NO C 07-03391 MJJ)

The Texas action is not even at issue, and Xtended Beauty's responsive pleading is not due until fourteen days after this Court issues its ruling on the subject "Objection." (*See* Weikert Decl., ¶ 4.) Consequently, there has been no early meeting of counsel, and no exchange of Initial Disclosures or discovery requests in the Texas action. (*Id.* at ¶ 11.)

The *only* substantive activity in the Texas action has been a conference, ordered *sua sponte* by the Texas court, that took place *prior* to the completion of service of the Complaint. At that conference, among other things, the court (1) asked Xtended Beauty to agree to voluntarily dismiss the California action prior to any ruling by this Court on Defendants' then-pending first motion to dismiss; and (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants (without requiring Defendants to provide any like information to Plaintiff), even though Xtended Beauty had not responded to the Complaint, had not appeared in the action, and had objected, through its counsel, to providing such information on the grounds that it was likely to move to dismiss the Texas action on various grounds. (*Id.* at ¶¶ 5-9, and Ex. "A".)[3]

Although Plaintiff had no choice but to comply with this Order, *no documents of any kind have been produced in the Texas action.* (*Id.* at ¶¶ 10-11.) In contrast, Defendants have already answered the Complaint here, and the parties have briefed, and this Court has ruled on, an initial motion to dismiss. The parties in this case have also conducted their early meeting of counsel and discovery has commenced. (*Id.* at ¶¶ 16, 21.)[4]

---

[3] Contrary to Defendants' assertion, the information that the Texas court *sua sponte* ordered Plaintiff to provide to Defendants does not reveal that Plaintiff is subject to personal jurisdiction in Texas or that venue is proper in Houston. Those issues have not yet been addressed by the Texas court because, as noted, the case is not even at issue.

[4] Defendants' representation that all of the alleged "activity" in the Texas case occurred *after* the conclusion of the briefing on their first motion to dismiss the present action is also false. Defendants filed their Supplemental Memorandum in support of their motion on August 28, 2007 at 9:48 p.m., which was *after* the August 27 conference in the Texas action, *after* the Texas District Court Judge issued his August 27 Order, and *after* Xtended Beauty sent its first letter in response to the Order on the afternoon of August 28. (*Id.* at ¶ 12.)

Finally, as noted *supra*, following this Court's ruling on the first motion to dismiss, the Texas court issued an order requesting that the parties explain "why [the Texas action] should not be dismissed in favor of the California action." (*Id.* at ¶ 13, and Ex. "B".) Having just filed the present "Objection", Defendants moved to delay dismissal of the Texas action pending a ruling from this Court on the "Objection." (*Id.* at ¶ 14, and Ex. "C".) In that motion, Defendants state that the Texas action "should be dismissed" if this Court denies the "Objection" and continues to exercise jurisdiction over the present case.[5]  Put differently, by Defendants' own admission the Texas action rises or falls based on what happens in this case.[6]

### III. CONCLUSION

Despite two bites at the apple—the first in connection with their Rule 12 motion and the second here—Defendants have not demonstrated, and cannot demonstrate, that this case should be dismissed on abstention or any other ground. Because there is no evidence whatsoever that Plaintiff engaged in improper forum shopping, there is no basis in law or fact for disregarding either Plaintiff's choice of forum or the first-to-file rule. Defendants' Objection should be denied.

Dated: October 9, 2007                THELEN REID BROWN RAYSMAN & STEINER LLP


By _____/s/ Robert A. Weikert_____
    ROBERT A. WEIKERT

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

---

[5] Judge Hughes subsequently granted Defendants' "Motion" "pending resolution of the declaratory judgment action in the Northern District of California." (*Id.* at ¶ 15, and Ex. "D.")

[6] The only other activity in the Texas action of note is in connection with the improper "Reply" brief that Defendants filed in this Court on September 26, 2007 in support of their Rule 6-4 Motion for an order shortening time for the hearing on their "Objection." Defendants filed their "Reply" brief notwithstanding that Local Rule 6-4 does not permit reply briefs. Within minutes of efiling their "Reply," Defendants filed in the Texas action a "Notice of Filing in the Parallel Action" in which they attach a copy of the improper "Reply." According to Plaintiffs, they filed their "Notice" "so that the [Texas] Court is aware of the discourse in the pending California action." (*See Id.* at ¶ 18, and Ex. "E".) On September 28, 2007, Plaintiff herein filed a "Response" to Defendants' "Notice" in the Texas action. (*Id.* at ¶ 20, and Ex. "F".)