ROBERT A. WEIKERT (State Bar No. 121146)
VERONICA COLBY DEVITT (State Bar No. 79955)
JOHN A. CHATOWSKI (State Bar No. 174471)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3601
Telephone: 415-371-1200
Facsimile:  415-371-1211
raweikert@thelen.com
vdevitt@thelen.com
jachatowski@thelen.com

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>XTREME LASHES, LLC, a Texas Limited Liability Corporation; and JOUMANA MOUSSELLI, an individual,<br><br>Defendants. | CASE NO.  C 07-03391 MJJ<br><br>**DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF XTENDED BEAUTY, INC.'S OPPOSITION TO DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT**<br><br>Date of Hearing:  October 30, 2007<br>Time:  9:00 a.m.<br>Judge:  Hon. Martin J. Jenkins |

1.     I am member of the bar of this Court and am a partner in the firm of Thelen Reid Brown Raysman & Steiner LLP, counsel of record for Plaintiff Xtended Beauty, Inc. ("Xtended Beauty") in this action. Except as otherwise indicated, the following is based on my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2.     On June 28, 2007, Plaintiff filed its Complaint in this action. On July 31, 2007, Defendants filed their Answer, along with a Motion to Dismiss or, in the Alternative, to Transfer Venue. Defendants' motion was denied on September 7, 2007. An initial Case Management Conference was scheduled for October 16, 2007, but was recently continued by the Court to November 27, 2007.

3.     On July 27, 2007, Defendants filed their Complaint in the United States District Court for the Southern District of Texas. The case was assigned to the Honorable Lynn N. Hughes.

4.     On July 30, 2007, Defendants sent a copy of the Texas Complaint and a "Request for Waiver of Service of Summons" to Xtended Beauty's offices in Hayward, California. Xtended Beauty signed and returned the Request on August 24, 2007, making Xtended Beauty's first responsive pleading in the Texas action due on September 28, 2007. The parties subsequently stipulated that Xtended Beauty's answer or motion in the Texas action will be due fourteen days after a ruling by this Court on Defendants' pending "Objection."

5.     On August 14, 2007, I received an email from Xtreme Lashes' counsel that Judge Hughes wanted to set up a conference in the Texas action regarding the case. We contacted Judge Hughes' clerk to determine the purpose and scope of the conference, and were advised that the clerk prepares a report each month of the cases that were filed in the previous month, and in this case, the Court told her to send an email to the parties telling them that "he wanted to see them."

6.     We subsequently advised Judge Hughes' clerk and opposing counsel that we could specially appear by telephone at this "conference" (our office had not yet retained local counsel), subject of course to the right to challenge the Texas court's jurisdiction, and subject to all other appropriate defenses. The conference was scheduled for Monday, August 27, 2007.

///

7.    I participated in the August 27, 2007 conference call with Judge Hughes on behalf of Xtended Beauty along with my associate, John Chatowski. Xtreme Lashes' local counsel in Texas, Howard Steele and Charles Sturm, were physically present at the conference, which I understand occurred in Judge Hughes' chambers and without a court reporter present (counsel were not asked to state their appearances for the record).

8.    At the outset of the conference, and after making several comments suggesting that the Court believed that Xtended Beauty had commenced this action in anticipation of being sued in Texas, Judge Hughes asked me if we were willing to voluntarily dismiss the California action in favor of Xtreme Lashes' later-filed Texas action. I advised Judge Hughes that we would not do so, and believed that jurisdiction was proper in this Court. Judge Hughes then asked about the parties' respective businesses and Xtended Beauty's business contacts in Texas. The conference lasted approximately ten or fifteen minutes.

9.    At the conclusion of the conference, Judge Hughes *sua sponte* ordered Xtended Beauty to provide certain information to Xtreme Lashes' counsel regarding its business by the following day, August 28, 2007, which he later memorialized in an Order. Although the Order is dated August 27, 2007, we did not receive it until the morning of August 30, the day after we provided the information that we understood from the conference needed to be sent to Xtreme Lashes' counsel. A true and correct copy of Judge Hughes' Order is attached hereto as Exhibit "A." The Order requires Xtended Beauty to provide a "list of the categories of products it sells and what percentage of its gross revenue the category represents," and a "report of how much business it does in Texas." Judge Hughes did not order Xtreme Lashes to provide any information to Xtended Beauty.

10.    We provided Xtreme Lashes' counsel with the information requested in two letters dated August 28 and August 31, 2007. In each letter, we wrote that by providing this information, which it was doing under protest, Xtended Beauty was not making an appearance of any kind, and thus was not waiving either the right to move to dismiss the Texas action, including on the grounds of lack of personal jurisdiction and/or improper venue, or the right to move to transfer the action to this Court.

SF #1340950 v1     -2-

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT (CASE NO C 07-03391 MJJ)

11. The Texas case is not at issue. Xtended Beauty's first responsive pleading will not be due until fourteen days after a ruling by this Court on Defendants' pending "Objection." There also has been no early meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been propounded. Further, *no* documents have been produced; counsel merely responded, in two letters dated August 28 and August 31, 2007, to Judge Hughes' Order.

12. Defendants filed their Supplemental Memorandum in support of their initial motion to dismiss in the present action on August 28, 2007 at 9:48 p.m., which was *after* Judge Hughes' conference on August 27, *after* he issued his August 27 Order, and *after* Xtended Beauty sent its first letter to Xtreme Counsel in the afternoon of August 28.

13. After this Court denied Defendants' first motion to dismiss Judge Hughes issued an Order on September 13, 2007, requesting that the parties explain to the Court "why this case should not be dismissed in favor of the California action." A true and correct copy of Judge Hughes' September 13 Order is attached hereto as Exhibit "B."

14. Attached hereto as Exhibit "C" is a true and correct copy of Xtreme Lashes' "Motion to Delay Dismissal" filed on September 17, 2007 in the Texas action. By way of that "Motion," Defendants requested that the Texas court to "delay any further action in [the Texas] matter until the California court rules on [Defendants' Objection]."

15. Attached hereto as Exhibit "D" is a true and correct copy of a September 18, 2007 Order from the Texas court granting Defendants' Motion to Delay Dismissal "pending the resolution of the declaratory judgment action in the Northern District of California."

16. The parties in this case conducted their Early Meeting of Counsel on September 19, 2007.

17. On September 21, 2007, Defendants served a Notice setting the hearing on their "Objection" to this Court's jurisdiction for October 30, 2007.

18. On September 26, 2007, Defendants filed an improper "Reply" to "Plaintiff's Opposition to Defendants' Motion Pursuant to Civ. L. R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment Act." That same day Defendants filed a copy of their improper Reply in the Texas action pursuant to a

so-called "Notice of Filing in the Parallel Action." According to Defendants, they filed this "Notice" in the Texas action "so that the [Texas] Court is aware of the discourse in the pending California action." Attached hereto as Exhibit "E" is a true and correct copy of Defendants' "Notice" filed in the Texas action.

19. On September 27, 2007, the Court denied Defendants' Motion Pursuant to Civ. L. R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment Act.

20. On September 28, 2007, Plaintiff herein filed a "Response" in the Texas action to the "Notice" Defendants had filed on September 26, 2007. Attached hereto as Exhibit "F" is a true and correct copy of Plaintiff's "Response."

21. On October 1 2007, Plaintiff propounded its first set of requests for production of documents on Defendants.

22. As noted above, on October 1, 2007, this Court continued the initial Case Management Conference in this case from October 16, 2007 to November 27, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of October, 2007, in San Francisco, California.

　　　　　　　　　　　　　　　　　　　/s/ Robert A. Weikert
　　　　　　　　　　　　　　　　　　　　Robert A. Weikert

SF #1340950 v1

-4-

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT (CASE NO C 07-03391 MJJ)