# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XTREME LASHES LLC AND JOUMANA MOUSSELLI, | § § § | |
| Plaintiffs | § § | |
| V. | § § | Civil Action 4:07-cv-02460 |
| XTENDED BEAUTY INC. | § § § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION TO DELAY DISMISSAL

On September 13, 2007, this Court ordered both parties to explain why this action should not be dismissed in favor of the action pending in the Northern District of California. (Docket Entry # 22). Although the California court denied Plaintiffs' motion to dismiss or, alternatively, motion to transfer venue on September 7, 2007, that court did not reach the issue of discretionary jurisdiction under the Declaratory Judgment Act. (See Exhibit A at 3 (stating that "[t]he court does not reach [the issue of declining jurisdiction under the Declaratory Judgment Act] . . . .)). Consequently, on September 14, 2007, Plaintiffs filed a motion asking the court to decline jurisdiction under the Act. (See Exhibit B). Plaintiffs have also asked for an expedited hearing. (See Exhibit C).

If the California court grants the requested relief, that action will be dismissed. As a result, Plaintiffs ask the Court to delay any further action in this matter until the California court rules on the motion.

Plaintiffs concede that if the United States District Court for the Northern District of California does not decline jurisdiction in its pending matter, this case should be dismissed.

Respectfully submitted,

STEELE STURM PLLC


/s/ Charles Sturm
Howard L. Steele, Jr.
Fed. Bar ID # 21615
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

Charles Sturm
Fed. Bar ID # 21777
Kim Goodling
Fed. Bar ID # 33873
STEELE STURM PLLC
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## CERTIFICATE OF SERVICE

On September 17, 2007, the foregoing instrument was served on the following parties in this action by electronic mail, when email addresses are available, or by facsimile and/or first class mail:

Robert A. Weikert
Veronica Colby Devitt
THELEN REID BROWN RAYSMAN & STEINER, LLP
101 Second Street, Suite 1800
San Francisco, California 94105


*/s/ Charles Sturm*

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XTENDED BEAUTY,

           Plaintiff,

    v.

XTREME LASHES,

         Defendant.

No. C07-03391 MJJ

**ORDER DENYING MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

## INTRODUCTION

     Before the Court is Defendant Xtreme Lashes' Motion to Dismiss, or in the alternative, Motion to Transfer Venue.[1]  Plaintiff Xtended Beauty opposes the motion.  For the following reasons, the Court **DENIES** the motion.

## FACTUAL BACKGROUND

     On June 19, 2007 Defendant Xtreme Lashes ("Xtreme") sent a letter to Plaintiff Xtended Beauty ("Xtended") alleging trademark confusion caused by Plaintiff's use of the mark "Xtended Beauty."  Defendant requested that Plaintiff comply by ceasing to use the mark, and demanded that Plaintiff confirm compliance by June 30, 2007.  On June 28, 2007, Plaintiff filed a Complaint for Declaratory Relief in this Court.  By this motion, Defendant now seeks to dismiss this action or, in

---

[1] Docket No. 12

Exhibit **A**

1    the alternative, transfer Plaintiff's action to the Southern District of Texas.[2]

2    **LEGAL STANDARD**

3    Defendant's motion to transfer venue to the Southern District of Texas is governed by 28

4    U.S.C. section 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the

5    interest of justice, a district court may transfer any civil action to any other district or division where

6    it might have been brought." 28 U.S.C. § 1404(a).

7    Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not

8    grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in

9    favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal.

10    2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v.*

11    *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under section 1404(a), the moving

12    party has the burden of showing that the balance of conveniences weighs heavily in favor of the

13    transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See*

14    *Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

15    A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court.

16    *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant

17    such a motion turns on the facts of the particular case. *See id.* In reviewing a motion to transfer, the

18    Court may consider the following factors to determine whether transfer is appropriate: (1) the

19    location where the relevant agreements were negotiated and executed; (2) the state that is most

20    familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties'

21    contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

22    forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

23    compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to

24    sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public

25    _____

26    [2]Defendant's motion was submitted as a Motion to Dismiss or, in the alternative, to Transfer Venue. Defendant originally requested that the Court "pursuant to Fed. R. Civ. P. 12(b)(3), []dismiss this action on grounds of improper venue

27    or alternatively forum non conveniens. In particular, this motion seeks dismissal of this action for improper venue on the grounds of improper forum shopping by plaintiff." (Defendant's Notice of Motion at 2.) Defendant's motion to dismiss for

28    improper venue is governed by 28 U.S.C. section 1406. In its reply, however, Defendant disavows any reliance on an improper venue theory under section 1406. (Defendant's Reply at 2.) The Court therefore does not reach this issue. In any event, Defendant provides no evidence or analysis suggesting this case is in the wrong venue.

2

United States District Court
For the Northern District of California

Case 3:07-cv-03391-MJJ    Document 37-4    Filed 10/09/2007    Page 7 of 40
Case 4:07-cv-02460    Document 13-2    Filed 09/17/2007    Page 3 of 36
Case 3:07-cv-03391-MJJ    Document 21    Filed 09/07/2007    Page 3 of 4

1  policy of the forum state, if any. *See id.* at 498-99.

2                                    **ANALYSIS**

3    **A. Defendant Lacks Evidence to Support a Motion to Transfer Venue.**

4            Evaluating the facts of the instant case under the relevant factors, the Court finds

5    Defendant's request to transfer the action to Texas to be unavailing.

6            Defendant contends that venue is appropriate in Texas primarily because Plaintiff filed suit

7    in California in anticipation of Defendant's suit and in an effort to forum shop.  In support,

8    Defendant's only proffered evidence is the June 19, 2007 letter from Defendant to Plaintiff.  This

9    letter at best supports an inference that Plaintiff filed suit in California with some knowledge that

10   Defendant might later file suit.  This letter alone, however, is not sufficient to  persuade the Court

11   that transfer of venue is appropriate.

12           In response, Plaintiff submitted, inter alia, a declaration stating that Plaintiff's only office is

13   located in Hayward, California and Plaintiff does not have any offices in Texas.  In addition,

14   Plaintiff's bank accounts, business, corporate records, customers, trade shows and training sessions

15   are all primarily in California.  (Declaration of Elisa Lee ¶¶ 2-7.)  This evidence all weighs against

16   transfer.

17           Defendant, therefore, has not offered sufficient evidence to overcome the strong presumption

18   in favor of Plaintiff's choice of forum.

19           **B. Defendant Does Not Offer Sufficient Evidence to Overcome the "First-to-File" Rule.**

20           In its reply, Defendant argues for the first time that the Court should exercise its discretion to

21   decline jurisdiction under the Declaratory Judgment Act because Plaintiff's action in California was

22   filed in anticipation of Defendant's suit and amounted to forum shopping.  The Court does not reach

23   this issue because it is not sufficiently raised, briefed or supported in the papers.

24   //

25   //

26   //

27   //

28   //

United States District Court
For the Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### CONCLUSION

For the foregoing reasons, the Court **VACATES** the September 11, 2007 hearing in this matter and **DENIES** Defendants' Motion to Dismiss or Transfer Venue.

**IT IS SO ORDERED.**

Dated: September 7, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4

1  E. JEFFREY BANCHERO (SBN 93077)
   SCOTT R. RABER (SBN 194924)
2  KASTNER | BANCHERO LLP
   20 California Street, 7th Floor
3  San Francisco, California 94111
   Telephone: (415) 398-7000
4  Facsimile: (415) 616-7000
5  Mr. Banchero's email: ejb@kastnerbanchero.com
   Mr. Raber's email: srr@kastnerbanchero.com
6
7  Howard L. Steele (Texas SBN 24002999)
   Charles A. Sturm (Texas SBN 24003020)
8  (admitted *pro hac vice*)
   STEELE STURM, PLLC
9  1000 Louisiana, Suite 3780
   Houston, Texas 77002
10 Telephone: (713) 659-2600
   Facsimile: (713) 659-2601
11
   Mr. Steele's email: hsteele@steelesturm.com
12 Mr. Sturm's email: csturm@steelesturm.com

13 Attorneys for Defendants
   XTREME LASHES, LLC and JOUMANA MOUSSELLI
14

15            UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA

17
   XTENDED BEAUTY, INC., a California      CASE NO. C 07-03391 MJJ
18 Corporation,
                                           **DEFENDANTS' NOTICE OF**
19            Plaintiff(s),                **OBJECTION TO THE COURT'S**
                                           **EXERCISE OF JURISDICTION**
20      v.                                 **PURSUANT TO THE**
                                           **DECLARATORY JUDGEMENT**
21 XTREME LASHES, LLC, a Texas Limited     **ACT; MEMORANDUM OF POINTS**
22 Corporation; and JOUMANA MOUSSELLI, an  **AND AUTHORITIES;**
   Individual,                             **DECLARATION OF SCOTT R.**
23                                         **RABER IN SUPPORT THEREOF**
              Defendant(s).
24
                                           Date:  TBD
25                                         Time:  TBD
                                           Place: Courtroom 11
26                                         Judge: Hon. Martin J. Jenkins
27

28
                                  - 1 -

Exhibit 

1    PLEASE TAKE NOTICE that on _____, at

2    _____, or as soon thereafter as the parties may be heard, defendants Xtreme Lashes, LLC

3    and Joumana Mousselli (collectively, "Defendants") will move the Court for order dismissing this

4    matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Objection"). The

5    Objection is made on the grounds that the Declaratory Judgment Act permits this Court to refrain

6    from exercising jurisdiction where, as here, plaintiffs have improperly availed themselves of this

7    jurisdiction by forum-shopping in anticipation of litigation. The Objection is based on this Notice;

8    the accompanying Memorandum of Points and Authorities; the Declaration of Scott R. Raber and

9    exhibits thereto; the complete files and records in this action; and such other evidence and argument

10   as may be presented at the hearing.

11        DEFENDANTS WILL ISSUE A REVISED NOTICE OF THE HEARING DATE on

12   Defendants' Objection following the Court's determination on Defendants' concurrently-filed

13   Motion Pursuant to Civ. L.R. 6-3 to Shorten Time to Hear Defendants' Objection to Exercise of

14   Jurisdiction Pursuant to the Declaratory Judgment Act.

15   DATED: September 14, 2007          STEELE STURM, PLLC

16                                      KASTNER | BANCHERO LLP

17

18                                      By: _____/s/_____

19                                            SCOTT R. RABER

20                                      Attorneys for Defendants
                                        XTREME LASHES, LLC and
21                                      JOUMANA MOUSSELLI

22

23

24

25

26

27

28
                                      - 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Xtreme Lashes, LLC and Joumana Mouselli (collectively "Defendants") object to this Court exercising jurisdiction in this Declaratory Judgment Act matter. Defendants ask this Court to use its discretion and decline jurisdiction under the Declaratory Judgment Act.

Under established Ninth Circuit precedent, this Court has discretion to determine whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites. Because Plaintiff admits that it raced to the courthouse after receiving "explicit threats of litigation" -- and because the Court in a parallel federal proceeding has already expended resources in a concurrent action -- this Court should decline to exercise jurisdiction and dismiss the case in favor of the action pending concurrently in the Southern District of Texas.

## II.   DEFENDANTS' OBJECTION IS TIMELY

Defendants bring this objection to the Court's attention in a timely manner.[1] Unlike a motion under Rule 12(b), an objection to the Court's exercise of jurisdiction in a Declaratory Judgment Act case can be made at any time during the pendency of the case at the District Court level. *See United National Insurance Co. v. R & D Latex Corp.*, 141 F.3d 916, 919 (9th Cir. 1998); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (stating "[I]f a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning . . . ."); *compare with*, FED. R. CIV. P. 12(b) (stating "[A] motion making any of these [12b] defenses shall be made before pleading if a further pleading is permitted."). Thus, Defendants' objection is timely filed.

---

[1]   Defendants attempted to raise this objection in a previous filing with this Court. (Reply Pl. Opp'n. Mot. Dismiss at 2-4). However, the Court stated explicitly that it did not reach this issue in its Order issued on September 7, 2007. (Order, Doc. #21 at 3).

- 3 -

III.    **A PLAINTIFF, EVEN ONE WHO FILES FIRST, DOES NOT NECESSARILY HAVE A RIGHT TO BRING A DECLARATORY JUDGMENT ACTION IN THE FORUM OF ITS CHOOSING**

A.    **Jurisdiction under the Declaratory Judgment Act Is Discretionary.**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The Act allows the Court to exercise jurisdiction over a declaratory judgment action; it does not require the Court to do so. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Public Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952) (stating that the Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant"). As the Ninth Circuit has recognized, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites."[2] *Government Employees Ins. Co.*, 133 F.3d at 1223; *see also American Cas. Co. v. Krieger*, 181 F.3d 1113, 1117-18 (9th Cir. 1999).

The "philosophic touchstone" for the district court in considering whether to exercise its discretion to retain jurisdiction over a declaratory judgment action lies in the factors enumerated by the Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *Dizol*, 133 F.3d at 1223. "The district court should avoid needless determination of state law issues; *it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id.* (emphasis added); *Krieger*, 181 F.3d at 1118.

---

[2]    Indeed, even when a district court has constitutional and statutory jurisdiction to hear a case brought under the Declaratory Judgment Act, it must make a sufficient record of its reasoning for exercising that jurisdiction. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). "If on appeal the record is devoid of reasoning after an appropriate objection is registered, the case must be remanded to the district court to record its reasoning. . ." *Id.*

**B.      The Court Should Exercise Its Sound Discretion and Decline Jurisdiction in this Case.**

All three of the *Brillhart* factors militate in favor of the Court's declining jurisdiction in this case. First, although there is no concurrent state law case, Xtreme Lashes' lawsuit against Extended Beauty in the Southern District of Texas does include claims under the Texas common law and under a Texas statute. More importantly, Plaintiff's conduct in this case amounts to blatant forum shopping, or in the words of the Ninth Circuit, "procedural fencing." *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2004) (holding that in determining whether to decline jurisdiction, the district court should consider whether the declaratory action "is being sought merely for the purposes of procedural fencing"). That factor alone strongly militates in favor of the Court declining jurisdiction in this case.

Considering the last *Brillhart* factor, dismissal of this case also avoids duplicative litigation given the existence of a parallel federal proceeding in Texas. In the Texas proceeding, a pre-trial conference has taken place, Judge Hughes has ordered Plaintiff (in the instant case) to produce discovery, and Plaintiff has produced documents in compliance with Judge Hughes's order. (*See* Judge Hughes's August 27, 2007 Order attached as Exhibit A to Declaration of Scott R. Raber, dated September 14, 2007 ("Raber Decl."), filed herewith.) Additionally, discovery produced in the Texas proceeding *shows that Plaintiff has had sales in Texas with their infringing mark*. All of this activity occurred prior to the Court's September 7, 2007 Order in this case. (*See* Raber Decl., Exhibit B, Docket Sheet from the Southern District of Texas).

The simple fact is that Plaintiff knew it was going to be sued in Texas. Plaintiff was told that unless it responded in writing by June 30, 2007, Defendants "*will take legal action to protect [their] valuable trade marks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary injunction.*" (Pl. Compl. Decl. Relief, Ex. A at 2-3.) Instead, on June 28, two days before the deadline for responding, Plaintiff raced to the courthouse in its own backyard and filed this declaratory judgment action. In fact, Plaintiff admits in its Complaint that it did so based on the "explicit threats of litigation" contained in that correspondence. (Pl. Compl. Decl. Relief at 3.) The Court should not reward Plaintiff for its

- 5 -

1   admitted forum shopping. Further, because the Southern District of Texas has expended judicial

2   resources in a concurrent proceeding and because Plaintiff has admitted to using its infringing mark

3   in Texas, the Court should decline to exercise jurisdiction and dismiss Plaintiff's request for

4   declaratory relief.[3]

5   **IV.    CONCLUSION**

6          When Defendants' objection is analyzed under Ninth Circuit precedent, the relevant factors

7   weigh heavily in favor of the court declining to retain jurisdiction in this case. For the reasons

8   addressed in this Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory

9   Judgment Act, Defendants ask the court to sustain their objection and dismiss Plaintiff's suit in

10

11

12

---

13   [3]      In a previous response, Plaintiff cited *Royal Queentex Enter. Inc. v. Sara-Lee Corp.* and

14   *Gunthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.* to support its argument that its choice of
     forum should be given deference. 2000 WL 246599 (N.D. Cal. 2000); 179 F.R.D. 264, 270 (C.D.

15   Cal. 1998). These cases are distinguishable based on factual and procedural differences from this
     case. Taking into account those differences, *Royal Queentex* and *Gunthy-Renker* actually support

16   the conclusion that the Court should decline jurisdiction in this case and dismiss this declaratory

17   judgment action.
            In *Royal Queentex*, the cease-and-desist letter did not contain an explicit threat of litigation:

18   it stated that the letter was being sent "in the hope that this matter may be resolved amicably." 2000
     WL 246599 at *5. In this case, there is an explicit threat of litigation. A fact that is admitted by

19   Plaintiff in its own Complaint. (Pl. Compl. Decl. Relief at ¶ 14). Thus, to the extent that *Royal*
     *Queentex* holds that dismissal is appropriate in cases where a cease-and-desist letter contains an

20   explicit threat of litigation, it actually supports the dismissal of this case.
            *Royal Queentex* is also distinguishable on procedural grounds. The defendant in that case

21   never objected to the Court's exercise of discretion in retaining jurisdiction. Because the defendant

22   in *Royal Queentex* did not make that objection, this Court did not analyze the issue under the
     Declaratory Judgment Act; the Court limited its analysis only to the objection raised by the

23   defendant. *See Internet Transaction Solutions, Inc. v. Intel Corp.*, 2006 WL 1281654 (S.D. Ohio
     2006) at *6, n.2 (distinguishing *Royal Queentex* because the defendant only filed a motion to

24   transfer rather than attempting to dismiss the action under the Declaratory Judgment Act).
            *Gunthy-Renker* also supports dismissal. In that case, the court similarly held that the cease-

25   and-desist letter expressly stated that it was giving notice of the potential patent infringements in an

26   attempt to avoid litigation. Thus, the court found that "[defendant's] letter neither provided nor
     intended to provide plaintiff with a specific, concrete indication of imminent suit." *Gunthy-Renker*,

27   179 F.R.D. 272. Those are not the facts in this case. The cease-and-desist letter in this case did

28   contain an explicit threat of litigation, as Plaintiff has admitted.

1  deference to the concurrently pending suit in the United States District Court for the Southern

2  District of Texas.

3  DATED: September 14, 2007              STEELE STURM, PLLC

4                                         KASTNER | BANCHERO LLP

5

6                                         By: _____/s/_____
                                               SCOTT R. RABER

7

8                                         Attorneys for Defendants
                                          XTREME LASHES, LLC and
9                                         JOUMANA MOUSSELLI

10                      **DECLARATION OF SCOTT R. RABER**

11        I, SCOTT R. RABER, hereby declare:

12        1.     I am an attorney admitted to practice before all courts of the States of California and

13  New York, and am a partner at Kastner | Banchero LLP, counsel representing defendants Xtreme

14  Lashes, LLC and Joumana Mousselli in this action. I submit this declaration in support of

15  defendants' motion to shorten the time to hear defendants' objection to the Court's exercise of

16  jurisdiction pursuant to the declaratory judgment act. I have personal knowledge of each of the

17  matters set forth herein, and if called upon I could testify competently to them.

18        2.     Attached hereto as Exhibit A is a true and correct copy of Judge Lynn N. Hughes's

19  Order dated August 27, 2007.

20        3.     Attached hereto as Exhibit B is a true and correct copy of the Docket Sheet from the

21  Southern District of Texas for the matter pending there between Xtreme Lashes, LLC and Xtended

22  Beauty, Inc., as of September 13, 2007.

23        I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct to the best of my knowledge. Executed this 14th day of September

25  2007 at San Francisco, California.

26

27                                         _____/s/_____
                                           Scott R. Raber

28

DEFENDANTS' NOTICE OF OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY
JUDGMENT ACT; MEMORANDUM OF POINTS & AUTHORITIES; DECL. OF SCOTT R. RABER
Case No. C07-03391 MJJ

**EXHIBIT A**

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| XTREME LASHES L.L.C., *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-07-2460 |
| | § | |
| XTENDED BEAUTY, INC., | § | |
| Defendant. | § | |

## Order

By 3:00 p.m. August 28, 2007, Xtended Beauty will give Xtreme Lashes:

- A list of the categories of products it sells and what percentage of its gross revenue the category represents, and

- A report of how much business it does in Texas.

Signed on August 27, 2007, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

**EXHIBIT B**

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report                    Page 1 of 3

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:07-cv-02460

Xtreme Lashes LLC et al v. Xtended Beauty Inc.
Assigned to: Judge Lynn N. Hughes
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 07/27/2007
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**
**Xtreme Lashes LLC**                    represented by    **Howard L Steele, Jr**
                                                           Steele Sturm PLLC
                                                           1000 Louisiana
                                                           Ste 3780
                                                           Houston, TX 77002
                                                           713-659-2600
                                                           Fax: 713-659-2601
                                                           Email: hsteele@steelesturm.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Joumana Mousselli**                    represented by    **Howard L Steele, Jr**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Xtended Beauty Inc.**                  represented by    **John A Chatowski**
                                                           Thelen Reid et al
                                                           101 Second Street
                                                           18th Fl
                                                           San Francisco, CA 94105
                                                           415-371-1200
                                                           Email: jachatowski@thelen.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Paul C Van Slyke**
                                                           Locke Liddell & Sapp
                                                           600 Travis
                                                           Ste 3400 JP Morgan Chase Tower
                                                           Houston, TX 77002-3095
                                                           713-226-1406
                                                           Fax: 713-223-3717 fax
                                                           Email: pvanslyke@lockeliddell.com

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report          Page 2 of 3

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Weikert**
Thelen Reid et al
101 Second Streeet
18th Fl
San Francisco, CA 94105
415-371-1200
Fax: 415-371-1211
Email: raweikert@thelen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2007 | 1 | COMPLAINT against Xtended Beauty Inc. (Filing fee $ 350) filed by Xtreme Lashes LLC, Joumana Mousselli.(bthomas, ) (Entered: 07/27/2007) |
| 07/29/2007 | | CIVIL Filing fee re: 1 Complaint : $350.00, receipt number 4-583716, filed. (ejones, ) Paid by Steele Sturm, PLLC (Entered: 07/30/2007) |
| 07/30/2007 | 2 | ORDER FOR CONFERENCE. Initial Conference set for 10/9/2007 at 10:00 AM in Room 11122 before Judge Lynn N. Hughes.( Signed by Judge Lynn N. Hughes ) Parties notified.(sbyrum, ) (Entered: 07/30/2007) |
| 08/20/2007 | 3 | Order Resetting Conference. Initial Pretrial Conference reset for 8/27/2007 at 03:30 PM in Room 11122 before Judge Lynn N. Hughes. (Signed by Judge Lynn N. Hughes) Parties notified. (dkelly, ) (Entered: 08/20/2007) |
| 08/23/2007 | 4 | MOTION for John A. Chatowski, Esq to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/23/2007 | 5 | MOTION for Robert A. Weikert, Esq. to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/27/2007 | 6 | CONFERENCE MEMORANDUM: Appearances: Howard L Steele, Jr., and Charles Sturm f/Pltf; Robert A Weikert (by phone) f/Deft. Order to be entered. Review deadline 9/17/2007.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/27/2007 | 9 | ORDER by 3:00 pm 8/28/07 Xtended Beauty will give Xtrement Lashes a list of categories of products it sells and what percentage of its gross revenue the category represents, and a report of how much business it does in Texas.( Signed by Judge Lynn N. Hughes ) Parties notified. (kmurphy, ) (Entered: 08/28/2007) |

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report                 Page 3 of 3

| 08/28/2007 | 7 | ORDER granting John A. Chatowski's 4 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
|---|---|---|
| 08/28/2007 | 8 | ORDER granting Robert Weikert's 5 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified. (kmurphy, ) (Entered: 08/28/2007) |
| 08/29/2007 | 10 | NOTICE of Appearance by Paul C. VanSlyke on behalf of Xtended Beauty Inc., filed. (Van Slyke, Paul) (Entered: 08/29/2007) |
| 09/11/2007 | 11 | Letter from Paul C. Van Slyke re: ruling by Judge Jenkins in the California declaratory judgment action, filed. (dkelly, ) (Entered: 09/12/2007) |
| 09/13/2007 | 12 | ORDER: By 5:00 p.m. on 9/17/2007, the parties will explain why this case should not be dismissed in favor of the California action.( Signed by Judge Lynn N. Hughes ) Parties notified.(dkelly, ) (Entered: 09/13/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/13/2007 14:27:01 | | |
| PACER Login: | sx5347 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:07-cv-02460 |
| Billable Pages: | 2 | Cost: | 0.16 |

1    E. JEFFREY BANCHERO (SBN 93077)
     SCOTT R. RABER (SBN 194924)
2    KASTNER | BANCHERO LLP
     20 California Street, 7th Floor
3    San Francisco, California 94111
     Telephone: (415) 398-7000
4    Facsimile: (415) 616-7000
     Mr. Banchero's email: ejb@kastnerbanchero.com
5    Mr. Raber's email: srr@kastnerbanchero.com
6
     Howard L. Steele (Texas SBN 24002999)
7    Charles A. Sturm (Texas SBN 24003020)
     (admitted pro hac vice)
8    STEELE STURM, PLLC
     1000 Louisiana, Suite 3780
9    Houston, Texas 77002
     Telephone: (713) 659-2600
10   Facsimile: (713) 659-2601
     Mr. Steele's email: hsteele@steelesturm.com
11
     Mr. Sturm's email: csturm@steelesturm.com
12

13   Attorneys for Defendants
     XTREME LASHES, LLC and JOUMANA MOUSSELLI
14

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17
     XTENDED BEAUTY, INC., a California          CASE NO. C 07-03391 MJJ
18   Corporation,
                                                 DEFENDANTS' MOTION
19              Plaintiff(s),                     PURSUANT TO CIV. L. R. 6-3 TO
                                                 SHORTEN THE TIME TO HEAR
20        v.                                     DEFENDANTS' OBJECTION TO
                                                 THE COURT'S EXERCISE OF
21   XTREME LASHES, LLC, a Texas Limited         JURISDICTION PURSUANT TO
22   Corporation; and JOUMANA MOUSSELLI, an      THE DECLARATORY
     Individual,                                 JUDGEMENT ACT;
23                                               DECLARATION OF SCOTT R.
                Defendant(s).                    RABER IN SUPPORT THEREOF
24
25                                               Date:  TBD
                                                 Time:  TBD
26                                               Place: Courtroom 11
                                                 Judge: Hon. Martin J. Jenkins
27
28
─────────────────────────────────────────────── -1- ───────────────────────────────────────
DEFENDANTS' MOTION PURSUANT TO CIV. L. R. 6-3 TO SHORTEN THE TIME TO HEAR DEFENDANTS' OBJECTION TO THE
COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT; DECL. OF SCOTT R. RABER
Case No. C07-03391 MJJ

Exhibit 

1    Pursuant to Civil Local Rule 6-3, Defendants move this Court to shorten the time to hear
2 Defendants' Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment
3 Act (the "Objection"), which is being filed contemporaneously with this motion. As demonstrated
4 in the accompanying declaration of counsel, good cause exists for hearing this matter on shortened
5 time.

6    On June 19, 2007, Defendants sent Plaintiff a cease and desist letter after having learned that
7 Plaintiff was improperly using Defendants' trademark. The letter stated that Defendants intended to
8 file suit on June 30, 2007, unless Plaintiff gave Defendants written confirmation that Plaintiff had
9 stopped using the trademark. After receiving Defendants' letter, Plaintiff filed suit on June 28,
10 2007, pursuant to the Declaratory Judgment Act against Defendants in this Court, before the
11 deadline given by Defendants expired. Defendants then filed suit in the Southern District of Texas
12 against Plaintiffs on July 27, 2007, asserting numerous federal statutory claims, a Texas statutory
13 claim, and a claim based on Texas common law. *See* Objection at 3-4.

14    Defendants' suit in the Southern District of Texas has been active, including a pre-trial
15 conference, an Order from the Judge regarding discovery, and Plaintiff's production of some
16 documents, all of which occurred prior to this Court's September 7, 2007 Order, and after all
17 briefing was completed on Defendants' Motion to Dismiss. (*See* Declaration of Scott R. Raber,
18 dated September 14, 2007 ("Raber Decl."), Exhibit A). The discovery produced by Plaintiff shows
19 that the Texas Court has personal jurisdiction over Plaintiff.

20    Defendants have now filed an objection to this Court's exercise of jurisdiction in this matter
21 and are concurrently requesting that this Court grant this Motion to Shorten Time to Hear
22 Defendants' Objection. The Texas Court has been informed of this Court's ruling on Defendants'
23 Motion to Dismiss. In response, it has asked the parties to submit briefing, by 5:00 P.M., September
24 17, 2007, regarding whether the Texas case should be dismissed in light of this Court's ruling. (*See*
25 Raber Decl., Exhibit B). Defendants' intend to ask the Texas Court to delay any decision on
26 \\\

27

28
DEFENDANTS' MOTION PURSUANT TO CIV. L. R. 6-3 TO SHORTEN THE TIME TO HEAR DEFENDANTS' OBJECTION TO THE
COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT; DECL. OF SCOTT R. RABER
Case No. C07 -03391 MJJ

1    dismissing or abating its action until this Court has ruled on Defendants' Objection.  Absent an

2    expedited ruling on Defendants' Objection, the procedural posture of this case – and the matter

3    pending in the Southern District of Texas – will remain unresolved.  Consequently, Defendants

4    request that this Court grant this motion and rule on Defendants' Objection in an expedited manner.

5    DATED: September 14, 2007               STEELE STURM, PLLC

6                                           KASTNER | BANCHERO LLP

7

8                                           By: _____/s/_____

9                                               SCOTT R. RABER

10                                          Attorneys for Defendants
                                            XTREME LASHES, LLC and
11                                          JOUMANA MOUSSELLI

12

13                        **DECLARATION OF SCOTT R. RABER**

14       I, SCOTT R. RABER, hereby declare:

15       1.       I am an attorney admitted to practice before all courts of the States of California and

16   New York, and am a partner at Kastner | Banchero LLP, counsel representing defendants Xtreme

17   Lashes, LLC and Joumana Mousselli in this action.  I submit this declaration in support of

18   defendants' motion to shorten the time to hear Defendants' Objection to the Court's Exercise of

19   Jurisdiction Pursuant to the Declaratory Judgment Act.  I have personal knowledge of each of the

20   matters set forth herein, and if called upon I could testify competently to them.

21       2.       Defendants are asking this Court to decline to retain jurisdiction in this matter as

22   allowed by the Declaratory Judgment Act and Ninth Circuit precedent.  Moreover, Defendants argue

23   that Plaintiff ran to the courthouse in bad faith to initiate litigation, which would have taken place in

24   Texas, if not for Plaintiff's bad-faith conduct.

25       3.       Plaintiffs' contend that their choice of forum is correct and because they filed their

26   action first that they get the venue of their choosing.

27

28
     _____
                                        - 3 -
     DEFENDANTS' MOTION PURSUANT TO CIV. L. R. 6-3 TO SHORTEN THE TIME TO HEAR DEFENDANTS' OBJECTION TO THE
     COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT; DECL. OF SCOTT R. RABER
     Case No. C07 -03391 MJJ

4. Defendants request this shortening of time in order to conserve judicial resources, which are currently being expended in both the Northern District of California and in the Southern District of Texas. (*See* Docket Sheets from both 3:07-CV-03391-MJJ (N.D. Cal.) and H-07-CV-02460 (S.D. Tex.), attached hereto as Exhibit A). If the Court grants the Objection and declines jurisdiction, then this case will be dismissed. On the other hand, if the Court denies the Objection, Defendants concede that the Texas action should be dismissed or abated. Because this Court's decision on Defendants' objection will determine whether the Texas litigation should go forward, Defendants request that this Court expeditiously rule on Defendants' Objection.

5. Defendants' counsel has conferred with Plaintiff's counsel telephonically and via email regarding the Motion to Shorten Time and Defendants' Objection. Plaintiff's counsel has stated that he is opposed to both the Motion to Shorten Time and Defendants' Objection.

6. The Texas Court has been informed of this Court's ruling on Defendants' Motion to Dismiss. In response, it has asked the parties to submit briefing, by 5:00 P.M., September 17, 2007, regarding whether the Texas case should be dismissed in light of this Court's ruling. (*See* Judge Hughes's September 13, 2007 Order, Exhibit B). Defendants intend to ask the Texas Court to defer any decision in the Texas matter until this Court rules on the Objection. In light of the impending briefing deadline in the Texas Court, Defendants request that this Court rule on the Objection expeditiously.

7. There have been no previous time modifications in this matter to date. The requested time modification will not affect scheduling in this case.

8. In conjunction with this application for an order shortening time, my office has also filed and served a copy of the Objection on plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 14th day of September 2007 at San Francisco, California.

_____/s/_____
Scott R. Raber

**EXHIBIT A**

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report                Page 1 of 3

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
### CIVIL DOCKET FOR CASE #: 4:07-cv-02460

Xtreme Lashes LLC et al v. Xtended Beauty Inc.          Date Filed: 07/27/2007
Assigned to: Judge Lynn N. Hughes                       Jury Demand: Plaintiff
Cause: 15:1125 Trademark Infringement (Lanham Act)      Nature of Suit: 840 Trademark
                                                        Jurisdiction: Federal Question

**Plaintiff**
**Xtreme Lashes LLC**                    represented by   **Howard L Steele, Jr**
                                                          Steele Sturm PLLC
                                                          1000 Louisiana
                                                          Ste 3780
                                                          Houston, TX 77002
                                                          713-659-2600
                                                          Fax: 713-659-2601
                                                          Email: hsteele@steelesturm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Joumana Mousselli**                    represented by   **Howard L Steele, Jr**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Xtended Beauty Inc.**                  represented by   **John A Chatowski**
                                                          Thelen Reid et al
                                                          101 Second Street
                                                          18th Fl
                                                          San Francisco, CA 94105
                                                          415-371-1200
                                                          Email: jachatowski@thelen.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Paul C Van Slyke**
                                                          Looke Liddell & Sapp
                                                          600 Travis
                                                          Ste 3400 JP Morgan Chase Tower
                                                          Houston, TX 77002-3095
                                                          713-226-1406
                                                          Fax: 713-223-3717 fax
                                                          Email: pvanslyke@lockeliddell.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A Weikert**
Thelen Reid et al
101 Second Streeet
18th Fl
San Francisco, CA 94105
415-371-1200
Fax: 415-371-1211
Email: raweikert@thelen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2007 | 1 | COMPLAINT against Xtended Beauty Inc. (Filing fee $ 350) filed by Xtreme Lashes LLC, Joumana Mousselli.(bthomas, ) (Entered: 07/27/2007) |
| 07/29/2007 | | CIVIL Filing fee re: 1 Complaint : $350.00, receipt number 4-583716, filed. (ejones, ) Paid by Steele Sturm, PLLC (Entered: 07/30/2007) |
| 07/30/2007 | 2 | ORDER FOR CONFERENCE. Initial Conference set for 10/9/2007 at 10:00 AM in Room 11122 before Judge Lynn N. Hughes.( Signed by Judge Lynn N. Hughes ) Parties notified.(sbyrum, ) (Entered: 07/30/2007) |
| 08/20/2007 | 3 | Order Resetting Conference. Initial Pretrial Conference reset for 8/27/2007 at 03:30 PM in Room 11122 before Judge Lynn N. Hughes. (Signed by Judge Lynn N. Hughes) Parties notified. (dkelly, ) (Entered: 08/20/2007) |
| 08/23/2007 | 4 | MOTION for John A. Chatowski, Esq to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/23/2007 | 5 | MOTION for Robert A. Weikert, Esq. to Appear Pro Hac Vice by Xtended Beauty Inc., filed. Motion Docket Date 9/12/2007. (ltrevino, ) (Entered: 08/24/2007) |
| 08/27/2007 | 6 | CONFERENCE MEMORANDUM: Appearances: Howard L Steele, Jr., and Charles Sturm f/Pltf; Robert A Weikert (by phone) f/Deft. Order to be entered. Review deadline 9/17/2007.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/27/2007 | 7 | ORDER by 3:00 pm 8/28/07 Xtended Beauty will give Xtrement Lashes a list of categories of products it sells and what percentage of its gross revenue the category represents, and a report of how much business it does in Texas.( Signed by Judge Lynn N. Hughes ) Parties notified. (kmurphy, ) (Entered: 08/28/2007) |

DC CM/ECF LIVE- US District Court-Texas Southern - Docket Report                         Page 3 of 3

| 08/28/2007 | 7  | ORDER granting John A Chatowski's 4 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/28/2007 | 8  | ORDER granting Robert Weikert's 5 Motion to Appear Pro Hac Vice for Xtended Beauty Inc.( Signed by Judge Lynn N. Hughes ) Parties notified.(kmurphy, ) (Entered: 08/28/2007) |
| 08/29/2007 | 10 | NOTICE of Appearance by Paul C. VanSlyke on behalf of Xtended Beauty Inc., filed. (Van Slyke, Paul) (Entered: 08/29/2007) |
| 09/11/2007 | 11 | Letter from Paul C. Van Slyke re: ruling by Judge Jenkins in the California declaratory judgment action, filed. (dkelly, ) (Entered: 09/12/2007) |
| 09/13/2007 | 12 | ORDER: By 5:00 p.m. on 9/17/2007, the parties will explain why this case should not be dismissed in favor of the California action.( Signed by Judge Lynn N. Hughes ) Parties notified.(dkelly, ) (Entered: 09/13/2007) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 09/13/2007 14:27:01 | | |
| PACER Login: | ss5347 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:07-cv-02460 |
| Billable Pages: | 2 | Cost: | 0.16 |

CAND-ECF - Docket Report                                                    Page 1 of 5

ADRMOP, AO279, E-Filing

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-03391-MJJ**

Xtended Beauty, Inc. v. Xtreme Lashes, LLC et al          Date Filed: 06/28/2007
Assigned to: Hon. Martin J. Jenkins                        Jury Demand: None
Cause: 15:1125 Trademark Infringement (Lanham Act)         Nature of Suit: 840 Trademark
                                                           Jurisdiction: Federal Question

**Plaintiff**

**Xtended Beauty, Inc.**              represented by   **Robert Ahlefeld Weikert**
*a California Corporation*                             Thelen Reid & Priest LLP
                                                      101 Second Street
                                                      Suite 1800
                                                      San Francisco, CA 94105-3601
                                                      415/371-1200
                                                      Fax: 415-371-1211
                                                      Email: raweikert@thelenreid.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Veronica Colby Devitt**
                                                      Thelen Reid & Priest LLP
                                                      101 Second Street
                                                      Suite 1800
                                                      San Francisco, CA 94105
                                                      415-371-1200
                                                      Fax: 415-371-1211
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Xtreme Lashes, LLC**                represented by   **Scott Robert Raber**
*a Texas Limited Liability Corporation*               Kastner/Banchero LLP
                                                      20 California Street
                                                      7th Floor
                                                      San Francisco, CA 94111
                                                      415-398-7000
                                                      Fax: 415-616-7000
                                                      Email: srr@kastnerbanchero.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Charles Alfred Sturm**

1000 Louisiana
Suite
3780
Houston, TX 77002
7136592600
Fax: 7136592601
Email: csturm@steelesturm.com
*ATTORNEY TO BE NOTICED*

**Howard J. Steele, Jr.**
Steele Sturm PLLC
1000 Lousiana
Suite 3780
Houston, TX 77002
(713) 659-2600
*ATTORNEY TO BE NOTICED*

**Defendant**
**Joumana Mousselli**                    represented by   **Scott Robert Raber**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Charles Alfred Sturm**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Howard J. Steele, Jr.**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2007 | 1 | COMPLAINT for Declaratory Relief against Xtreme Lashes, LLC, Joumana Mousselli (Filing fee $ 350.00, receipt number 34611007781). Filed byXtended Beauty, Inc. (gba, COURT STAFF) (Filed on 6/28/2007) Additional attachment(s) added on 7/5/2007 (gba, COURT STAFF). (Entered: 06/28/2007) |
| 06/28/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/5/2007. Case Management Conference set for 10/12/2007 01:30 PM. (Attachments: # 1 CMC Standing Order# 2 JCS Standing Order# 3 New Standing Order)(gba, COURT STAFF) (Filed on 6/28/2007) (Entered: 06/28/2007) |
| 06/28/2007 |  | Summons Issued as to Xtreme Lashes, LLC, Joumana Mousselli. (gba, COURT STAFF) (Filed on 6/28/2007) (Entered: 06/28/2007) |
| 06/28/2007 |  | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 6/28/2007) (Entered: 06/28/2007) |

| 06/28/2007 | 3 | REPORT on the filing or determination of an action regarding Trademark Infringement (cc: form mailed to register). (gba, COURT STAFF) (Filed on 6/28/2007) (Entered: 06/28/2007) |
| 07/03/2007 | 4 | CLERK'S NOTICE TO PLAINTIFF RE: Consent to Proceed before a U.S. Magistrate Judge. Form due by JULY 17, 2007. (klh, COURT STAFF) (Filed on 7/3/2007) (Entered: 07/03/2007) |
| 07/06/2007 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Xtended Beauty, Inc. *and Request for Reassignment to a United States District Judge*. (Weikert, Robert) (Filed on 7/6/2007) (Entered: 07/06/2007) |
| 07/06/2007 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 7/6/2007) (Entered: 07/06/2007) |
| 07/09/2007 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Martin J. Jenkins for all further proceedings. Judge Joseph C. Spero no longer assigned to the case.. Signed by Executive Committee on 7/9/07. (as, COURT STAFF) (Filed on 7/9/2007) (Entered: 07/09/2007) |
| 07/11/2007 | 8 | CLERK'S NOTICE - Case Management Conference set for 10/16/2007 02:00 PM, before Hon. Martin J. Jenkins, Courtroom 11, 19th Floor, San Francisco. Joint Case Management Statement due by 10/9/2007. (Attachments: # 1 MJJ Standing Order) (epb, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/11/2007) |
| 07/20/2007 | 9 | CERTIFICATE OF SERVICE by Xtended Beauty, Inc. *Certificate of Service of Summons, Related Papers* (Weikert, Robert) (Filed on 7/20/2007) (Entered: 07/20/2007) |
| 07/31/2007 | 10 | ANSWER to Complaint byXtreme Lashes, LLC, Joumana Mousselli. (Raber, Scott) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 07/31/2007 | 11 | ASSOCIATION of Counsel *REQUEST FOR JUDICIAL NOTICE* by Xtreme Lashes, LLC, Joumana Mousselli. (Raber, Scott) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 07/31/2007 | 12 | MOTION to Dismiss *or In The Alternative, MOTION to Transfer Venue; Memorandum of Points and Authorities in Support Thereof* filed by Xtreme Lashes, LLC, Joumana Mousselli. Motion Hearing set for 9/11/2007 09:30 AM in Courtroom 11, 19th Floor, San Francisco. (Raber, Scott) (Filed on 7/31/2007) (Entered: 07/31/2007) |
| 07/31/2007 | 13 | MOTION of Howard L. Steele, Jr. for leave to appear in Pro Hac Vice (Filing fee $ 210, receipt number 3461100890) filed by Xtreme Lashes, LLC, Joumana Mousselli. (slh, COURT STAFF) (Filed on 7/31/2007) (Entered: 08/06/2007) |
| 07/31/2007 | 14 | MOTION of Charles A. Sturm for leave to appear in Pro Hac Vice (Filing fee $ 210, receipt number 34611008899) filed by Xtreme Lashes, LLC, Joumana Mousselli. (slh, COURT STAFF) (Filed on 7/31/2007) (Entered: 08/06/2007) |
| 08/14/2007 | 15 | ORDER by Judge Martin J. Jenkins granting [13] Motion for Pro Hac |

|            |    |                                                                                                                                                                                                                                                                                                                                                                 |
|------------|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | Vice Admission of Attorney Howard Steel, representing Defendant J. Mousselli. Signed 8/3/07. (epb, COURT STAFF) (Filed on 8/14/2007) Additional attachment(s) added on 8/14/2007 (epb, COURT STAFF). (Entered: 08/14/2007)                                                                                                                                    |
| 08/14/2007 | 16 | ORDER by Judge Martin J. Jenkins granting [14] Motion for Pro Hac Vice Admission of Attorney Charles Sturm, representing Defendant J. Mousselli. Signed 8/3/07. (epb, COURT STAFF) (Filed on 8/14/2007) Additional attachment(s) added on 8/14/2007 (epb, COURT STAFF). (Entered: 08/14/2007)                                                                  |
| 08/21/2007 | 17 | MOTION to Dismiss *Plaintiff Xtended Beauty, Inc.'s Opposition to Defendants Xtreme Lashes, LLC and Joumana Moussellis Motion to Dismiss or, in the Alternative, to Transfer Venue* filed by Xtended Beauty, Inc.. Motion Hearing set for 9/11/2007 09:30 AM in Courtroom 11, 19th Floor, San Francisco. (Weikert, Robert) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 18 | Declaration of Elisa Lee in Support of [17] MOTION to Dismiss *Plaintiff Xtended Beauty, Inc.'s Opposition to Defendants Xtreme Lashes, LLC and Joumana Moussellis Motion to Dismiss or, in the Alternative, to Transfer Venue Declaration of Elisa Lee in Support of Plaintiff Xtended Beauty, Inc.'s Opposition to Defendants Xtreme Lashes, LLC and Joumana Mousselli's Motion to Dismiss or, in the Alternative, to Transfer Venue* filed by Xtended Beauty, Inc.. (Related document(s)[17]) (Weikert, Robert) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 19 | Declaration of Robert A. Weikert *Declaration of Robert A. Weikert in Support of Plaintiff Extended Beauty, Inc.'s Opposition to Defendants Xtreme Lashes, LLC and Joumana Moussellis' Motion to Dismiss or, in the Alternative, to Transfer Venue* filed by Xtended Beauty, Inc.. (Attachments: # [1] Exhibit A# [2] Exhibit B# [3] Exhibit C# [4] Exhibit D) (Weikert, Robert) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/28/2007 | 20 | Reply Memorandum re [12] MOTION to Dismiss *or In The Alternative, MOTION to Transfer Venue; Memorandum of Points and Authorities in Support Thereof* filed by Xtreme Lashes, LLC, Joumana Mousselli. (Banchero, E.) (Filed on 8/28/2007) (Entered: 08/28/2007)                                                                                                |
| 09/07/2007 | 21 | ORDER by Judge Martin J. Jenkins denying [12] Motion to Dismiss and Motion to Transfer. (mjjlc1, COURT STAFF) (Filed on 9/7/2007) (Entered: 09/07/2007)                                                                                                                                                                                                         |

| PACER Service Center |  |  |  |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/13/2007 12:29:32 | | | |
| PACER Login: | ss5347 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:07-cv-03391-MJJ |

| Billable Pages: | 3 | Cost: | 0.24 |
| --- | --- | --- | --- |

**EXHIBIT B**

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

Xtreme Lashes LLC, et al.,                    §
                                              §
              Plaintiffs,                     §
                                              §
versus                                        §              Civil Action H-07-2460
                                              §
Xtended Beauty, Inc.,                         §
                                              §
              Defendant.                      §

## Order

By 5:00 p.m. on September 17, 2007, the parties will explain why this case should not

be dismissed in favor of the California action.

Signed on September **13**, 2007, at Houston, Texas.

                                        Lynn N. Hughes
                                  United States District Judge

1
2
3
4
5
6
7
8                         IN THE UNITED STATES DISTRICT COURT
9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   XTENDED BEAUTY,                           No. C07-03391 MJJ
12             Plaintiff,                        **ORDER DENYING MOTION TO**
                                                **DISMISS AND MOTION TO TRANSFER**
13   v.                                          **VENUE**
14   XTREME LASHES,
15             Defendant.
                                     /
16
17                             **INTRODUCTION**
18        Before the Court is Defendant Xtreme Lashes' Motion to Dismiss, or in the alternative,
19   Motion to Transfer Venue.[1]  Plaintiff Xtended Beauty opposes the motion.  For the following
20   reasons, the Court **DENIES** the motion.
21                          **FACTUAL BACKGROUND**
22        On June 19, 2007 Defendant Xtreme Lashes ("Xtreme") sent a letter to Plaintiff Xtended
23   Beauty ("Xtended") alleging trademark confusion caused by Plaintiff's use of the mark "Xtended
24   Beauty."  Defendant requested that Plaintiff comply by ceasing to use the mark, and demanded that
25   Plaintiff confirm compliance by June 30, 2007.  On June 28, 2007, Plaintiff filed a Complaint for
26   Declaratory Relief in this Court.  By this motion, Defendant now seeks to dismiss this action or, in
27
28

_____

[1]Docket No. 12

*United States District Court*
*For the Northern District of California*

1    the alternative, transfer Plaintiff's action to the Southern District of Texas.[2]

2                                    **LEGAL STANDARD**

3          Defendant's motion to transfer venue to the Southern District of Texas is governed by 28

4    U.S.C. section 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the

5    interest of justice, a district court may transfer any civil action to any other district or division where

6    it might have been brought." 28 U.S.C. § 1404(a).

7          Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not

8    grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in

9    favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal.

10   2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v.*

11   *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under section 1404(a), the moving

12   party has the burden of showing that the balance of conveniences weighs heavily in favor of the

13   transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See*

14   *Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

15         A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court.

16   *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant

17   such a motion turns on the facts of the particular case. *See id.* In reviewing a motion to transfer, the

18   Court may consider the following factors to determine whether transfer is appropriate: (1) the

19   location where the relevant agreements were negotiated and executed; (2) the state that is most

20   familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties'

21   contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

22   forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

23   compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to

24   sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public

25   _____

26   [2]Defendant's motion was submitted as a Motion to Dismiss or, in the alternative, to Transfer Venue. Defendant
     originally requested that the Court "pursuant to Fed. R. Civ. P. 12(b)(3), []dismiss this action on grounds of improper venue
27   or alternatively forum non conveniens. In particular, this motion seeks dismissal of this action for improper venue on the
     grounds of improper forum shopping by plaintiff." (Defendant's Notice of Motion at 2.) Defendant's motion to dismiss for
     improper venue is governed by 28 U.S.C. section 1406. In its reply, however, Defendant disavows any reliance on an
28   improper venue theory under section 1406. (Defendant's Reply at 2.) The Court therefore does not reach this issue. In any
     event, Defendant provides no evidence or analysis suggesting this case is in the wrong venue.

**United States District Court**
For the Northern District of California

1 | policy of the forum state, if any. *See id.* at 498-99.

2 | <center>ANALYSIS</center>

3 | **A. Defendant Lacks Evidence to Support a Motion to Transfer Venue.**

4 | Evaluating the facts of the instant case under the relevant factors, the Court finds

5 | Defendant's request to transfer the action to Texas to be unavailing.

6 | Defendant contends that venue is appropriate in Texas primarily because Plaintiff filed suit

7 | in California in anticipation of Defendant's suit and in an effort to forum shop. In support,

8 | Defendant's only proffered evidence is the June 19, 2007 letter from Defendant to Plaintiff. This

9 | letter at best supports an inference that Plaintiff filed suit in California with some knowledge that

10 | Defendant might later file suit. This letter alone, however, is not sufficient to persuade the Court

11 | that transfer of venue is appropriate.

12 | In response, Plaintiff submitted, inter alia, a declaration stating that Plaintiff's only office is

13 | located in Hayward, California and Plaintiff does not have any offices in Texas. In addition,

14 | Plaintiff's bank accounts, business, corporate records, customers, trade shows and training sessions

15 | are all primarily in California. (Declaration of Elisa Lee ¶¶ 2-7.) This evidence all weighs against

16 | transfer.

17 | Defendant, therefore, has not offered sufficient evidence to overcome the strong presumption

18 | in favor of Plaintiff's choice of forum.

19 | **B. Defendant Does Not Offer Sufficient Evidence to Overcome the "First-to-File" Rule.**

20 | In its reply, Defendant argues for the first time that the Court should exercise its discretion to

21 | decline jurisdiction under the Declaratory Judgment Act because Plaintiff's action in California was

22 | filed in anticipation of Defendant's suit and amounted to forum shopping. The Court does not reach

23 | this issue because it is not sufficiently raised, briefed or supported in the papers.

24 | //

25 | //

26 | //

27 | //

28 | //

<div style="writing-mode: vertical">**United States District Court**<br>For the Northern District of California</div>

<center>3</center>

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the September 11, 2007 hearing in this matter and **DENIES** Defendants' Motion to Dismiss or Transfer Venue.

**IT IS SO ORDERED.**

Dated: September 7, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4