# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XTREME LASHES LLC AND JOUMANA MOUSSELLI, | § § § | |
| Plaintiffs | § § | |
| V. | § § | Civil Action 4:07-cv-02460 |
| XTENDED BEAUTY INC. | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' NOTICE OF FILING IN THE PARALLEL ACTION**

On September 26, 2007, Xtreme Lashes, LLC and Joumana Mousselli (collectively "Xtreme Lashes") filed their Reply to Plaintiff's Opposition to Defendants' Motion Pursuant to Civ. L.R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment Act in the parallel proceeding in California. Xtreme Lashes files this notice with the Reply and its attendant exhibits so that the Court is aware of the discourse in the pending California action.

Respectfully submitted,

STEELE STURM PLLC


 /s/ Charles Sturm
Howard L. Steele, Jr.
Fed. Bar ID # 21615
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

**ATTORNEY FOR PLAINTIFFS**

OF COUNSEL:

Charles Sturm
Fed. Bar ID # 21777
Kim Goodling
Fed. Bar ID # 33873
STEELE STURM PLLC
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## CERTIFICATE OF SERVICE

On September 26, 2007, the foregoing instrument was served on the following parties in this action by electronic mail, when email addresses are available, or by facsimile and/or first class mail:

>       Robert A. Weikert
>       Veronica Colby Devitt
>       THELEN REID BROWN RAYSMAN & STEINER, LLP
>       101 Second Street, Suite 1800
>       San Francisco, California 94105
>
>       Paul Van Slyke
>       Locke Liddell & Sapp, PLLC
>       3400 Chase Tower
>       600 Travis
>       Houston, Texas 77002

_/s/ Charles Sturm_

## Responses and Replies
3:07-cv-03391-MJJ Xtended Beauty, Inc. v. Xtreme Lashes, LLC et al
ADRMOP, AO279, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

---

The following transaction was received from by Sturm, Charles entered on 9/26/2007 3:12 PM and filed on 9/26/2007

| | |
|---|---|
| **Case Name:** | Xtended Beauty, Inc. v. Xtreme Lashes, LLC et al |
| **Case Number:** | 3:07-cv-3391 |
| **Filer:** | Xtreme Lashes, LLC |
| **Document Number:** | 32 |

**Docket Text:**
Reply to Opposition *of Plaintiffs Opposition to Defendants Motion Pursuant to Civ. L.R. 6-3 to Shorten Time to Hear Defendants Objection to the Court's Jurisdiction Pursuant to the Declaratory Judgment Act* filed byXtreme Lashes, LLC. (Attachments: # (1) Exhibit A through C-1)(Sturm, Charles) (Filed on 9/26/2007)

**3:07-cv-3391 Notice has been electronically mailed to:**

John A. Chatowski    jachatowski@thelen.com, vgaskins@thelen.com

Scott Robert Raber    srr@kastnerbanchero.com, LN@kastnerbanchero.com

Charles Alfred Sturm    csturm@steelesturm.com

Robert Ahlefeld Weikert    raweikert@thelenreid.com, mtwalter@thelenreid.com

**3:07-cv-3391 Notice has been delivered by other means to:**

Veronica Colby Devitt
Thelen Reid & Priest LLP
101 Second Street
Suite 1800
San Francisco, CA 94105

Howard J. Steele , Jr
Steele Sturm PLLC
1000 Lousiana
Suite 3780
Houston, TX 77002

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\kglowka\My Documents\Defendants Reply to Plt
Opposition to Shorten.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/26/2007] [FileNumber=3779779-0]
[3be8531d15d0df3186fc8bbfd9808dd332ab91fc1e577610bf546eea7896522268bcd
ee9fc5ae601a059820e8ec2499fb47ff560548eddc6b1d583758471a43c]]
**Document description:**Exhibit A through C-1
**Original filename:**C:\Documents and Settings\kglowka\My Documents\Exhibits A-C-1 to Reply to
Shorten.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/26/2007] [FileNumber=3779779-1]
[2e3c38ebe07e95fd0246821096826328c15075b765981f6ff5b92f68775765d8cd12e
b57419d5780b6afcc5edfa8a52e4b662eee98311a6ac9d279b2b8ae752d]]

1    E. JEFFREY BANCHERO (SBN 93077)
     SCOTT R. RABER (SBN 194924)
2    KASTNER | BANCHERO LLP
     20 California Street, 7th Floor
3    San Francisco, California 94111
     Telephone: (415) 398-7000
4    Facsimile: (415) 616-7000
     Mr. Banchero's email: ejb@kastnerbanchero.com
5    Mr. Raber's email: srr@kastnerbanchero.com
6

7    Howard L. Steele (Texas SBN 24002999)
     Charles A. Sturm (Texas SBN 24003020)
8    (admitted *pro hac vice*)
     STEELE STURM, PLLC
9    1000 Louisiana, Suite 3780
     Houston, Texas 77002
10   Telephone: (713) 659-2600
11   Facsimile: (713) 659-2601
     Mr. Steele's email: hsteele@steelesturm.com
12   Mr. Sturm's email: csturm@steelesturm.com

13   Attorneys for Defendants
     XTREME LASHES, LLC and JOUMANA MOUSSELLI
14

15               UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17
18   XTENDED BEAUTY, INC., a California    )   CASE NO. C 07-03391 MJJ
     Corporation,                         )
19                              )   **DEFENDANTS' REPLY TO**
               Plaintiff(s),      )   **PLAINTIFF'S OPPOSITION TO**
20                              )   **DEFENDANT'S MOTION**
     v.                                )   **PURSUANT TO CIV. L.R. 6-3 TO**
21                              )   **SHORTEN TIME TO HEAR**
     XTREME LASHES, LLC, a Texas Limited  )   **DEFENDANTS' OBJECTION TO**
22   Corporation; and JOUMANA MOUSSELLI, an )   **THE COURT'S JURISDICTION**
     Individual,                         )   **PURSUANT TO THE**
23                              )   **DECLARATORY JUDGEMENT**
              Defendant(s).    )   **ACT**
24                              )
25                              )   Date:   October 30, 2007
                               )   Time:   9:00 a.m.
26  _____)   Dept.:  Courtroom 11
                                       Judge: Hon. Martin J. Jenkins
27
28                                  - 1 -

## MEMORANDUM OF POINTS

In its Opposition to Defendants' Motion Pursuant to Local Rule 6-3 and in Robert Weikert's Declaration in Support of Xtended Beauty's Opposition, Xtended Beauty makes a number of specious allegations concerning the conduct of Judge Lynn N. Hughes of the Southern District of Texas. Defendants file this short reply to set the record straight.

**A.   Xtended Beauty's Allegations of "Unusual" Conduct in the Texas Action Are Absurd**

Plaintiff states the following regarding the Texas action:

> The only activity has been an unusual *sua sponte* conference ordered by the Texas court prior to the completion of service of the Complaint or the filing of any responsive pleading by Plaintiff. During that conference, among other things, the [Texas] court (1) asked Xtended Beauty to agree to voluntarily dismiss the California action *prior* to any ruling by this Court on Defendants' then-pending motion to dismiss; and (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants (without requiring Defendants to provide any like information to Plaintiff), even though Xtended Beauty had not responded to the Complaint, had not appeared in the action, and had objected . . . .

Pl. Opp. to Def. Mtn. to Shorten Time , at pp. 1-2, attached as Exhibit A. (Emphasis in original).

The intended implication of this paragraph is, at worst, that Defendants' counsel have somehow colluded with a federal judge to "hometown" their client (and that this Court should protect them from further mistreatment by retaining jurisdiction). At best, the implication is that Judge Hughes is not treating Xtended Beauty fairly.   The former interpretation is obvious from the following recitation from Xtended Beauty's counsel:

> I participated in the August 27, 2007 conference call with Judge Hughes . . . . Xtreme Lashes' local counsel in Texas . . . *were physically present at the conference, which I understand occurred in Judge Hughes'[sic] chambers and without a court reporter present* (counsel were not asked to state their appearances for the record).

Decl. of Robert Weikert in Supp. Pl. Opp. Def. Mtn. Shorten Time, ¶ 8, attached as Exhibit B. (Emphasis supplied).

**B.    Judge Hughes Holds All Pretrial Conferences in His Chambers Without a Court Reporter, and Routinely Orders Parties to Produce Information *Sua Sponte***

Xtended Beauty's characterization of the pretrial conference before Judge Hughes as being "unusual" is utterly preposterous. Judge Hughes holds all pretrial conferences in his chambers without a court reporter. Declaration of Charles A. Sturm, attached as Exhibit C. Xtended Beauty's local counsel, Mr. Van Slyke, is well aware of this fact. Judge Hughes also utilizes his law clerks to memorialize proceedings in pretrial conferences rather than a court reporter. *Id.* The law clerks prepare a conference memorandum immediately after the hearing. *Id.*

The allegation that it was "unusual" for Judge Hughes to order Xtended Beauty to provide information concerning the merits of the lawsuit *sua sponte* at the pretrial conference is also false. Judge Hughes routinely orders parties to provide information at the pretrial conference. Again, Xtended Beauty's local counsel will confirm this fact. In fact, Judge Hughes *has done the exact same thing to Defendants' counsel in other cases. Id.* For example, in *Holmes v. Verizon Wireless Services, LLC, et al.*, Judge Hughes ordered Charles Sturm to produce, on three days' notice, voluminous medical records that were not even in his possession. *Id.* Judge Hughes also *dismissed three defendants* at the pretrial conference *without notice and without a request by the Defendants. Id.*

Judge Hughes is treating Xtended Beauty no differently than he does every other litigant that appears before him. Any *innuendo* to the contrary is false.

DATED: September 26, 2007                STEELE STURM, PLLC


By: /s/ Charles A. Sturm
   Charles A. Sturm
   Appearance, *pro hac vice*

Attorneys for Defendants
XTREME LASHES, LLC and
JOUMANA MOUSSELLI

- 3 -

# EXHIBIT A



1   ROBERT A. WEIKERT (State Bar No. 121146)
    VERONICA COLBY DEVITT (State Bar No. 79955)
2   JOHN A. CHATOWSKI (State Bar No. 174471)
    THELEN REID BROWN RAYSMAN & STEINER LLP
3   101 Second Street, Suite 1800
    San Francisco, CA  94105-3601
4   Telephone:  415-371-1200
    Facsimile:  415-371-1211
5   raweikert@thelen.com
    vdevitt@thelen.com
6   jachatowski@thelen.com

7   Attorneys for Plaintiff
    XTENDED BEAUTY, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  XTENDED BEAUTY, INC., a California      CASE NO.  C 07-03391 MJJ
    Corporation,
12                                          OPPOSITION OF PLAINTIFF XTENDED
13          Plaintiff,                      BEAUTY, INC. TO DEFENDANTS'
                                            MOTION PURSUANT TO CIV. L.R. 6-3 TO
14  v.                                      SHORTEN TIME TO HEAR DEFENDANTS'
                                            OBJECTION TO THE COURT'S
15  XTREME LASHES, LLC, a Texas Limited     JURISDICTION PURSUANT TO THE
    Liability Corporation; and JOUMANA      DECLARATORY JUDGMENT ACT
16  MOUSSELLI, an individual,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28
    SF #1337379 v1
    OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO
    SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

Case 3:07-cv-03391-MJJ     Document 37-6     Filed 10/09/2007     Page 12 of 27

Case 3:07-cv-03391-MJJ     Document 32-2     Filed 09/26/2007     Page 3 of 17
Case 3:07-cv-03391-MJJ     Document 27     Filed 09/18/2007     Page 2 of 5

1       This is in response to Defendants Xtreme Lashes, LLC and Joumana Mousselli's Motion

2   Pursuant to Civ. L. R. 6-3 to Shorten Time to Hear Defendants' Objection to the Court's Exercise

3   of Jurisdiction Pursuant to the Declaratory Judgment Act. For the reasons discussed below and in

4   the concurrently filed Declaration of Robert A. Weikert, Defendants' Motion should be denied

5   and their "Objection" should be scheduled for hearing on the Court's regular law and motion

6   calendar.

7                       **I.  DISCUSSION**

8       In both the Motion to Shorten Time and their attempted second bite at the "dismissal

9   apple" (now styled as an "Objection"), Defendants continue to be less than forthcoming in their

10  characterization of the underlying facts and the status of the second-filed Texas action.[1]

11      First, as the Court knows, Defendants' counsel's June 19, 2007 "cease-and-desist" letter

12  does *not* state that Defendants "intended to file suit on June 30, 2007." *See* Exhibit A to Weikert

13  Decl. While Defendants' counsel threatened "legal action" if Xtended Beauty did not agree to

14  cease using its mark, her letter does *not* state that suit would be filed against Xtended Beauty on

15  June 30, 2007 (or offer any other specifics) if Xtended Beauty did not comply with Defendants'

16  demands.

17      Second, the Texas action has been far from "active." The only activity has been an

18  unusual *sua sponte* conference ordered by the Texas court prior to the completion of service of the

19  Complaint or the filing of any responsive pleading by Plaintiff. During that conference, among

20  other things, the court (1) asked Xtended Beauty to agree to voluntarily dismiss the California

21  action *prior* to any ruling by this Court on Defendants' then-pending motion to dismiss; and

22  (2) ordered (again *sua sponte*) Xtended Beauty to provide certain information to Defendants

23  (without requiring Defendants to provide any like information to Plaintiff), even though Xtended

24  Beauty had not responded to the Complaint, had not appeared in the action, and had objected,

25

26  _____

[1] Defendants also filed their motion without first meeting and conferring in good faith with

27  Plaintiff's counsel pursuant to Civil Local Rule 37-1. Weikert Decl., ¶¶ 14-19.

28

Case 3:07-cv-03391-MJJ    Document 37-6    Filed 10/09/2007    Page 13 of 27

Case 3:07-cv-03391-MJJ    Document 32-2    Filed 09/26/2007    Page 4 of 17
Case 3:07-cv-03391-MJJ    Document 27    Filed 09/18/2007    Page 3 of 5

1    through its counsel, to providing such information on the grounds that it was likely move to

2    dismiss the Texas action on various grounds. Weikert Decl., ¶¶ 5-10.

3         Although Plaintiff had no choice but to comply with this Order, contrary to Defendants'

4    representation *no* documents of any kind have been produced. There also has been no early

5    meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been

6    propounded. Weikert Decl., ¶¶ 11-12. Thus, given that Defendants have already answered the

7    Complaint here, and the parties have briefed, and this Court has ruled on, an initial motion to

8    dismiss, the resources so far expended on this action dwarf those expended on the Texas action.

9         Third, Plaintiff has *never* admitted that "it raced to the courthouse after receiving 'explicit

10   threats of litigation.'" Indeed, this Court has already concluded that Defendants failed to present

11   any persuasive evidence establishing that Plaintiff acted in bad faith or engaged in impermissible

12   "forum shopping": "Defendants' only proffered evidence is the June 19, 2007 letter from

13   Defendant to Plaintiff. This letter at best supports an inference that Plaintiff filed suit in

14   California with some knowledge that Defendant might later file suit. This letter alone, however, is

15   not sufficient to persuade the Court that transfer of venue is appropriate." *See* September 7, 2007

16   Order Denying Motion to Dismiss and Motion to Transfer Venue, at 3.

17        Fourth, Defendants' contention that all the alleged "activity" in the Texas case occurred

18   *after* the conclusion of all of the briefing on their first motion to dismiss this action is likewise

19   false. Defendants filed their Supplemental Memorandum in support of their motion on August 28,

20   2007 at 9:48 p.m., which was *after* the August 27 conference in the Texas action, *after* the Texas

21   District Court Judge issued his August 27 Order, and *after* Xtended Beauty sent its first letter in

22   response to the Order on the afternoon of August 28. *See* Weikert Decl., ¶ 13.

23        Finally, the information that the Texas Court ordered Plaintiff to provide to Defendants,

24   *sua sponte* and in the absence of any discovery requests, does *not* demonstrate that the Texas

25   Court has personal jurisdiction over Plaintiff. That issue has not yet been addressed by the Texas

26   Court because the case is not even at issue at this point, and Plaintiff's responsive pleading is not

27   due until September 28, 2007. Weikert Decl., ¶ 12.

28   ///

1    These misstatements alone should give the Court pause with respect to the propriety of this

2    Motion to Shorten Time. However, what is clearly fatal to the motion is the absence of any good

3    cause whatsoever for hearing the "Objection"—which is no more than an improper motion for

4    reconsideration—on shortened time. The only rationale Defendants can muster is that until the

5    Objection is decided, "the procedural posture of [the two cases] will remain unresolved." But

6    what does that mean, and why does that warrant depriving Plaintiff and this Court of the

7    opportunity to address the Objection on a regular briefing and hearing schedule? Defendants do

8    not elaborate. Further, in the face of the Texas court's September 18, 2007 Order granting

9    Defendants' Motion to Delay Dismissal of the Texas action pending at least a decision by this

10    Court on the "objection," the procedural posture of the Texas case is no longer relevant. *See*

11    Exhibit "E" to Weikert Decl.

12    In any event, Defendants have failed to identify any substantial harm or prejudice that will

13    occur if their Objection is heard on the Court's regular law and motion calendar. With standard

14    notice, the Objection will be heard on October 19, 2007, a mere three days after the scheduled

15    initial Case Management Conference. In fact, if the Court is so inclined Plaintiff has no objection

16    to having Defendants' Objection heard on October 16, 2007, the same day as the initial Case

17    Management Conference.

18    On the other hand, Plaintiff will be severely prejudiced if the Court approves a shortened

19    briefing and hearing schedule. The shortened response time is insufficient due to the importance

20    of this motion to Plaintiff. Defendant wishes to force Plaintiff to litigate this case in Texas. This

21    would substantially increase the cost to Plaintiff of proceeding with this action and deprive it of its

22    chosen forum.[2] Plaintiff should not be required to respond to this important motion on a

23    compressed schedule, especially since Defendants have not provided any compelling reason for

24    forcing Plaintiff to do so.

25

26    [2] Defendants have already admitted in their Answer that this Court has personal jurisdiction over

27    them, and in denying the previous motion to dismiss the Court has determined that venue is proper
      here.

28

## II. CONCLUSION

Defendants' Motion should be denied and their "Objection" should be scheduled for hearing on the Court's regular law and motion calendar, or on October 16, 2007, the same day as the initial Case Management Conference.

Respectfully submitted,

Dated: September 18, 2007     THELEN REID BROWN RAYSMAN & STEINER LLP

By _____ /s/ Robert A. Weikert _____
ROBERT A. WEIKERT

Attorneys for Plaintiff
XTENDED BEAUTY, INC.

OPPOSITION OF PLAINTIFF XTENDED BEAUTY, INC. TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

# EXHIBIT B

Case 3:07-cv-03391-MJJ     Document 37-6     Filed 10/09/2007     Page 17 of 27

Case 3:07-cv-03391-MJJ     Document 32-2     Filed 09/26/2007     Page 8 of 17
Case 3:07-cv-03391-MJJ     Document 28     Filed 09/18/2007     Page 1 of 5



1  ROBERT A. WEIKERT  (State Bar No. 121146)
   VERONICA COLBY DEVITT (State Bar No. 79955)
2  JOHN A. CHATOWSKI (State Bar No. 174471)
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, CA  94105-3601
4  Telephone: 415-371-1200
   Facsimile: 415-371-1211
5  raweikert@thelen.com
   vdevitt@thelen.com
6  jachatowski@thelen.com

7  Attorneys for Plaintiff
   XTENDED BEAUTY, INC.

8

9            UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11  XTENDED BEAUTY, INC., a California         CASE NO.  C 07-03391 MJJ
    Corporation,
12                                             DECLARATION OF ROBERT A. WEIKERT
                                               IN SUPPORT OF PLAINTIFF XTENDED
13         Plaintiff,                          BEAUTY, INC.'S OPPOSITION TO
                                               DEFENDANTS' MOTION PURSUANT TO
14  v.                                         CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR
                                               DEFENDANTS' OBJECTION TO THE
15  XTREME LASHES, LLC, a Texas Limited        COURT'S JURISDICTION PURSUANT TO
    Liability Corporation; and JOUMANA         THE DECLARATORY JUDGMENT ACT
16  MOUSSELLI, an individual,

17         Defendants.

18

19

20

21

22

23

24

25

26

27

28

SP #1339372 v1
DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO
HEAR OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

Case 3:07-cv-03391-MJJ    Document 37-6    Filed 10/09/2007    Page 18 of 27

Case 3:07-cv-03391-MJJ    Document 32-2    Filed 09/26/2007    Page 9 of 17
Case 3:07-cv-03391-MJJ    Document 28    Filed 09/18/2007    Page 2 of 5

1.    I am member of the bar of this Court and am a partner in the firm of Thelen Reid Brown Raysman & Steiner LLP, counsel of record for Plaintiff Xtended Beauty, Inc. ("Xtended Beauty") in this action. Except as otherwise indicated, the following is based on my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2.    Attached hereto as Exhibit "A" is a true and correct copy of Defendants' counsel Karen Tripp's June 19, 2007 letter.

3.    On June 28, 2007, Plaintiff filed its Complaint in this action. On July 31, 2007, Defendants filed their Answer along with a Motion to Dismiss or, in the Alternative, to Transfer Venue. Defendants' motion was denied on September 7, 2007. Counsel have subsequently scheduled the Rule 26 early meeting of counsel for September 19, 2007. A Case Management Conference has also been scheduled for October 16, 2007.

4.    On June 27, 2007, Defendants filed their Complaint in the United States District Court for the Southern District of Texas. The case was assigned to the Honorable Lynn N. Hughes.

5.    On July 30, 2007, Defendants sent a copy of the Texas Complaint and a "Request for Waiver of Service of Summons" to Xtended Beauty's offices in Hayward, California. Xtended Beauty signed and returned the Request on August 24, 2007, making Xtended Beauty's first responsive pleading in the Texas action due on September 28, 2007.

6.    On August 14, 2007, I received an email from Xtreme Lashes' counsel that Judge Hughes wanted to set up a conference in the Texas action regarding the case. We contacted Judge Hughes' clerk to determine the purpose and scope of the conference, and were advised that the clerk prepares a report each month of the cases that were filed in the previous month, and in this case, the Court told her to send an email to the parties telling them that "he wanted to see them."

7.    We subsequently advised Judge Hughes' clerk and opposing counsel that we could specially appear by telephone at this "conference" (our office had not yet retained local counsel), subject of course to the right to challenge the Texas court's jurisdiction, and subject to all other appropriate defenses. The conference was scheduled for Monday, August 27, 2007.

SF #1339372 v1                                    -1-

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

8.      I participated in the August 27, 2007 conference call with Judge Hughes on behalf of Xtended Beauty along with my associate, John Chatowski. Xtreme Lashes' local counsel in Texas, Howard Steele and Charles Sturm, were physically present at the conference, which I understand occurred in Judge Hughes' chambers and without a court reporter present (counsel were not asked to state their appearances for the record).

9.      At the outset of the conference, and after making several comments suggesting that the Court believed that Xtended Beauty had commenced this action in anticipation of being sued in Texas, Judge Hughes asked me if we were willing to voluntarily dismiss the California action in favor of Xtreme Lashes' later-filed Texas action. I advised Judge Hughes that we would not do so, and believed that jurisdiction was proper in this Court. Judge Hughes then asked about the parties' respective businesses and Xtended Beauty's business contacts in Texas. The conference lasted approximately ten or fifteen minutes.

10.     At the conclusion of the conference, Judge Hughes *sua sponte* ordered Xtended Beauty to provide certain information to Xtreme Lashes' counsel regarding its business by the following day, August 28, 2007, which he later memorialized in an Order. Although the Order is dated August 27, 2007, we did not receive it until the morning of August 30, the day after we provided the information that we understood from the conference needed to be sent to Xtreme Lashes' counsel. A true and correct copy of Judge Hughes' Order is attached hereto as Exhibit "B". The Order requires Xtended Beauty to provide a "list of the categories of products it sells and what percentage of its gross revenue the category represents," and a "report of how much business it does in Texas." Judge Hughes did not order Xtreme Lashes to provide any information to Xtended Beauty.

11.     We provided Xtreme Lashes' counsel with the information requested in two letters dated August 28 and August 31, 2007. In each letter, we wrote that by providing this information, which it was doing under protest, Xtended Beauty was not making an appearance of any kind, and thus was not waiving either the right to move to dismiss the Texas action, including on the grounds of lack of personal jurisdiction and/or improper venue, or the right to move to transfer the action to this Court.

12. The Texas case is not at issue. Xtended Beauty's first responsive pleading is not due until September 28, 2007. There also has been no early meeting of counsel, Initial Disclosures have not been exchanged, and no discovery has been propounded. No documents have been produced; counsel merely responded, in two letters dated August 28 and August 31, 2007, to Judge Hughes' Order.

13. Defendants filed their Supplemental Memorandum in support of their motion to dismiss on August 28, 2007 at 9:48 p.m., which was *after* Judge Hughes' conference on August 27, *after* he issued his August 27 order, and *after* Xtended Beauty sent its first letter to Xtreme Counsel in the afternoon of August 28.

14. On the morning of Thursday, September 13, 2007, we received a telephone call from Xtended Beauty's Texas counsel asking if we would stipulate to an order shortening time for a hearing on an "Objection" that Defendants' intended to file that day challenging this Court's jurisdiction. This was *before* Judge Hughes issued his September 13, 2007 Order asking the parties to explain why the Texas action should not be dismissed in favor of the California action. Attached hereto as Exhibit "C" is an series of subsequent emails between Plaintiff's counsel and Defendants' counsel regarding Defendants' motion and "Objection."

15. On September 13, 2007 at 2:40 p.m. my associate John Chatowski received an email from Defendants' Texas counsel, Charles Sturm, renewing their request that we stipulate to an expedited hearing on their objection, which he said they intended to file later than day. (*See* Exhibit "C" hereto.)

16. Responding to his 2:40 p.m. email, Mr. Chatowski wrote to Mr. Sturm that we were not in a position to stipulate to the relief they were seeking because he had not provided us with a copy of Defendants' motion for an expedited hearing or their Objection, nor had he told us when he wanted their objection heard or why it needed to be heard on shortened time. (*See* Exhibit "C" hereto.)

17. Responding to his 3:22 p.m. email, Defendants' local counsel Scott Raber wrote to my associate John Chatowski, proposing that Plaintiffs' opposition to their objection be due on

SF #1359572 v1                                    -3-

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO
HEAR OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

1   Friday, September 21, with Defendants' reply brief due September 24, and "with the Court to

2   schedule a hearing as it sees fit after that." (*See* Exhibit "C" hereto.)

3        18.     Responding to his 5:35 p.m. email, Mr. Chatowski wrote to Mr. Raber that without

4   seeing Defendants' "Objection" and motion, and understanding the reason(s) why Defendants

5   believe the objection needs to be heard on shortened time, we could not agree to a shortened

6   schedule. (*See* Exhibit "C" hereto.) Mr. Chatowski, therefore, asked Mr. Raber to send him

7   Defendants' pleadings and stated that we would get back to him the following day in response to

8   his proposal.

9        19.     We received no response to Mr. Chatowski's email message. Instead, on Friday,

10   September 14, 2007 at 4:40 p.m., we were served electronically with Defendants' motion for an

11   order shortening time and the proposed "Objection."

12        20.     Attached hereto as Exhibit "D" is a true and correct copy of Xtreme Lashes'

13   "Motion to Delay Dismissal" filed on September 17, 2007 in the Texas action. By way of that

14   "Motion," Defendants are asking the Texas court to "delay any further action in [the Texas] matter

15   until the California court rules on [Defendants' Objection]."

16        21.     Attached hereto as Exhibit "E" is a true and correct copy of a September 18, 2007

17   Order from the Texas Court.

18        I declare under penalty of perjury that the foregoing is true and correct.

19        Executed this 18th day of September, 2007, in San Francisco, California.

20

21                           /s/ Robert A. Weikert
                             Robert A. Weikert

22

23

24

25

26

27

28

DECLARATION OF ROBERT A. WEIKERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SHORTEN TIME TO
HEAR OBJECTION TO THE COURT'S JURISDICTION (CASE NO C 07-03391 MJJ)

# EXHIBIT C

1   E. JEFFREY BANCHERO (SBN 93077)
    SCOTT R. RABER (SBN 194924)
2   KASTNER | BANCHERO LLP
    20 California Street, 7th Floor
3   San Francisco, California 94111
    Telephone: (415) 398-7000
4   Facsimile: (415) 616-7000
5   Mr. Banchero's email: ejb@kastnerbanchero.com
    Mr. Raber's email:  srr@kastnerbanchero.com
6
7   Howard L. Steele (Texas SBN 24002999)
    Charles A. Sturm (Texas SBN 24003020)
8   (admitted *pro hac vice*)
    STEELE STURM, PLLC
9   1000 Louisiana, Suite 3780
    Houston, Texas 77002
10  Telephone: (713) 659-2600
11  Facsimile: (713) 659-2601
    Mr. Steele's email:  hsteele@steelesturm.com
12  Mr. Sturm's email:  csturm@steelesturm.com

13  Attorneys for Defendants
    XTREME LASHES, LLC and JOUMANA MOUSSELLI
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17
    XTENDED BEAUTY, INC., a California      )    CASE NO. C 07-03391 MJJ
18  Corporation,                            )
                                            )    **DECLARATION OF CHARLES A.**
19              Plaintiff(s),               )    **STURM IN SUPPORT OF**
                                            )    **DEFENDANTS' REPLY TO**
20       v.                                 )    **PLAINTIFF'S OPPOSITION TO**
                                            )    **DEFENDANTS' MOTION**
21  XTREME LASHES, LLC, a Texas Limited     )    **PURSUANT TO CIV. L.R. 6-3 TO**
22  Corporation; and JOUMANA MOUSSELLI, an  )    **SHORTEN TIME TO HEAR**
    Individual,                             )    **DEFENDANTS' OBJECTION TO**
23                                          )    **THE COURT'S JURISDICTION**
                Defendant(s).               )    **PURSUANT TO THE**
24                                          )    **DECLARATORY JUDGEMENT**
                                            )    **ACT**
25                                          )
                                            )
26  _____  )

27                                  - 1 -
28  _____
    DECLARATION OF CHARLES A. STURM IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
    TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS'
    OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT

1      1.    I am a member of the State Bar of Texas and am admitted to this Court *pro hac*
2    *vice*. I am a partner at the firm Steele Sturm, P.L.L.C and counsel of record for Xtreme Lashes,
3    L.L.C. and Joumana Mouselli (collectively "Defendants"). Except as otherwise indicated, the
4    following is based on my own personal knowledge, and if called upon to testify thereto, I could
5    and would competently do so.

6      2.    I have personally attended more than two dozen pretrial conferences in Judge
7    Hughes's Court. It is not unusual for Judge Hughes to call a *sua sponte* pretrial conference for the
8    parties. Additionally, the pre-trial conferences that I have attended in Judge Hughes's Court have
9    all taken place in his chambers without the presence of a court reporter. It is customary for Judge
10    Hughes's law clerks to prepare the conference memorandum immediately after the hearing.

11
12      3.    Moreover, *sua sponte* discovery orders are not out of the ordinary in Judge
    Hughes's Court. Less than a year ago, I received a *sua sponte* discovery order from Judge Hughes
13
    requiring me to provide voluminous discovery, not in my possession, to opposing counsel within
14
    three days. Attached hereto as Exhibit "C-1" is a true and correct copy of an order I received in
15
    Judge Hughes's Court in an unrelated matter. The opposing party was not required to provide any
16
    discovery in return. *Id.* Further, in the same pre-trial conference, Judge Hughes dismissed three
17
    defendants without notice or a request from Defendants. *See* Exhibit C-1.
18
    I declare under penalty of perjury that the foregoing is true and correct.
19
    Executed this 26th day of September 2007, in Houston, Texas
20
21
                      By:  /s/ Charles A. Sturm
22                           Charles A. Sturm
23
24
25
26
27
28

DECLARATION OF CHARLES A. STURM IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION PURSUANT TO CIV. LR. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS'
OBJECTION TO THE COURT'S JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT

# EXHIBIT C-1

Case 3:07-cv-03391-MJJ     Document 37-6     Filed 10/09/2007     Page 26 of 27

Case 3:07-cv-03391-MJJ     Document 32-2     Filed 09/26/2007     Page 17 of 17
Case 4:06-cv-02291     Document 17     Filed 11/13/2006     Page 1 of 1

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

*Robert Holmes*

versus                                          CIVIL ACTION H- *06-2291*

*Verizon Wireless, et al.*

Conference Memorandum

Counsel:                           Representing:

*Charles Strum*                    *P. Robert Holmes*
*Charlene Carolina*

*Luthie White*                     *Ds. Verizon, Sears &*
*Peter Stuhadreher*                *Johnson*

Date: *November 13, 2006*          Reporter:
Started: *10:15 am*                Ended: *10:45 am*

At the conference, these rulings were made:

*Verizon Wireless, JoAnn Sears and Vernon Johnson are dismissed.*
*Robert Holmes will obtain his medical records and share them*
*with Verizon Wireless Texas, LLC by Thursday, November 16, 2006.*

- [ ] Order to be entered.
- [ ] Trial preparation to be completed by: _____, 200__.
- [x] A pretrial conference is set for: *Monday, 10:30 am, November 20*, 200*6*.
- [ ] A hearing is set for: _____ on _____, 200__.
- [ ] A trial is set for : _____ on _____, 200__.
  - [ ] Bench   [ ] Jury (Estimated time at 5.5 hours a day _____).
- [ ] Joint Pretrial Order due: _____, 200__.
- [ ] Review deadline _____, 200__.

Lynn N. Hughes
United States District Judge

## PROOF OF SERVICE

I am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the within action. My business address is 1000 Louisiana St., Suite 3780, Houston, Texas 77002.

On September 26, 2007, I served the foregoing instrument as described as **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO CIV. L.R. 6-3 TO SHORTEN TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT** on the interested parties in this action by electronic mail when email addresses are available, or by placing true copies thereof enclosed in sealed envelopes for delivery by first-class, United States mail as follows:

> Robert A. Weikert
> Veronica Colby Devitt
> THELEN REID BROWN RAYSMAN & STEINER, LLP
> 101 Second Street, Suite 1800
> San Francisco, California 94105

I declare that I am employed in the office of Steele Sturm, PLLC and am a member of the State Bar of Texas.

Executed on September 26, 2007, at Houston, Harris County, Texas.


/s/ *Charles A. Sturm*
Charles A. Sturm