# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XTREME LASHES LLC AND JOUMANA MOUSSELLI, | § § § § § § § § § § § | CIVIL ACTION NO. H 07-2460 |
| Plaintiffs | | |
| V. | | |
| XTENDED BEAUTY INC. | | |
| Defendant. | | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF FILING IN THE PARALLEL ACTION

In the California suit, Plaintiffs in this action, Xtreme Lashes *et al.*, filed an improper "Reply" to a motion, and then filed in this Court a "Notice of Filing in the Parallel Action" in which they attach a copy of the improper "Reply." According to Plaintiffs, they filed their "Notice" "so that the [Texas] Court is aware of the discourse in the pending California action."

The "Reply" submitted by Xtreme Lashes in the California action was improper since the Local Rules in California do not permit reply briefs in support of motions for an order shortening time.[1] Thus, it is apparent that the purpose of the "Reply" was to provide Xtreme Lashes with a vehicle for making false and outrageous accusations about Xtended Beauty's depiction of the proceedings in the Texas action, which Xtreme Lashes could then file in this Court.

A plain reading of the papers Xtended Beauty submitted in the California action in opposition to Xtreme Lashes' motion makes absolutely clear that Xtended Beauty never stated or implied that the Texas Court (or Xtreme Lashes' Texas counsel) had done anything improper. Rather, Xtended Beauty did nothing more than accurately describe the proceedings in the Texas action to date to refute Xtreme Lashes' representations to the California court that:

---

[1] Indeed, the California Court denied Xtreme Lashes' motion for an order shortening time the morning after Xtreme Lashes filed its "Reply" brief, and without making any reference to it. A copy of the Court's order is attached hereto as Exhibit 1.

1

Xtreme Lashes' "Objection" to jurisdiction needed to be heard on shortened time because its suit in the Southern District of Texas has been "active,"

A formal "pre-trial conference" had taken place,

"[D]iscovery" was underway,

Xtended Beauty had already "produced some documents," and

All of this activity had occurred "after all briefing was completed on [Xtreme Lashes' original] Motion to Dismiss."

(See Xtreme Beauty's Motion, 2:14-19.) Of course, all of these assertions were false.[2] Xtreme Lashes has taken the innocuous statements of fact from Xtended Beauty's papers in the California action, presented them out of context, and twisted them in an effort to suggest that Xtended Beauty and its counsel were impugning the integrity of this Court. Nothing could be further from the truth.

---

[2] Xtended Beauty only used the term "unusual" to describe the August 27, 2007 conference call initiated by the Court because, as Xtreme Lashes' California counsel knows, it is unusual for the federal courts in California to hold conferences with the parties (or order a party to produce information to another party) prior to the case being at issue and all parties making an appearance. Likewise, conferences in the Northern District of California are generally held with court reporters present. Xtended Beauty meant nothing pejorative by these mere statements of fact, and indeed they are never presented as anything more in Xtended Beauty's papers.

Respectfully submitted,

*[signature]*

Paul C. Van Slyke
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717
SD Tex Bar. No. 531

Local Counsel for Defendant,
Xtended Beauty Inc.

Of Counsel

LOCKE LIDDELL & SAPP PLLC
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717

Local Counsel for Defendant,
Xtended Beauty Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Response to Plaintiffs' Notice of Filing In The Parallel Action has been served by First Class Mail, upon the plaintiff's attorney, Howard L. Steele, Jr., on this 28th day of September 2007.

*[signature]*

Paul C. Van Slyke



Case 3:07-cv-03391-MJJ    Document 33    Filed 08/27/2007    Page 1 of 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XTENDED BEAUTY,

    Plaintiff,

v.

XTREME LASHES,

    Defendant.

No. C07-03391 MJJ

**ORDER DENYING DEFENDANTS' MOTION TO SHORTEN THE TIME TO HEAR DEFENDANTS' OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION**

Before the Court is Defendants Xtreme Lashes, LLC ("Xtreme Lashes") and Joumana Mouselli's ("Mouselli," collectively "Defendants") Motion to Shorten the Time to Hear Defendant Objection to the Court's Exercise of Jurisdiction.[1] Defendants' Objection to the Court's Exercise of Jurisdiction is noticed for October 30, 2007.[2] Plaintiff Xtended Beauty ("Plaintiff") opposes the Motion.

Defendants request that the Court hear their Objection to the Court's Exercise of Jurisdiction on an expedited basis pursuant to Civil Local Rule 6-3. (Def.'s Motion at 2.) Civil Local Rule 6-3 requires Defendants to, inter alia, identify the substantial harm or prejudice that would occur if the Court did not expedite the proceeding. Defendants contend that this Court's findings on their Objection to the Court's Exercise of Jurisdiction will determine whether an action currently pending in Texas between the same parties should go forward.

---

[1] Docket No. 22.

[2] Docket No. 31.

Exhibit 1

4

HOUSTON: 0023968.00001 1207112v1

1      Plaintiff filed this action on June 28, 2007 in the Northern District of California. (Docket
2  No. 1.) A month later, Defendants filed suit against Plaintiff in the Southern District of Texas.
3  (Def.'s Motion at 2.) On September 7, 2007 this Court denied Defendants' Motion to Dismiss or, in
4  the alternative, Motion to Transfer venue. (Docket No. 21.) Shortly thereafter, the court in the
5  Southern District of Texas required the parties to submit briefing regarding whether the Texas case
6  should be dismissed. (Def.'s Motion at 2.) Defendants contend that they need this Court to review
7  their Objection to the Court's Exercise of Jurisdiction on an expedited basis or else their Texas case
8  will be dismissed.

9      Four days after Defendants filed this motion, however, the Judge presiding over the Texas
10  case delayed dismissal of the Texas case pending the resolution of the Defendant's Objection to the
11  Court's Exercise Jurisdiction before this Court. (Plf.'s Opp. Exh. E.) Defendants present no other
12  arguments regarding the substantial harm or prejudice they will face if the Court does not grant this
13  Motion. On the other hand, granting this Motion may prejudice Plaintiff by shortening Plaintiff's
14  time to respond to Defendant's Objection to the Court's Exercise of Jurisdiction. (Plf.'s Opp. at 3.)

15      The Court therefore finds that Defendants have not met their burden under Civil Local Rule
16  6-3 and accordingly DENIES Defendants' Motion to Shorten Time.

19  IT IS SO ORDERED.

22  Dated: September 26, 2007.

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

2

Exhibit 1