E. JEFFREY BANCHERO (SBN 93077)
SCOTT R. RABER (SBN 194924)
KASTNER │ BANCHERO LLP
20 California Street, 7th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Mr. Banchero's email: ejb@kastnerbanchero.com
Mr. Raber's email:  srr@kastnerbanchero.com

Howard L. Steele (Texas SBN 24002999)
Charles A. Sturm (Texas SBN 24003020)
(admitted *pro hac vice*)
STEELE STURM, PLLC
1000 Louisiana, Suite 3780
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601
Mr. Steele's email:  hsteele@steelesturm.com
Mr. Sturm's email:  csturm@steelesturm.com

Attorneys for Defendants
XTREME LASHES, LLC and JOUMANA MOUSSELLI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XTENDED BEAUTY, INC., a California Corporation,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>XTREME LASHES, LLC, a Texas Limited Corporation; and JOUMANA MOUSSELLI, an Individual,<br><br>　　　　　Defendant(s). | CASE NO. C 07-03391 MJJ<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGEMENT ACT**<br><br>Date:　October 30, 2007<br>Time:　9:00 a.m.<br>Judge: Hon. Martin J. Jenkins |

- 1 -
**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT (Case No. C07 -03391 MJJ)**

I.   **Plaintiff Incorrectly States the Standard for Deciding a Motion to Dismiss under the Declaratory Judgment Act; There Is No "Presumption" in Favor of the Court Exercising Jurisdiction**

Plaintiff correctly notes in its opposition briefing that there is no presumption in favor of abstention in declaratory actions. (Pl.'s Opp'n to Defs.' Objection at 3, citing *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).) However, from this premise, Plaintiff incorrectly argues that the corollary is also true—that there is a presumption *against declining jurisdiction*. (*Id*. at 3-4) (stating, in part, that the Court has an "*obligation* to exercise [its] jurisdiction," emphasis added.) Plaintiff also asserts that unless there is a parallel state proceeding, there must be a finding of "exceptional circumstances" to justify dismissal. (*Id*.) Plaintiff incorrectly states the standard in this case.

In *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802-03 (9th Cir. 2002), the appellant made an argument similar to the one advanced by Plaintiff in this case. The appellant there also argued that because there is no presumption in favor of abstention, a district court must retain jurisdiction "when there is no pending state action." *Id*. at 803. The Ninth Circuit rejected this argument:

> The fact that there is no presumption in favor of declining jurisdiction does not prove there is a presumption in favor of retaining jurisdiction. The simpler reading [of *Dizol*] is that the language merely affirms the well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court.

*Id*. The Ninth Circuit then went on to confirm that the *Brillhart* factors, though nonexhaustive, are the primary consideration for making that determination even when there is no pending state court action. *Id*.

Thus, contrary to the argument made by Plaintiff, Defendants do not need to present compelling evidence to overcome a presumption in favor of retaining jurisdiction.

## II. The Court Can and Should Decline Jurisdiction Even If It Finds that the Cease-And-Desist Letter Does Not Contain a Threat of Imminent Suit

Plaintiff admits in its Complaint that Defendants' June 19, 2007 letter contains "explicit threats of litigation." (Pl. Compl. Decl. Relief at ¶ 14.) However, the Court need not find that the threat was "imminent" in order to justify dismissal of this declaratory action. As Judge Feess of the Central District of California recently noted, a suit may still be "anticipatory" even if the cease-and-desist letter merely seeks a settlement and informs the party of the "possibility" of litigation if negotiations are not successful:

> Anticipatory suits are found when the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent, and are viewed with disfavor as examples of forum shopping and gamesmanship. *In addition, where a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations*, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first. *When a district court identifies any of the circumstances above*, it may, in its discretion, dismiss the first-filed action.

*Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188, 1192-93 (C.D.Cal. 2006) (internal citations and quotations omitted, emphasis added).

It is undisputed that Plaintiff's declaratory action was, at the very least, triggered by Defendants' "cease-and-desist" letter. (*See* Pl. Compl. Decl. Relief at ¶ 14.) Thus, this factor alone would justify the dismissal of this case in the exercise of the Court's sound discretion.

## III. Because Plaintiff's Declaratory Suit Was Filed *Before* the Deadline for Responding to the Cease-And-Desist Letter Expired, the Retention of this Case Will Encourage Needless Litigation

It is also undisputed that Plaintiff filed this declaratory action two days *before the deadline* given by Defendant for Plaintiff to respond to the cease-and-desist letter. (*Id*.) By filing suit before the deadline, Plaintiff deprived Defendant of the opportunity to file suit first, to be the plaintiff, and to be in the forum of its choosing. "The Declaratory Judgments Act should not be invoked to deprive a plaintiff the choice of forum and timing." *Mediostream, Inc. v. Priddis Music, Inc.*, Slip Copy 2007 WL 2790688 at * 2 (N.D.Cal. September 24, 2007).

Moreover, if the Court does not exercise its discretion and decline jurisdiction under these circumstances, no competent counsel in the Ninth Circuit will ever be able to advise a client to negotiate a trademark dispute without first filing a lawsuit. "Application of the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with an alleged infringer." *Z-Line Designs, Inc. v. Bell, LLC*, 218 F.R.D. 663, 665 (N.D.Cal. 2003); *See Charles Schwab & Co. v. Duffy*, 49 U.S.P.Q.2d 1862, 1864 (N.D.Cal. 1998); *Riviera Trading Corp. v. Oakley, Inc*. 944 F.Supp. 1150, 1158 (S.D.N.Y. 1996) (potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear of preemptive suit by defendant). Plaintiff simply should not be rewarded for racing to the courthouse before the deadline for responding in the cease-and-desist letter even expired.[1]

**IV.  The Fact that Defendant Filed Suit in Texas about One Month After this Suit Was Filed Does Not Prove that Defendant Had No Intention of Filing Suit**

Plaintiff's assertion that the fact that Defendants filed suit in Texas about one month after this suit "proves" that Defendants had no intention of filing suit is preposterous. Although Plaintiff filed suit on June 28, 2007, Defendants were not served until July 11. (*See* Certificate of Service of Summons, Docket Entry #9.) The Texas action was filed on July 27. (*See* Request for Judicial Notice, Docket Entry #11.) That about two weeks transpired for the Defendants to seek new litigation counsel and both file an answer to this case and file a new suit in Texas is not surprising. It certainly does not "prove" that Defendants had no intention of filing suit to protect their marks.

**V.  Conclusion**

For the reasons addressed in Defendants' Objection to the Court's Exercise of Jurisdiction Pursuant to the Declaratory Judgment Act and in this Reply, Defendants ask the court to sustain their objection and dismiss Plaintiff's suit in deference to the concurrently pending suit in the United States District Court for the Southern District of Texas.

---

[1] Defendants concede that if Plaintiff filed suit a reasonable time *after* the deadline, equity might not militate in favor of dismissal of the case.

| | | |
|---|---|---|
| 1 | DATED: October 16, 2007 | STEELE STURM, PLLC |
| 2 | | KASTNER \| BANCHERO LLP |
| 4 | | By: ____/s/ Charles A. Sturm_____ |
| 5 | | Charles A. Sturm<br>Attorneys for Defendants |
| 6 | | XTREME LASHES, LLC and<br>JOUMANA MOUSSELLI |

- 5 -
**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO OBJECTION TO THE COURT'S EXERCISE OF JURISDICTION PURSUANT TO THE DECLARATORY JUDGMENT ACT (Case No. C07 -03391 MJJ)**